IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> AT&T MOBILITY, LLC D/B/A CINGULAR ) <br> WIRELESS, HTC AMERICA, INC., HTC ) <br> CORP., KYOCERA WIRELESS CORP., ) <br> KYOCERA CORP., LG ELECTRONICS ) <br> USA, INC., LC ELECTRONICS, INC., ) <br> MOTOROLA, INC., NOKIA, INC., NOKIA ) <br> CORP., PALM, INC., RESEARCH IN ) <br> MOTION CORP., RESEARCH IN MOTION ) <br> LTD., SPRINT SPECTRUM L.P., D/B/A ) <br> SPRINT PCS, T-MOBILE USA, INC., and ) <br> CELLCO PARTNERSHIP, D/B/A VERIZON ) <br> WIRELESS, ) <br> ) <br> Defendants. | C.A. No. 08-140-GMS <br><br> JURY TRIAL DEMANDED |

**DEFENDANT KYOCERA WIRELESS CORP.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Kyocera Wireless Corp. ("KWC"), by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of FlashPoint Technology, Inc.'s ("FlashPoint's") Original Complaint for Patent Infringement, filed on March 7, 2008, as follows:

**NATURE OF THE ACTION**

1. KWC admits that this purports to be a patent infringement action and that FlashPoint's Prayer for Relief requests injunctive and monetary relief. KWC admits that U.S. Patent No. 6,118,480 ("the '480 patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes." KWC admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing

Data and Image Data Within a Digital Camera Device." KWC admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts." KWC admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device." KWC admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera." KWC admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars." KWC admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device." KWC denies that it has infringed the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit"). KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore denies them.

## PARTIES

2. On information and belief, KWC admits that the Delaware Division of Corporations lists FlashPoint Technology, Inc. as a corporation organized under the laws of Delaware and that FlashPoint purports to have its corporate headquarters at 20 Depot St., Suite 2A, Peterborough, New Hampshire 03458. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 and therefore denies them.

3. The allegations in Paragraph 3 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them.

4. The allegations in Paragraph 4 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies them.

5. The allegations in Paragraph 5 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6. Admitted.

7. Admitted.

8. The allegations in Paragraph 8 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9. The allegations in Paragraph 9 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10. The allegations in Paragraph 10 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11. The allegations in Paragraph 11 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. The allegations in Paragraph 12 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

DB02:6705495.1                                                                                                                                         900002.0008

13.  The allegations in Paragraph 13 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14.  The allegations in Paragraph 14 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies them.

15.  The allegations in Paragraph 15 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

16.  The allegations in Paragraph 16 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

17.  The allegations in Paragraph 17 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18.  The allegations in Paragraph 18 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

## JURISDICTION AND VENUE

19.  KWC admits that this action purports to arise under the United States Patent Laws, 35 U.S.C. § 1 *et seq.* and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20. KWC admits that it transacts business in the State and District of Delaware and is subject to the personal jurisdiction of this Court. KWC denies that it has committed acts of infringement in Delaware or elsewhere.

21. The allegations of Paragraph 21 are ambiguous, including as to the meaning of the phrase "to capture, process and view digital images." As a result, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. KWC admits that venue is proper in this District under 28 U.S.C. § 1391. KWC denies that venue is proper in this District under 28 U.S.C. § 1400(b).

23. KWC admits that it resides in this District for purposes of venue as it is subject to personal jurisdiction in this District. KWC admits that conducts business, solicits business, and provides services in this District. KWC denies the remaining allegations of paragraph 23.

## COUNT I—PATENT INFRINGEMENT

24. KWC admits that the United States Patent and Trademark Office ("PTO") issued the '480 patent on September 12, 2000, that Eric C. Anderson, Steve Saylor, and Amanda R. Mander are the listed inventors of the '480 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '480 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 and therefore denies them.

25. KWC admits that the PTO issued the '956 patent on January 23, 2001, that Eric C. Anderson and Mike M. Masukawa are the listed inventors of the '956 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '956 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore denies them.

DB02:6705495.1       900002.0008

26. KWC admits that the PTO issued the '538 patent on April 24, 2001, that Eric C. Anderson is the listed inventor of the '538 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '538 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27. KWC admits that the PTO issued the '190 patent on April 24, 2001, that Tim Takao Aihara and Rodney Somerstein are the listed inventors of the '190 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '190 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and therefore denies them.

28. KWC admits that the PTO issued the '316 patent on June 19, 2001, that Eric C. Anderson is the listed inventor of the '316 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '316 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 and therefore denies them.

29. KWC admits that the PTO issued the '914 patent on November 26, 2002, that Eric C. Anderson is the listed inventor of the '914 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '914 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30. KWC admits that the PTO issued the '575 patent on January 7, 2003, that Michael A. Ramirez and Eric C. Anderson are the listed inventor of the '575 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '575 patent. KWC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 and therefore denies them.

DB02:6705495.1    900002.0008

31. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

34. The allegations of Paragraph 34 are ambiguous, including as to the meaning of the phrase "digital image devices." As a result, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them.

35. KWC denies that it practices inventions covered by one or more of the patents-in-suit. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 as they pertain to other Defendants and therefore denies them.

36. The allegations in Paragraph 36 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore denies them.

37. The allegations in Paragraph 37 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.

38. The allegations in Paragraph 38 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them.

39. Denied.

40. The allegations in Paragraph 40 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41. The allegations in Paragraph 41 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies them.

42. The allegations in Paragraph 42 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies them.

43. The allegations in Paragraph 43 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies them.

44. The allegations in Paragraph 44 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and therefore denies them.

45. The allegations in Paragraph 45 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore denies them.

46. The allegations in Paragraph 46 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and therefore denies them.

47.   The allegations in Paragraph 47 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore denies them.

48.   The allegations in Paragraph 48 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies them.

49.   The allegations in Paragraph 49 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and therefore denies them.

50.   The allegations in Paragraph 50 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them.

51.   The allegations in Paragraph 51 are directed to other Defendants. To the extent that a response is required, KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies them.

52.   KWC denies that any of its activities have required authority and/or license from FlashPoint. KWC further denies that its activities have been without authority and/or license from FlashPoint. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 as they pertain to other Defendants and therefore denies them.

53.   KWC denies that it has committed any wrongful acts and denies that FlashPoint is entitled to recover damages from KWC. KWC lacks knowledge or information sufficient to

form a belief about the truth of the allegations in Paragraph 53 as they pertain to other Defendants and therefore denies them.

54. KWC denies that it has infringed the patents-in-suit and denies that it has done so willfully and deliberately. KWC further denies that it has committed inducement or contributory infringement of the patents-in-suit and denies that it has done so willfully and deliberately. KWC denies that FlashPoint is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 US.C. § 285 with respect to KWC. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 as they pertain to other Defendants and therefore denies them.

55. KWC denies that it has infringed FlashPoint's exclusive rights under one or more of the patents-in-suit. KWC further denies that it has caused damage or irreparable harm to FlashPoint for which there is no adequate remedy at law. KWC denies that it should be enjoined by this Court. KWC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 as they pertain to other Defendants and therefore denies them.

## JURY DEMAND

56. KWC demands a trial by jury on all issues so triable.

57. KWC denies all other allegations not otherwise specifically addressed in its Answer.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, KWC asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each cause of action therein, fails to state any claims against KWC upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

FlashPoint lacks standing to assert the allegations of the Complaint because, among other things and without limitation, it is not the owner of some or all of the patented inventions.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement)

KWC has not directly infringed, indirectly infringed, contributed to, or induced the infringement of any valid, assertable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §§ 271 or 281.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

By reason of the proceedings in the PTO, including the prosecution of the applications which resulted in the patents-in-suit, and by reason of elections, positions, concessions, representations, and statements therein taken or made by or on behalf of the applicants for such patents, FlashPoint is estopped from construing the claims of the patents in suit, even if it were otherwise possible, to cover and include any products made, used, or sold by KWC or any acts by KWC.

### FIFTH AFFIRMATIVE DEFENSE

(Invalidity)

Claims of the patents-in-suit are void, invalid, and unenforceable for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SIXTH AFFIRMATIVE DEFENSE

(Patent Misuse)

FlashPoint is not entitled to the relief it seeks against KWC in the Complaint on the grounds that the patents-in-suit are unenforceable for misuse of the patents by FlashPoint, its subsidiaries, and/or affiliate entities.

### SEVENTH AFFIRMATIVE DEFENSE

(Laches)

FlashPoint is estopped from asserting the patents-in-suit against KWC to the extent that it unreasonably delayed in filing suit against KWC.

### EIGHTH AFFIRMATIVE DEFENSE

(Damages Barred by Lack of Notice)

FlashPoint's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287(a).

### NINTH AFFIRMATIVE DEFENSE

(Costs Unavailable)

On information and belief, FlashPoint is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## TENTH AFFIRMATIVE DEFENSE

### (Pre-Suit Investigation)

On information and belief, FlashPoint is precluded from recovery and/or subject to sanctions under Fed. R. Civ. P. 11 for failure to comply with its obligations to conduct an adequate pre-suit investigation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Miscellaneous)

KWC reserves the right to assert any other defenses that discovery may reveal.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

KWC for its Counterclaim alleges as follows and hereby demands a jury trial on all issues so triable:

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '480, '956, '538, '190, '316, '914, AND '575 PATENTS

1. KWC incorporates and realleges paragraphs 1-57 of its Answer and its affirmative defenses.

2. By its Complaint, FlashPoint alleges that KWC has infringed the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit"), and that as the owner of the patents-in-suit, it is entitled to relief for KWC's alleged infringement of the patents. KWC has denied these allegations and contends that it does not infringe the patents-in-suit or any valid asserted claim thereof. A justiciable controversy therefore exists between FlashPoint and KWC. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

3. By this Counterclaim, KWC seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the patents-in-suit or any valid asserted claim thereof.

4. A judicial declaration is necessary and appropriate at this time in order that KWC may ascertain its rights and duties with respect to the patents-in-suit.

### DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '480, '956, '538, '190, '316, '914, AND '575 PATENTS

5. KWC incorporates and realleges paragraphs 1-57 of its Answer, each of its defenses, and paragraphs 1-4 of its Counterclaim.

6. By its Complaint, FlashPoint alleges that the patents-in-suit are valid and enforceable. KWC has denied these allegations and contends that the patents-in-suit are void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between FlashPoint and KWC with respect to this issue. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

7. By this Counterclaim, KWC seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the patents-in-suit are void, unenforceable, and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

8. A judicial declaration is necessary and appropriate at this time in order that KWC may ascertain its rights and duties with respect to the patents-in-suit.

### DEMAND FOR JURY TRIAL

9. KWC demands a trial by jury of any and all issues triable as of right by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, KWC requests that the Court award the following relief:

A. Dismiss FlashPoint's Complaint with prejudice and find that FlashPoint takes nothing by its claims;

B. Enter judgment in favor of KWC and against FlashPoint on all claims in the Complaint;

C. Declare that KWC has not infringed the patents-in-suit or any valid asserted claim therein;

D. Declare that the patents-in-suit, or some or all of the claims therein, are void, invalid and unenforceable;

E. Enjoin FlashPoint, its assigns, and all those in privity therewith from asserting the patents-in-suit against KWC or any of its customers or suppliers;

F. Find this case an exceptional case and award KWC attorneys' fees and costs (including expert fees) under 35 U.S.C. § 285; and

G. Grant such other and further relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:

MORRISON & FOERSTER LLP
David C. Doyle
M. Andrew Woodmansee
Greg Reilly
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
ddoyle@mofo.com

/s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
1000 West Street
Brandywine Building, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

Dated: March 31, 2008

*Attorneys for KYOCERA WIRELESS CORP.*

DB02:6705495.1                                                                                                    900002.0008

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 31, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>David J. Margules, Esquire
>Bouchard Margules & Friedlander P.A.
>222 Delaware Avenue, Suite 1400
>Wilmington, DE 19801

I further certify that on March 31, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

>Patrick J. Coughlin, Esquire [patc@csgrr.com]
>Michael J. Dowd, Esquire [miked@csgrr.com]
>Ray A. Mandlekar, Esquire [rmandlekar@csgrr.com]
>Coughlin Stoia Geller Rudman Robbins LLP
>655 West Broadway, Suite 1900
>San Diego, CA 92101
>
>John F. Ward, Esquire [wardj@wardolivo.com]
>John W. Olivo, Jr., Esquire [olivoj@wardolivo.com]
>David M. Hill, Esquire [hilld@wardolivo.com]
>Ward & Olivo
>380 Madison Avenue
>New York, NY 10017

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Karen E. Keller*
_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

.

2