**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-140-GMS |
| | ) | |
| AT&T MOBILITY, LLC, D/B/A CINGULAR | ) | **JURY TRIAL DEMANDED** |
| WIRELESS, HTC AMERICA, INC., HTC CORP., | ) | |
| KYOCERA WIRELESS CORP., KYOCERA CORP., | ) | |
| LG ELECTRONICS USA, INC., LG ELECTRONICS, | ) | |
| INC., MOTOROLA, INC., NOKIA, INC., NOKIA | ) | |
| CORP., PALM, INC., RESEARCH IN MOTION | ) | |
| CORP., RESEARCH IN MOTION LTD., SPRINT | ) | |
| SPECTRUM L.P., D/B/A SPRINT PCS, T-MOBILE | ) | |
| USA, INC., and CELLCO PARTNERSHIP, D/B/A | ) | |
| VERIZON WIRELESS, | ) | |
| | ) | |
| Defendants. | ) | |

**CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S ANSWER TO
PLAINTIFF'S COMPLAINT**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") by

way of Answer to Plaintiff's Complaint, says:

**NATURE OF THE ACTION**

1.      Paragraph 1 contains conclusions of law and not averments of fact to

which an answer is required, but insofar as an answer may be deemed required, Verizon

Wireless denies the allegations contained in paragraph 1.

**THE PARTIES**

2.      Paragraph 2 contains conclusions of law and not averments of fact to

which an answer is required, but insofar as an answer may be deemed required, Verizon

Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Verizon Wireless denies that it is a corporation organized and existing under the laws of the State of Delaware.  Cellco Partnership d/b/a Verizon Wireless is a general partnership organized and existing under the laws of the State of Delaware and it has its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.

## JURISDICTION AND VENUE

19.     Verizon Wireless admits that this action for infringement purports to arise under the Patent Laws of the United States, Title 35, United States Code.  Verizon

Wireless admits that this Court has jurisdiction over this subject matter based upon the Patent Laws of the United States, Title 35, United States Code, and by Title 28, United States Code, § 1338(a).

20.     Paragraph 20 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits only that based on the allegations in the Complaint, Verizon Wireless is subject to personal jurisdiction of this Court for this matter.

21.     Paragraph 21 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 21 to the extent the terminology used within Paragraph 21 relates to any valid, enforceable claim of the patents asserted by Plaintiff in this action.

22.     Paragraph 22 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits only that venue may be established in this Court under 28 U.S.C. § 1391.

23.     Paragraph 23 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits only that venue may be established in this Court under 28 U.S.C. § 1391.

## **THE PATENTS IN SUIT**

24.     Verizon Wireless admits that on its face, United States Patent No. 6,118,480 lists Plaintiff as the sole assignee and an issuance date of September 12, 2000.

The remainder of Paragraph 24 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Verizon Wireless admits that on its face, United States Patent No. 6,177,956 lists Plaintiff as the sole assignee and an issuance date of January 23, 2001. The remainder of Paragraph 25 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Verizon Wireless admits that on its face, United States Patent No. 6,222,538 lists Plaintiff as the sole assignee and an issuance date of April 24, 2001.  The remainder of Paragraph 26 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Verizon Wireless admits that on its face, United States Patent No. 6,223,190 lists Plaintiff as the sole assignee and an issuance date of April 24, 2001.  The remainder of Paragraph 27 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Verizon Wireless admits that on its face, United States Patent No. 6,249,316 lists Plaintiff as the sole assignee and an issuance date of June 19, 2001. The remainder of Paragraph 28 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Verizon Wireless admits that on its face, United States Patent No. 6,486,914 lists Plaintiff as the sole assignee and an issuance date of November 26, 2002. The remainder of Paragraph 29 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Verizon Wireless admits that on its face, United States Patent No. 6,504,575 lists Plaintiff as the sole assignee and an issuance date of January 7, 2003. The remainder of Paragraph 30 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.    Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.    Verizon Wireless admits that cameras are integrated in certain cellular telephones, but lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35.    Verizon Wireless denies that it infringes any valid enforceable claim of any patent asserted by Plaintiff in this lawsuit.  Verizon Wireless lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36.    Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.    Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.    Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.    Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.    Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.     Paragraph 51 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of any patent asserted by Plaintiff in this action, contributing to the infringement of any valid enforceable claim of any patent asserted by Plaintiff in this action, and/or inducing the infringement of any valid enforceable claim of any patent asserted by Plaintiff in this action.

52.     Verizon Wireless denies the allegations contained in paragraph 52 with respect to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53.     Paragraph 53 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that Plaintiff is entitled to recover any alleged damages from Verizon Wireless.  Verizon Wireless lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53.

54.     Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     Paragraph 55 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that Plaintiff is irreparably harmed as a result of any actions by Verizon Wireless and denies that Plaintiff is entitled to any injunctive relief against Verizon

Wireless from this Court.  Verizon Wireless lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55.

## VI.  JURY DEMAND

56.    Verizon Wireless respectfully demands a trial by jury on all issues so triable.

## VII.  AFFIRMATIVE DEFENSES

57.    To the extent not expressly admitted, Verizon Wireless denies each and every allegation in the Complaint.

58.    The Complaint fails to state a claim upon which relief can be granted.

59.    The patents in suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

60.    Verizon Wireless's actions with respect to the importation, use, sale or offer for sale of services or products or any other accused activity do not directly or indirectly infringe, contribute to the infringement or induce the infringement of any properly construed, valid and/or enforceable claims of the patents in suit.

61.    As and for a separate affirmative defense, Verizon Wireless alleges on information and belief that any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement to Verizon Wireless.

62.     Verizon Wireless reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable law and rules.

## PRAYER FOR RELIEF

WHEREFORE, Verizon Wireless prays this Court enter judgment:

A.     dismissing the Complaint with prejudice and denying each and every prayer for relief contained therein;

B.     declaring that none of the asserted claims of the asserted patents are directly or indirectly infringed by the importation, use, sale or offer for sale of any of Verizon Wireless's services or products or any other activity attributable to Verizon Wireless, either literally or under the doctrine of equivalents;

C.     declaring that asserted claims of the asserted patents are invalid and/or unenforceable;

D.     declaring that Plaintiff is not entitled to any injunctive relief against Verizon Wireless;

E.     declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Verizon Wireless; and

G.     granting Verizon Wireless such further relief as this Court may deem necessary, just or proper.

ASHBY & GEDDES

*/s/ John G. Day*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant Cellco
Partnership d/b/a Verizon Wireless*

*Of Counsel:*

James H. Wallace, Jr.
Kevin P. Anderson
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
jwallace@wileyrein.com
kanderson@wileyrein.com

Dated:  April 30, 2008