`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | |
| Plaintiff, | |
| v. | |
| AT&T MOBILITY, LLC, D/B/A CINGULAR WIRELESS, HTC AMERICA, INC., HTC CORP., KYOCERA WIRELESS CORP., KYOCERA CORP., LG ELECTRONICS USA, INC., LG ELECTRONICS, INC., MOTOROLA, INC., NOKIA, INC., NOKIA CORP., PALM, INC., RESEARCH IN MOTION CORP., RESEARCH IN MOTION LTD., SPRINT SPECTRUM L.P., D/B/A SPRINT PCS, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, | CIVIL ACTION NO. 08-140-GMS JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANT LG ELECTRONICS USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

LG Electronics USA, Inc. ("LGU") responds to Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Original Complaint for Patent Infringement ("Complaint"), in accordance with the numbered paragraphs thereof, as follows. All allegations of fact and conclusions of law contained in Plaintiffs' Complaint are denied, except those specifically admitted herein:

**NATURE OF THE ACTION**

1.     LGU admits that this purports to be a patent infringement action and that FlashPoint is seeking injunctive relief and monetary damages.  LGU admits that U.S. Patent No. 6,118,480 ("the '480 patent) is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes."  LGU admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device."  LGU admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled Directing Image Capture Sequences in a Digital Imaging Device Using Scripts."  LGU admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device."  LGU admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera."  LGU admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars."  LGU admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device."   On information and belief, LGU denies that it infringes or has infringed the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit").  LGU is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies these allegations.

## THE PARTIES

2.     LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies these allegations.

3.     LGU states that paragraph 3 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies these allegations.

4.     LGU states that paragraph 4 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies these allegations.

5.     LGU states that paragraph 5 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies these allegations.

6.     LGU states that paragraph 6 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies these allegations.

7.     LGU states that paragraph 7 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies these allegations.

8.     LGU states that it is an incorrectly named party, and it has so advised counsel for FlashPoint.  LGU is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  LGU admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

9.     LGU admits that LG Electronics, Inc. is the parent of LGU.  LG Electronics, Inc. is a corporation organized and existing under the laws of Korea with its principal place of business located at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu Seoul, Korea 150-721.

10.     LGU states that paragraph 10 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies these allegations.

11.     LGU states that paragraph 11 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies these allegations.

12.     LGU states that paragraph 12 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies these allegations.

13.    LGU states that paragraph 13 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies these allegations.

14.    LGU states that paragraph 14 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies these allegations.

15.    LGU states that paragraph 15 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies these allegations.

16.    LGU states that paragraph 16 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies these allegations.

17.    LGU states that paragraph 17 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies these allegations.

18.    LGU states that paragraph 18 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies these allegations.

JURISDICTION AND VENUE

19.    LGU admits that this action purports to arise under the Patent Laws of the Untied States, 35 U.S.C. § 1, *et seq.*  LGU does not contest this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.    LGU admits that it transacts business in the State and District of Delaware and is subject to the personal jurisdiction of this Court.  LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  On information and belief, LGU denies that it has committed acts of infringement within the State of Delaware, the District of Delaware or elsewhere.  To the extent that paragraph 20 relates to other defendants, LGU states that no response is required of LGU. To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies these allegations.

21.    The allegations of paragraph 21 are ambiguous, including as to the meaning of the phrase "to capture, process and view digital images."  As a result, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies these allegations.  To the extent that the allegations of paragraph 21 relate to cellular telephones, LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view

digital images and, therefore, denies these allegations.  To the extent that paragraph 21 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and, therefore, denies these allegations.

22.    LGU admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

23.    LGU admits that it resides in this District for purposes of venue as it is subject to personal jurisdiction in this district.  LGU admits that it solicits business, provides services and conducts business in this District.  LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  On information and belief, LGU denies that it has committed acts of infringement in this District and denies that it has encouraged others to practice infringing methods in this District.  To the extent that paragraph 23 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies these allegations.

## COUNT I—PATENT INFRINGEMENT

24.    LGU admits that the United States Patent and Trademark Office issued the '480 patent on September 12, 2000, that Eric C. Anderson, Steve Saylor, and Amanda R. Mander are identified as inventors on the cover of the '480 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '480 patent.  LGU is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, denies these allegations.

25. LGU admits that the United States Patent and Trademark Office issued the '956 patent on January 23, 2001, that Eric C. Anderson and Mike M. Masukawa are identified as inventors on the cover of the '480 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '480 patent. LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and, therefore, denies these allegations.

26. LGU admits that the United States Patent and Trademark Office issued the '538 patent on April 24, 2001, that Eric C. Anderson is identified as the inventor on the cover of the '538 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '538 patent. LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies these allegations.

27. LGU admits that the United States Patent and Trademark Office issued the '190 patent on April 24, 2001, that Tim Takao Aihara and Rodney Somerstein are identified as inventors on the cover of the '190 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '190 patent. LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies these allegations.

28. LGU admits that the United States Patent and Trademark Office issued the '316 patent on June 19, 2001, that Eric C. Anderson is identified as the inventor on the cover of the '316 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the

'316 patent. LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, therefore, denies these allegations.

29.     LGU admits that the United States Patent and Trademark Office issued the '914 patent on November 26, 2002, that Eric C. Anderson is identified as the inventor on the cover of the '914 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '914 patent. LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and, therefore, denies these allegations.

30.     LGU admits that the United States Patent and Trademark Office issued the '575 patent on January 7, 2003, that Michael A. Ramirez and Eric C. Anderson are identified as inventors on the cover of the '575 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '575 patent. LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and, therefore, denies these allegations.

31.     LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies these allegations.

32.     LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies these allegations.

33.    LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies these allegations.

34.    The allegations of paragraph 34 are ambiguous, including as to the meaning of the phrase "digital image devices."  As a result, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies these allegations.  To the extent that the allegations of paragraph 34 relate to cellular telephones, LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images and, therefore, denies these allegations. To the extent that paragraph 34 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and, therefore, denies these allegations.

35.    LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  Upon information and belief, LGU denies that it practices or has practiced inventions covered by one or more of the patents-in-suit.  To the extent that paragraph 35 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint and, therefore, denies these allegations.

36.     LGU states that paragraph 36 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies these allegations.

37.     LGU states that paragraph 37 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies these allegations.

38.     LGU states that paragraph 38 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies these allegations.

39.     LGU states that paragraph 39 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies these allegations.

40.     LGU states that paragraph 40 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies these allegations.

41.     LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  On

information and belief, LGU denies that it has infringed or continues to infringe any claims of the patents-in-suit by making, using, importing, providing, offering to sell, or selling (directly or through intermediaries), infringing products in this District and elsewhere in the United States. On information and belief, LGU denies that it has contributed to the infringement of any claims of the patents-in-suit, and denies that it has actively induced others to infringe any claims of the patents-in-suit in this District or elsewhere in the United States.

42.     LGU states that paragraph 42 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies these allegations.

43.     LGU states that paragraph 43 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies these allegations.

44.     LGU states that paragraph 44 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies these allegations.

45.     LGU states that paragraph 45 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies these allegations.

46.     LGU states that paragraph 46 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies these allegations.

47.     LGU states that paragraph 47 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies these allegations.

48.     LGU states that paragraph 48 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies these allegations.

49.     LGU states that paragraph 49 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies these allegations.

50.     LGU states that paragraph 50 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies these allegations.

51.     LGU states that paragraph 51 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies these allegations.

52.     LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  On information and belief, LGU denies that any of its activities have required authority and/or license from FlashPoint and further deny that its activities have been without authority and/or license from FlashPoint.  To the extent that paragraph 52 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint and, therefore, denies these allegations.

53.     LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  On information and belief, LGU denies that it has committed any wrongful acts and denies that FlashPoint is entitled to recover damages from LGU.  To the extent that paragraph 53 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint and, therefore, denies these allegations.

54.     LGU states that paragraph 54 purports to relate solely to defendants other than LGU, and thus no response is required of LGU.  To the extent a response is required, LGU is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies these allegations.

55.    LGU states that it is not involved in making, selling, offering to sell, using or importing cellular telephones or other electronic products capable of being used to capture, process (to the extent this term is interpreted to have meaning) and view digital images.  On information and belief, LGU denies that it infringes or has infringed FlashPoint's exclusive rights under one or more of the patents-in-suit.  LGU further denies that it is causing or has caused damage or irreparable harm to FlashPoint for which there is no adequate remedy at law. LGU denies that it should be enjoined by this Court.  To the extent that paragraph 55 relates to other defendants, LGU states that no response is required of LGU.  To the extent a response is required, LGU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and, therefore, denies these allegations.

### JURY DEMAND

56.    LGU admits that the Complaint sets forth a demand for trial by jury.

### PRAYER FOR RELIEF

LGU denies that FlashPoint is entitled to any relief and denies all of the allegations contained in paragraphs A – F of FlashPoint's Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

57.    LGU reserves the right to later request the addition of, or assert claims against, third parties.  LGU also asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

58.     The Complaint fails to state a claim upon which relief can be granted because LGU has not performed any act and is not proposing to perform any act in violation of any right validly belonging to FlashPoint.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

59.     Upon information and belief, LGU does not infringe and has not infringed, directly or indirectly, any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

60.     Upon information and belief, the claims of the patents-in-suit are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

61.     FlashPoint is estopped by representations or actions taken during the prosecution of the patents-in-suit under the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(35 U.S.C. § 287)

62.     LGU lacks knowledge of any facts indicating that FlashPoint, its predecessors-in-interest or its licensees (if any) complied with the requirements of 35 U.S.C. § 287.  FlashPoint is thus barred in whole or in part from recovering damages.

### SIXTH AFFIRMATIVE DEFENSE
(35 U.S.C. § 286)

63.     On information and belief, FlashPoint's claims for patent infringement are limited by the provisions of 35 U.S.C. § 286.

### EXCEPTIONAL CASE

64.     This is an exceptional case entitling LGU to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

### PRAYER FOR RELIEF

LGU prays for a Judgment as follows:

(a)     dismissal with prejudice of Plaintiffs' Complaint against LGU;

(b)     a declaration that the patents-in-suit are invalid;

(c)     a declaration that LGU has not infringed and does not infringe, directly or indirectly, any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise;

(d)     a declaration that Plaintiffs' claims are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287;

(e)     a declaration that Plaintiffs' claims are limited by the provisions of 35 U.S.C. § 286;

(f)     a denial of Plaintiffs' request for damages and injunctive relief;

(g)     a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 and the awarding of costs and reasonable attorneys' fees to LGU to the extent permitted by law; and

(h)     the grant to LGU of any further equitable or legal relief as the Court deems just and proper.

Dated:   April 30, 2008

/s/ Richard K. Herrmann

Richard K. Herrmann (I.D. No. 405)
**MORRIS JAMES LLP**
500 Delaware Ave, Ste 1500
Wilmington, DE 19801-1494
(302) 888-6816
Email: rherrmann@morrisjames.com

OF COUNSEL:

James P. Bradley
Email:  jbradley@sidley.com
Li Chen
Email: lchen@sidley.com
Tung T. Nguyen
Email: tnguyen@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3300
Fax: (214) 981-3400

Peter H. Kang
Email:  pkang@sidley.com
Theodore W. Chandler
Email:  tchandler@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

**ATTORNEYS FOR DEFENDANT
LG ELECTRONICS USA, INC.**