IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) | C. A. No. 08-140-GMS |
| ) | |
| AT&T MOBILITY, LLC, D/B/A ) CINGULAR WIRELESS, et al., ) ) | |
| Defendants. ) ) | |

**DEFENDANT SPRINT SPECTRUM L.P.'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendant Sprint Spectrum L.P. d/b/a Sprint PCS ("Sprint") respectfully moves to dismiss Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint") Original Complaint For Patent Infringement ("Complaint") for failing to state a claim as to Sprint. In the alternative, Sprint moves the Court to direct FlashPoint to file an amended complaint with a more-definite statement as to the nature of the infringement allegations.

The Third Circuit has recently noted in the context of Rule 12(b)(6) that "[f]ew issues in civil procedure are more significant than pleading standards, which are the key that opens access to courts." *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). As but one example of the impact that a pleading has on a case, the manner in which a claim is pled can affect the presumptive scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). An improperly pled claim could thus result in overly-broad discovery, which has the potential to adversely impact discovery cost and burden. Improperly pled claims can also provide an excuse for a plaintiff to adopt a "moving target" approach to the prosecution of patent cases, which wastes resources of

both the Court and the parties. Fortunately, the Supreme Court provided helpful authority in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

At bottom, the issue raised by this motion is whether FlashPoint's patent infringement claim against Sprint should stand when it embraces the very same approach rejected by *Twombly*, namely: FlashPoint's infringement claims amount to mere "labels and conclusions, a formulaic recitation of the elements of a cause of action." When addressing Sprint individually, FlashPoint's allegations are barren of any facts, and instead refer to Sprint's alleged infringement generically as "infringing products and/or services." (Docket Entry No. ["D. E."] 1 at ¶ 49). After stripping FlashPoint's Complaint of its improper "labels and conclusions" and "formulaic recitation of the elements of a cause of action," there is nothing left. Accordingly, *Twombly* and Fed. R. Civ. P. 12(b)(6) warrant dismissal of the Complaint as to Sprint.

Alternatively, if this Court does not dismiss the Complaint with respect to Sprint, it should—pursuant to Rule 12(e)—direct FlashPoint to amend its Complaint to identify the infringing claims and specific "infringing products and/or services" by name, model, vendor, or other well-defined parameters identifying the accused products or services it contends violate the patents. Without such definiteness, Sprint cannot reasonably frame a responsive pleading. And presently, Sprint is left with the gargantuan task of trying to figure out which of its many "products and/or services" are deemed "infringing" by FlashPoint. This task is made all the more burdensome by (i) FlashPoint's failure to identify which of the one hundred and eleven claims in the patents-in-suit are allegedly infringed by Sprint, and (ii) the fact that at least some of Sprint's products and services likely are already covered by existing licenses between FlashPoint and Sprint's vendors, and thus could not be found to infringe. Flashpoint, no doubt, conducted an investigation into the myriad "products and/or services" that could be implicated

by this action, and should be in a better position to state which "products and/or services" are in dispute. The burden is much less for FlashPoint to identify these items than it is for Sprint to launch into extensive discovery in a multi-patent, multi-defendant case. At a minimum, then, this Court should direct FlashPoint to amend its complaint pursuant to Rule 12(e).

**I.    BACKGROUND**

On March 7, 2008, FlashPoint filed its Complaint against Sprint and fifteen other defendants seeking damages and injunctive relief for allegedly infringing U.S. Patent Nos. 6,118,480; 6,177,956; 6,222,538; 6,223,190; 6,249,316; 6,486,914; and 6,504,575 (together, the "patents-in-suit"). *See* D.E. 1 at ¶¶ 1, 24-30. Collectively, the patents-in-suit contain one hundred and eleven claims. *See id*, Exs. 1-5. According to FlashPoint, "technologies, protected by the patents-in-suit, enable users to, among other things, capture, process and view digital images." *Id.* at ¶ 32. FlashPoint also alleges as a general proposition—but without providing any specific guidance—that "digital image devices are commonplace in a wide variety of Defendants' cellular telephones." *Id.* at ¶ 34.

Sprint is a leading U.S. wireless telecommunications services provider, supplying its customers with voice, data, and multimedia wireless services. The U.S. wireless market is fiercely competitive, and Sprint and its competitors frequently launch new cell phones, many of which have the capability to take and store a digital photo ("Sprint camera phones"). Accordingly, since 2000—the earliest issue date of the patents-in-suit—Sprint has provided

3

approximately seventy different models of Sprint camera phones.[1] These camera phones were supplied to Sprint by at least ten manufacturers over this time period.

FlashPoint's infringement allegations against Sprint provide absolutely no notice as to which of the many products and services offered by Sprint stand accused of infringing one or more of the patents-in-suit:

> 35. Upon information and belief, each Defendant practices inventions covered by one or more of the patents-in-suit.
>
> ***
>
> 49. Upon information and belief, Sprint has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products and/or services, in this District and elsewhere in the United States. Upon information and belief, Sprint has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

(D.E. 1).

FlashPoint merely parrots back and rephrases the patent infringement statute, *see* 35 U.S.C. § 271(a)-(c), and fails to identify any specific acts of infringement. In essence, FlashPoint relies on the legal conclusions that Sprint's alleged "practice[] [of] inventions [is] covered by one or more of the patents-in-suit" and that Sprint offers "infringing products and/or services."

FlashPoint's failure to provide sufficient notice is further compounded by its allegations relating to licensing of the patents-in-suit. FlashPoint touts its licensees for the patents-in-suit,

---

[1] Consistent with its failure to name particular Sprint products and services, FlashPoint does not identify any time frame for Sprint's alleged infringement. Sprint does not concede that alleged infringement dating back to 2000 would be relevant to this action.

4

including companies like Samsung and Sanyo. (D.E. 1 at ¶ 33). Had FlashPoint performed even a cursory Rule 11 analysis, it would know that Sprint currently offers both Samsung and Sanyo camera phones to its customers. But FlashPoint apparently ignores its licenses to Samsung and Sanyo, and instead broadly accuses Sprint's alleged infringement as being "without authority and/or license from FlashPoint." *Id.* at ¶ 52. Thus, there are internal inconsistencies in even the scant amount of factual infringement allegations in FlashPoint's Complaint.

## II. THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)

### A. Applicable Legal Standard

To state a valid claim for patent infringement the plaintiff must allege sufficient facts that support: 1) jurisdiction; 2) the plaintiff's patent ownership; 3) the defendant's infringement via making, selling, offering to sell, using, or importing an accused device that embodies the claimed invention; 4) plaintiff's notice to the defendant of its infringement; and 5) a prayer for relief. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing with approval [then] form 16 in the Federal Rules of Civil Procedure for a pro se litigant).[2]

---

[2] A Rule 12(b)(6) motion to dismiss "is a purely procedural question not pertaining to patent law," and as such, the Federal Circuit applies the law of the regional circuits. *Id.* at 1355-56 (referencing pleading standards articulated in *Twombly*). Accordingly, Third Circuit law controls here. And although the Third Circuit has not applied *Twombly* in a patent context as presented here, courts outside the Third Circuit—including *McZeal*—have applied *Twombly* to determine if a patent infringement claim satisfies Rule 12(b)(6). *See F5 Networks, Inc. v. A10 Networks, Inc.*, Case No. C07-1927-RSL, 2008 WL 687114, *1 (W.D. Wash. Mar. 10, 2008) (applying *Twombly* to the plaintiff's patent infringement claim); *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 281 (S.D. Cal. 2007) (same); *accord Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 537 (S.D. Ala. 2007) (applying *Twombly* to the counterclaims alleged in a patent case). Even before *Twombly*, this Court has held that insufficiently identified products "do not satisfy Rule 8(a)" and "are too vague to provide [] fair notice of which products are accused of infringing [] [the] patents." *Ondeo Nalco Co. v. Eka Chems., Inc.*, C.A. No. 01-537-SLR, 2002 WL 1458853, *1-2 (D. Del. Jun. 10, 2002) (dismissing defendant's patent infringement (continued...)

The Third Circuit has recently articulated that *Twombly* introduced a "new concept" into pleading jurisprudence:

> [I]n its general discussion of Rules 8 and 12(b)(6), the Supreme Court [in *Twombly*] used certain language that it does not appear to have used before. The Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.**" The Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Phillips*, 515 F.3d at 231-32 (quoting *Twombly*) (emphasis added); *accord McZeal*, 501 F.3d at 1356, 1357 (applying Fifth Circuit law).[3]  Matched against these standards, FlashPoint's Complaint does not measure up.

---

(continued)

counterclaims because its allegation that "Nalco makes and sells products, including the product numbered 8692, ... that are used in paper-making processes ... or to make paper" failed to meet the requirements of Rule 8(a) and were simply too vague to provide plaintiff with fair notice).

[3]     *See also AntiCancer*, 248 F.R.D. at 282 (dismissing the plaintiff's patent infringement claims under *Twombly* because the plaintiff failed to state any facts beyond a bare recitation of the statutory elements, *i.e.*, that the plaintiff owned two patents and that "[e]ach of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others."); *F5 Networks*, 2008 WL 687114, at *1 (dismissing the complaint for willful infringement because the single allegation that "[o]n information and belief, A10 has performed such acts of infringement in a willful and deliberate manner, insofar as it has committed such acts with knowledge of F5's '802 patent'" did not contain facts to support the claim; it did not contain any facts that A10 had prior knowledge of the patent and it failed to put A10 on notice of the grounds on which that claim rested).

### B.     The Complaint's Allegations Fail to Meet Rule 12(b)(6) under *Twombly*

Accepting for a moment the truth of FlashPoint's allegations, the Complaint only mimics operative statutory words and phrases, and provides no basis to conclude they are apt. First, although FlashPoint pleads that today camera phones are commonplace and exist "in a wide variety of Defendants' [*i.e.*, Sprint's] cellular telephones," it fails to plead which of Sprint's more than seventy Sprint camera phones allegedly embody the claimed invention. Second, even though FlashPoint alleges "[u]pon information and belief, each Defendant practices inventions covered by one or more of the patents-in-suit," it fails to identify even one instance of Sprint's practicing the alleged inventions. And as to the infringement allegation directed at Sprint specifically, FlashPoint once again fails to identify any accused product or service, opting instead to plead using mere "labels and conclusions"—and upon information and belief no less— that Sprint has infringed by providing, selling, etc. "infringing products and/or services," without offering any hint as to what they may be.

Besides these obvious failings, nothing in the Complaint supports the bare assertion that Sprint either contributed to the alleged infringement or actively induced others to infringe any of the patents-in-suit. Indeed, FlashPoint pleaded nothing but a legal conclusion on both points. The Complaint contains no facts as to what actions (if any) Sprint took to induce others to infringe the patents-in-suit. Nor does it name those who Sprint purportedly induced. In this regard, FlashPoint pleaded a formulaic legal conclusion as to Sprint.

Upon reviewing FlashPoint's infringement allegations in view of Rule 12(b)(6) and *Twombly*, the Court should find them lacking. Under *Twombly*, the allegations (even if taken as true) are insufficient to place Sprint on notice as to what exactly it is that it must defend. So far, FlashPoint has only provided labels and conclusions and regurgitated statutory elements, none of which satisfy the pleading standard.

7

## III. IN THE ALTERNATIVE, THE COURT SHOULD DIRECT FLASHPOINT TO AMEND ITS COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT

If the Court deems dismissal inappropriate at this, Sprint respectfully requests that the Court direct FlashPoint to amend the Complaint to identify the following:[4]

(a) the patent claims allegedly infringed by Sprint;

(b) for each asserted claim, the name, model, and vendor of all the Sprint products and services (including Sprint camera phones) that FlashPoint contends infringe the patents-in-suit; and

(c) the specific facts relating to Sprint's alleged contributory infringement and inducement to infringe, including identifying which "others" Sprint allegedly induced to infringe and/or to which Sprint contributed to infringement.

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e) (2008); *see also Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (highlighting the particular usefulness of Rule 12(e) because "[it] is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief" and remanding the case to the district court with instructions to order plaintiffs to file a more definite statement because the complaint lacked sufficient facts for the defendants to frame a proper defense). This Court has discretion to grant the requested relief. *Clark v. McDonald's Corp*, 213 F.R.D. 198, 232-233 (D.N.J. 2003) (citations omitted). In this Circuit, a Rule 12(e) motion should be granted when "the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without

---

[4] It is respectfully submitted that FlashPoint should be required to provide this modicum of information now rather than drag Sprint through time-consuming and lawyer-driven contention discovery on products, services, and asserted claims in dispute. This is particularly so in this multi-defendant, multi-patent case in which the products, services, and asserted claims may differ for each defendant.

8

prejudice to [itself].'" *Id.* (citations omitted) (granting motion for more definite statement where allegations were insufficient to enable defendant to admit or deny in good faith plaintiff's allegations). Indeed, even if the complaint meets Rule 8(a)(2) and survives Rule 12(b)(6), it is not necessarily "insulate[d] ... from a well-grounded motion for a more definite statement under Rule 12(e)." *Id.* at 233.

By the same token, courts will grant a Rule 12(e) motion in patent infringement cases when "a plaintiff has failed to identify any allegedly infringing product or products." *Static Control Components, Inc. v. Future Graphics, LLC*, Case No. 07-CV-00007, 2008 WL 160827, *1 (M.D.N.C. Jan. 15, 2008) (collecting cases). Courts also grant such motions when the plaintiff fails to plead any "limiting parameters" that would reasonably allow the defendant to identify which of its products allegedly infringe the patent.[5] Directing the plaintiff to specifically identify the products that allegedly infringe the patents-in-suit not only ensures that it had a proper basis to file the suit, but also streamlines the case. *Bay Indus*, 2006 WL 3469599, *2.

Of the above-cited cases, *Static Control* is particularly noteworthy. In this case, even though the plaintiff identified twelve allegedly-infringing computer chips and provided a limiting parameter about them (*i.e.*, they were a universal chip), the court granted the Rule 12(e) motion. 2008 WL 160827, *2. The court held that because the plaintiff did not intend to limit its

---

[5] *See Agilent Techs., Inc. v. Micromuse, Inc.*, Case No. 04 Civ-3090 (RWS), 2004 WL 2346152, *5-6 (S.D.N.Y. Oct. 19, 2004) (collecting cases and granting defendant's Rule 12(e) motion where the complaint only alleged that "defendant makes, sells, or offers products for sale . . . that infringe Agilent's patents"); *see also Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, Case No. 06-C-1010, 2006 WL 3469599, *1 (E.D. Wis. Nov. 29, 2006) (granting the Rule 12(e) motion where the complaint alleged "[o]n information and belief, [defendant] sells extruded aluminum cladding for entry door frames and garage door frames of various sizes and configurations" and no other statement referred to the accused products and reasoning that such bare allegations left the defendant guessing and required it to compare all of its products [about 40] to all the claims of the patent [at least 20] which constituted "an unreasonable burden on the defendant").

infringement claim to the twelve identified chips, the defendant could not reasonably frame a responsive pleading. *Id.* And the court reasoned that before the defendant could do so it had "no choice but to interpret each of the claims of the patents in suit, compare each of its chips that could be considered 'universal chips' to the claims in the patents in suit, and determine whether it believes the chips violate any of the claims in the patents in suit." *Id.* The court, therefore, concluded that absent a more definite statement about the accused chips, the defendant cannot "'reasonably be required to frame a responsive pleading.'" *Id.*

Comparing FlashPoint's allegations against this legal backdrop, this Court should find the allegations woefully vague and incomplete. Pragmatically, without a more definite statement, Sprint cannot reasonably frame a response to the Complaint. FlashPoint has neither identified the accused products or services nor specified a limiting parameter. Indeed, FlashPoint references Sprint's allegedly-infringing products in only the most vague and ambiguous terms, including: "cellular camera phones are commonplace and exist in a wide variety of Defendants' cellular telephones;" "each Defendant practices inventions covered by one or more of the patents-in-suit;" and "Sprint has infringed by providing ... infringing products and/or services." *See* D.E. at ¶¶ 34-35, and 49. Without more, Sprint is left guessing as to which of its products, technologies or services allegedly infringe the patents-in-suit. Hence, without more, Sprint's task to respond to FlashPoint's Complaint becomes excessively burdensome. For its part, providing further guidance as to its allegations should place little burden on FlashPoint. For instance, FlashPoint—not Sprint—has knowledge of which Sprint products and services (including camera phones) are covered by its licenses to Sprint's vendors.

Before it can frame a response, Sprint will have no choice but to conduct an unduly burdensome and impractical (if not impossible) investigation. Given the allegations, Sprint has

10

no choice but to analyze each of the one hundred and eleven patent claims in the seven patents-in-suit against the entire universe of Sprint's "products and/or services." Even if Sprint limits its analysis to camera phones, this would result in more than 7,000 combinations of camera phone models and patent claims. That burden of that analysis should be borne by FlashPoint, not Sprint. Indeed, it should already have been done if FlashPoint fulfilled its pre-filing obligations under Rule 11 of the Federal Rules of Civil Procedure.

### IV.   CONCLUSION

For the reasons discussed above, the Court should dismiss the complaint as to Sprint, or alternatively, direct FlashPoint to provide a more definite statement pursuant to Rule 12(e).

| | |
|---|---|
| OF COUNSEL: | *Anne Shea Gaza* |
| | Frederick L. Cottrell, III (#2555) |
| Mark M. Supko | cottrell@rlf.com |
| Brian M. Koide | Anne Gaza (#4093) |
| Jennifer H. Burdman | gaza@rlf.com |
| Leslie Gogan | Richards, Layton & Finger |
| Crowell & Moring LLP | One Rodney Square |
| 1001 Pennsylvania Avenue, NW | P. O. Box 551 |
| Washington, DC  20004-2595 | Wilmington, DE  19899 |
| (212) 624-2500 | (302) 651-7700 |
| | *Attorneys for Defendant Sprint Spectrum L.P. d/b/a Sprint PCS* |
| Dated: April 30, 2008 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on April 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 30, 2008, the attached document was electronically mailed to the following person(s):

David E. Margules
Evan Olin Williford
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
kkeller@ycst.com
*Attorneys for Defendant Kyocera Wireless Corp.*

David C. Doyle
M. Andrew Woodmansee
Greg Reilly
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92140
ddoyle@mofo.com
mawoodmansee@mofo.com
greilly@mofo.com
*Attorneys for Defendant Kyocera Wireless Corp.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
Coughlin Stoia Geller Rudman Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Peter J. Chassman
Shane A. Nelson
Joshua S. Wyde
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
ChassmanP@howrey.com
NelsonS@howrey.com
Wyde@howrey.com
*Counsel for Defendants Research in Motion Corp. and Research Motion Ltd.*

Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801
moyer@rlf.com
fineman@rlf.com
*Attorneys for Defendant Nokia, Inc. and Nokia Corp.*

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
Wilmington, DE 19801
aconnollyIII@cblh.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Ramsey M. Al-Salam
Ryan J. McBrayer
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
RAlSalam@perkinscoie.com
RMcBrayer@perkinscoie.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Stuart Lubitz
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com
*Counsel for Defendants HTC America, Inc. and HTC Corp.*

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza - Sixth Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants Research In Motion Corp. and Research in Motion Ltd.*

James H. Wallace, Jr.
Kevin P. Anderson
Wiley Rein LLP
1776 K Street, NW
Washington, DE 20006
jwallace@wileyrein.com
kanderson@wileyrein.com
*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

                                                _____
                                                Anne Shea Gaza (#4093)
                                                gaza@rlf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on April 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 30, 2008, the attached document was electronically mailed to the following person(s):

David E. Margules
Evan Olin Williford
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
kkeller@ycst.com
*Attorneys for Defendant Kyocera Wireless Corp.*

David C. Doyle
M. Andrew Woodmansee
Greg Reilly
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92140
ddoyle@mofo.com
mawoodmansee@mofo.com
greilly@mofo.com
*Attorneys for Defendant Kyocera Wireless Corp.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
Coughlin Stoia Geller Rudman Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Peter J. Chassman
Shane A. Nelson
Joshua S. Wyde
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
ChassmanP@howrey.com
NelsonS@howrey.com
Wyde@howrey.com
*Counsel for Defendants Research in Motion Corp. and Research Motion Ltd.*

Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801
moyer@rlf.com
fineman@rlf.com
*Attorneys for Defendant Nokia, Inc. and Nokia Corp.*

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
Wilmington, DE 19801
aconnollyIII@cblh.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Ramsey M. Al-Salam
Ryan J. McBrayer
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
RAlSalam@perkinscoie.com
RMcBrayer@perkinscoie.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Stuart Lubitz
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com
*Counsel for Defendants HTC America, Inc. and HTC Corp.*

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza - Sixth Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants Research In Motion Corp. and Research in Motion Ltd.*

James H. Wallace, Jr.
Kevin P. Anderson
Wiley Rein LLP
1776 K Street, NW
Washington, DE 20006
jwallace@wileyrein.com
kanderson@wileyrein.com
*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

Richard K. Herrmann
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
*Attorneys for LG Electronics USA Inc.*

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com