IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AT&T MOBILITY, LLC, D/B/A CINGULAR WIRELESS, HTC AMERICA, INC., HTC CORP., KYOCERA WIRELESS CORP., KYOCERA CORP., LG ELECTRONICS USA, INC., LG ELECTRONICS, INC., MOTOROLA, INC., NOKIA, INC., NOKIA CORP., PALM, INC., RESEARCH IN MOTION CORP., RESEARCH IN MOTION LTD., SPRINT SPECTRUM L.P., D/B/A SPRINT PCS, T-MOBILE USA, INC., and CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

C.A. No. 08-140-GMS

**JURY TRIAL DEMANDED**

### DEFENDANT RESEARCH IN MOTION CORPORATION'S
### ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant Research In Motion Corporation ("RIM Corp.") files this answer, defenses, and counterclaims in response to Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Original Complaint for Patent Infringement.

### Answer To FlashPoint's Allegations

RIM Corp. answers the allegations in the separately numbered paragraphs of FlashPoint's Original Complaint as follows:

1.   RIM Corp. admits that this action purports to be a patent infringement action and that FlashPoint's prayer for relief requests injunctive and monetary relief. RIM Corp. admits that U.S. Patent No. 6,118,480 ("the '480 patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes," and that a copy of the '480

patent was attached to the Complaint as Exhibit 1. RIM Corp. admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data Within a Digital Camera Device," and that a copy of the '956 patent was attached to the Complaint as Exhibit 2. RIM Corp. admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts," and that a copy of the '538 patent was attached to the Complaint as Exhibit 3. RIM Corp. admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device," and that a copy of the '190 patent was attached to the Complaint as Exhibit 4. RIM Corp. admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera," and that a copy of the '316 patent was attached to the Complaint as Exhibit 5. RIM Corp. admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars," and that a copy of the '914 patent was attached to the Complaint as Exhibit 6. RIM Corp. admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device," and that a copy of the '575 patent was attached to the Complaint as Exhibit 7. RIM Corp. denies that RIM Corp. and Research In Motion Limited ("RIM Ltd.") have infringed the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit"). RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and therefore denies same.

2. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies same.

3. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies same.

4. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies same.

5. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

6. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore denies same.

7. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies same.

8. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies same.

9. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies same.

10. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies same.

11. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same.

12. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies same.

13. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies same.

14. RIM Corp. admits that RIM Corporation is a Delaware corporation, and that it has a place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.

15. RIM Corp. admits that RIM Ltd. is a corporation organized and existing under the laws of Canada, and that it has a place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

16. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies same.

17. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore denies same.

18. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies same.

19. RIM Corp. admits that the present action purports to arise under the Patent Laws of the United States and that this Court has subject matter jurisdiction under the United States Code. RIM Corp. denies that RIM Corp. or RIM Ltd. has infringed any of the patents in suit. To the extent not expressly admitted, RIM Corp. denies all other allegations of this paragraph.

20. With regard to the allegations of Paragraph 20 made against RIM Corp. and RIM Ltd., RIM Corp. admits that RIM Corp. and RIM Ltd. have transacted business in this district and are subject to the personal jurisdiction of this Court. RIM Corp. denies that RIM Corp. and RIM Ltd. have committed acts of infringement in the State of Delaware and/or the District of Delaware. With regard to the allegations of Paragraph 20 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. To the extent not expressly admitted, RIM Corp. denies all other allegations of this paragraph.

21. With regard to the allegations of Paragraph 21 made against RIM Corp. and RIM Ltd., for at least the reason that FlashPoint's allegations lack specificity, RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. With regard to the allegations of Paragraph 21 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. To the extent not expressly admitted, RIM Corp. denies all other allegations of this paragraph.

22. With regard to the allegations of Paragraph 22 made against RIM Corp. and RIM Ltd., RIM Corp. admits that venue is proper in this district under 28 U.S.C. §§ 1931 and 1400(b). With regard to the allegations of Paragraph 22 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. To the extent not expressly admitted, RIM Corp. denies all other allegations of this paragraph.

23. With regard to the allegations of Paragraph 23 made against RIM Corp. and RIM Ltd., RIM Corp. admits that venue is proper in this district as RIM Corp. and RIM Ltd. are subject to personal jurisdiction in this District. RIM Corp. admits that RIM Corp. and RIM Ltd. solicit business, provide services, and conduct business in this District. RIM Corp. denies the remaining allegations of Paragraph 23 with regard to RIM Corp. and RIM Ltd. With regard to the allegations of Paragraph 23 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

24. RIM Corp. admits that the '480 patent issued on September 12, 2000, that Eric C. Anderson, Steve Saylor, and Amanda R. Mander are the listed inventors of the '480 patent, and

that FlashPoint Technology, Inc. is the listed assignee of the '480 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 and therefore denies same.

25. RIM Corp. admits that the '956 patent issued on January 23, 2001, that Eric C. Anderson and Mike M. Masukawa are the listed inventors of the '956 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '956 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 and therefore denies same.

26. RIM Corp. admits that the '538 patent issued on April 24, 2001, that Eric C. Anderson is the listed inventor of the '538 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '538 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore denies same.

27. RIM Corp. admits that the '190 patent issued on April 24, 2001, that Tim Takao Aihara and Rodney Somerstein are the listed inventors, and that FlashPoint Technology, Inc. is the listed assignee of the '190 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore denies same.

28. RIM Corp. admits that the '316 patent issued on June 19, 2001, that Eric C. Anderson is the listed inventor of the '316 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '316 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and therefore denies same.

29. RIM Corp. admits that the '914 patent issued on November 26, 2002, that Eric C. Anderson is the listed inventor of the '914 patent, and that FlashPoint Technology, Inc. is the listed

assignee of the '914 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore denies same.

30. RIM Corp. admits that the '575 patent issued on January 7, 2003, that Michael A. Ramirez and Eric C. Anderson are the listed inventors of the '575 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '575 patent. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 and therefore denies same.

31. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies same.

32. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore denies same.

33. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore denies same.

34. For at least the reason that FlashPoint's allegations lack specificity, RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore denies same.

35. With regard to the allegations of Paragraph 35 made against RIM Corp. and RIM Ltd., RIM Corp. denies those allegations. With regard to the allegations of Paragraph 35 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

36. To the extent that the allegations of paragraph 36 are in any way based upon AT&T's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Corp. denies such allegations. RIM Corp.

is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 and therefore denies same.

 37. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore denies same.

 38. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore denies same.

 39. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore denies same.

 40. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore denies same.

 41. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore denies same.

 42. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore denies same.

 43. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore denies same.

 44. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore denies same.

 45. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 45 and therefore denies same.

 46. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore denies same.

 47. RIM Corp. denies the allegations in Paragraph 47.

48. RIM Corp. denies the allegations in Paragraph 48.

49. To the extent that the allegations of paragraph 49 are in any way based upon Sprint's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Corp. denies such allegations. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and therefore denies same.

50. To the extent that the allegations of paragraph 50 are in any way based upon T-Mobile's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Corp. denies such allegations. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50 and therefore denies same.

51. To the extent that the allegations of paragraph 51 are in any way based upon Verizon's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Corp. denies such allegations. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51 and therefore denies same.

52. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies same.

53. With regard to the allegations of Paragraph 53 made against RIM Corp. and RIM Ltd., RIM Corp. denies such allegations. With regard to the allegations of Paragraph 53 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

54. RIM Corp. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore denies same.

55. With regard to the allegations of Paragraph 55 made against RIM Corp. and RIM Ltd., RIM Corp. denies those allegations. With regard to the allegations of Paragraph 55 relating to defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

56. No response to FlashPoint's jury demand is necessary. However, RIM Corp. demands a trial by jury on all issues so triable.

## Response To FlashPoint's Prayer For Relief

The allegations in the paragraph requesting relief are in the nature of prayer. Although no answer is required, RIM Corp. responds to the individual requests for relief as follows:

A. With respect to FlashPoint's prayer for judgment against RIM Corp. and RIM Ltd. and for any judgment against any other defendant on the basis of acts alleged to have been committed involving products supplied by RIM Corp. and/or RIM Ltd. and/or any other acts of RIM Corp. and/or RIM Ltd., RIM Corp. denies that FlashPoint is entitled to the requested judgment, and denies any and all liability for FlashPoint's claims. With respect to FlashPoint's remaining requested judgment against defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment.

B. With respect to FlashPoint's prayer for judgment against and relief from RIM Corp. and RIM Ltd. and for any judgment against any other defendant on the basis of acts alleged to have been committed involving products supplied by RIM Corp. and/or RIM Ltd. and/or on the basis of any acts of RIM Corp. and/or RIM Ltd., RIM Corp. denies that FlashPoint is entitled to the

requested damages and prejudgment interest, and denies any and all liability for FlashPoint's claims. With respect to FlashPoint's remaining requested judgment against and relief from defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

      C.      Paragraph C of FlashPoint's prayer is unclear. To the extent that this paragraph prays for enhanced damages from RIM Ltd., RIM Corp. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any acts of RIM Corp. and/or RIM Ltd., RIM Corp. denies that FlashPoint is entitled to such relief and denies any and all liability for FlashPoint's claims. With respect to any other relief requested by FlashPoint from defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

      D.      Paragraph D of FlashPoint's prayer is unclear. To the extent that this paragraph prays for costs and/or attorneys' fees from RIM Ltd., RIM Corp. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any alleged acts of RIM Corp. and/or RIM Ltd., RIM Corp. denies that FlashPoint is entitled to such relief. With respect to any other relief requested by FlashPoint from defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

      E.      With respect to FlashPoint's prayer for judgment against and relief from RIM Corp. and RIM Ltd. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any alleged acts of RIM Corp. and/or RIM Ltd., RIM Corp. denies that FlashPoint is entitled to the requested permanent injunction and denies any and all liability for FlashPoint's

claims. With respect to any other relief requested by FlashPoint against defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

F.    With respect to FlashPoint's prayer for relief from RIM Corp. and RIM Ltd. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any alleged acts of RIM Corp. and/or RIM Ltd., RIM Corp. denies that FlashPoint is entitled to such relief and denies any and all liability for FlashPoint's claims. With respect to any other relief requested by FlashPoint against defendants other than RIM Corp. and RIM Ltd., RIM Corp. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested relief.

### Defenses

### Non-Infringement

1.    Upon information and belief, RIM Corp. has not infringed and does not infringe the claims of the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit") literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

### Patent Invalidity

2.    Upon information and belief, each of the claims of the patents-in-suit is invalid for failing to comply with one ore more of the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, 112, and/or 185, and the rules, regulations, and laws pertaining thereto.

### Prosecution History Estoppel

3.    Upon information and belief, because of proceedings in the PTO during the prosecution of the applications which resulted in the patents-in-suit, as shown by the respective

prosecution histories thereof, FlashPoint is estopped from asserting a construction of any of the patents-in-suit that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by RIM Corp., either literally or under the doctrine of equivalents.

### Bad Faith

4.  Upon information and belief, FlashPoint has brought this suit in bad faith making it an exceptional case, thereby entitling RIM Corp. to its costs and attorneys fees pursuant to 35 U.S.C. § 285.

### No Irreparable Harm

5.  FlashPoint is not entitled to injunctive relief against RIM Corp. because any alleged injury to FlashPoint as a result of RIM Corp.'s alleged activities is not immediate or irreparable, and FlashPoint has an adequate remedy at law.

WHEREFORE RIM Corp. prays that this Court dismiss FlashPoint's action against RIM Corp. and enter judgment that FlashPoint take nothing on its claims against RIM Corp. and award RIM Corp. its attorneys' fees and costs of defending this action and such other and further relief as it may be entitled.

## COUNTERCLAIMS

### Parties

1.  Research In Motion Corporation ("RIM Corp.") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.

2.  Upon information and belief, FlashPoint Technology, Inc. ("FlashPoint") is a California corporation with its principal place of business at 20 Depot Street, Suite 2A,

Peterborough, New Hampshire 03458. As FlashPoint is the plaintiff in the above-captioned action, it may be served with a copy of this Counterclaim by serving this document in accordance with Rule 5 of the Federal Rules of Civil Procedure.

### Jurisdiction And Venue

3.   This Court has subject matter jurisdiction over RIM Corp.'s counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1338 and 1331. A real, immediate, and justiciable controversy exists between RIM Corp. and FlashPoint. The controversy relates to the invalidity and non-infringement of U.S. Patent No. 6,118,480 ("the '480 patent"), 6,117,956 ("the '956 patent"), 6,222,538 ("the '538 patent"), 6,223,190 ("the '190 patent"), 6,249,316 ("the '316 patent"), 6,486,914 ("the '914 patent"), or 6,504,575 ("the '575 patent") patents ("patents-in-suit"). FlashPoint has accused RIM Corp. of infringing the patents-in-suit.

4.   As the plaintiff in the above-captioned lawsuit, FlashPoint has consented to jurisdiction and venue in this Court.

### Count 1: Declaratory Judgment of Patent Invalidity

5.   RIM Corp. incorporates by reference each preceding allegation as though expressly stated herein.

6.   Upon information and belief, each of the claims in the patents-in-suit is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

7.   Accordingly, RIM Corp. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the patents-in-suit are invalid.

## Count 2: Declaratory Judgment of Non-Infringement

8. RIM Corp. incorporates by reference each preceding allegation as though expressly stated herein.

9. Upon information and belief, RIM Corp. has not infringed and does not infringe any of the claims of the patents-in-suit literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

10. Accordingly, RIM Corp. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any claim of the patents-in-suit.

## Count 3: Attorneys Fees and Costs

11. RIM Corp. incorporates by reference each preceding allegation as though expressly stated herein.

12. RIM Corp. is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling RIM Corp. to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

## JURY DEMAND

13. RIM Corp. demands trial by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff RIM Corp. prays for the following relief:

(a) a declaration and judgment that each of the patents-in-suit is invalid;

(b) a declaration and judgment that each of the patents-in-suit is not infringed by RIM Corp.;

(c) a declaration and judgment that this case is exceptional within the meaning of 35 U.S.C. § 285;

(d) an award of reasonable attorneys' fees and costs incurred by RIM Corp. in this action; and

(e) such other and further relief as this Court deems just and proper.

          POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter J. Chassman
Shane A. Nelson
Joshua S. Wyde
HOWREY LLP
1111 Louisiana, 25th floor
Houston, Texas 77002
Tel: (713) 787-1623

Dated: April 30, 2008
862463 / 32891

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Research In Motion Corp..*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 30, 2008, the attached document was Electronically Mailed to the following person(s):

David E. Margules
Evan Olin Williford
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
COUGHLIN STOIA GELLER RUDMAN
ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
jingersoll@ycst.com
jshaw@ycst.com
kkeller@ycst.com
*Attorneys for Defendant Kyocera Wireless Corp.*

David C. Doyle
M. Andrew Woodmansee
Gregory W. Reilly
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Ste 100
San Diego, CA 92140
ddoyle@mofo.com
mawoodmansee@mofo.com
greilly@mofo.com
*Attorneys for Defendant Kyocera Wireless Corp.*

Frederick L. Cottrell, III
Anne Shea Gaza
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19899
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendant Sprint Spectrum L.P., d/b/a Sprint PCS*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, DE 19899
aconnollyIII@cblh.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Jeffrey L. Moyer
Steven J. Fineman
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19899
moyer@rlf.com
fineman@rlf.com
*Attorneys for Defendant Nokia, Inc. and Nokia Corp.*

Mark M. Supko
Brian M. Koide
Jennifer Burdman
Leslie J. Gogan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 2004-2595
msupko@crowell.com
bkoide@crowell.com
jburdman@crowell.com
lgogan@crowell.com
*Attorneys for Defendant Sprint Spectrum L.P., d/b/a Sprint PCS*

Ramsey M. Al-Salam
Ryan J. McBrayer
PERKINS COIE LLP
1201 Third Avenue, Ste 4800
Seattle, WA 98101
RAlSalam@perkinscoie.com
RMcBrayer@perkinscoie.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Richard K. Hermann
MORRIS JAMES LLP
500 Delaware Ave., Ste 1500
Wilmington, DE 19801-1494
rherrmann@morrisjames.com
*Attorneys for Defendant*
*LG Electronics USA, Inc.*

Peter H. Kang
Theodore W. Chandler
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
pkang@sidley.com
tchandler@sidley.com
*Attorneys for Defendant*
*LG Electronics USA, Inc.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com
*Counsel for Defendants*
*HTC America, Inc. and HTC Corp.*

James P. Bradley
Li Chen
Tung T. Nguyen
SIDLEY AUSTIN LLP
717 N. Hardwood, Suite 3400
Dallas, TX 75201
jbradley@sidley.com
lchen@sidley.com
tnguyen@sidley.com
*Attorneys for Defendant*
*LG Electronics USA, Inc.*

Peter J. Chassman
Shane A. Nelson
Joshua S. Wyde
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
ChassmanP@howrey.com
NelsonS@howrey.com
Wyde@howrey.com
*Counsel for Defendants Research in Motion*
*Corp. and Research in Motion Ltd.*

/s/ *Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

858296 / 32891/32946