IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

FLASHPOINT TECHNOLOGY, INC.,   )
   )
     Plaintiff,   )
   )
   v.   )
   )
AT&T MOBILITY, LLC D/B/A CINGULAR   )     C.A. NO. 08-140-GMS
WIRELESS, HTC AMERICA, INC., HTC   )
CORP., KYOCERA WIRELESS CORP.,   )     JURY TRIAL DEMANDED
KYOCERA CORP., LG ELECTRONICS USA,   )
INC., LG ELECTRONICS, INC., MOTOROLA,   )
INC., NOKIA, INC., NOKIA CORP., PALM,   )
INC., RESEARCH IN MOTION CORP.,   )
RESEARCH IN MOTION LTD., SPRINT   )
SPECTRUM L.P., D/B/A SPRINT PCS, T-   )
MOBILE USA, INC., AND CELLCO   )
PARTNERSHIP, D/B/A VERIZON WIRELESS,   )
   )
     Defendants.   )
   )
   )

## DEFENDANT MOTOROLA, INC.'S
## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Motorola, Inc. ("Motorola"), by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of FlashPoint Technology, Inc.'s Original Complaint for Patent Infringement (D.I. 1), filed on March 7, 2008, as follows:

## NATURE OF THE ACTION

1.    This is a patent infringement action to stop each Defendant's infringement of FlashPoint's United States Patent No. 6,118,480 entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "'480 patent"; a copy of which is attached hereto as Exhibit 1), United States Patent No. 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "'956 patent"; a copy of which is attached hereto as Exhibit 2), United States Patent No. 6,222,538 entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "'538 patent"; a copy of which is attached hereto as Exhibit 3), United States Patent No. 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "'190 patent"; a copy of which is attached hereto as Exhibit 4),

United States Patent No. 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "'316 patent"; a copy of which is attached hereto as Exhibit 5), United States Patent No. 6,486,914 entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "'914 patent"; a copy of which is attached hereto as Exhibit 6), and United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "'575 patent"; a copy of which is attached hereto as Exhibit 7).    The '480, '956, '538, '190, '316, '914 and '575 patents may be collectively referred to herein as the "patents-in-suit."  FlashPoint is the legal owner of the patents-in-suit.  FlashPoint seeks injunctive relief and monetary damages.

**RESPONSE:** Motorola admits that this purports to be a patent infringement action and that FlashPoint's Prayer for Relief requests injunctive and monetary relief.  Motorola admits that U.S. Patent No. 6,118,480 ("the '480 patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes."  Motorola admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data Within a Digital Camera Device."  Motorola admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts."  Motorola admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device."  Motorola admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera."  Motorola admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars."  Motorola admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device."  Motorola denies that it has infringed the '480, '956, '538, '190, '316, '914, or '575 patents and denies that Flashpoint is entitled to any injunctive relief or monetary damages.  Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore denies them.

2

## PARTIES

2.     Plaintiff FlashPoint Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware.  FlashPoint maintains its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.  FlashPoint is the legal owner of the patents-in-suit, and possesses all rights of recovery under the patents-in-suit, including the right to sue for infringement and recover past damages.

**RESPONSE:** Motorola lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 2 and therefore denies them.

3.     Upon information and belief, Defendant AT&T Mobility, LLC, d/b/a Cingular Wireless, LLC ("AT&T") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342.

**RESPONSE:** The allegations in Paragraph 3 are directed to another Defendant.  To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 3 and therefore denies them.

4.     Upon information and belief, Defendant HTC America, Inc. ("HTC America") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005.

**RESPONSE:** The allegations in Paragraph 4 are directed to another Defendant.  To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 4 and therefore denies them.

5.     Upon information and belief, Defendant HTC Corp. ("HTC Corp.") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 23 Hsin Hua Road, Taoyuan 330, Taiwan, R.O.C.

**RESPONSE:** The allegations in Paragraph 5 are directed to another Defendant.  To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 5 and therefore denies them.

6.     Upon information and belief, Defendant Kyocera Wireless Corp. ("Kyocera Wireless") is

a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 10300 Campus Point Drive, San Diego, California 92121.

**RESPONSE:** The allegations in Paragraph  are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7.      Upon information and belief, Defendant Kyocera Corp. ("Kyocera Corp."), the parent of Kyocera, is a corporation organized and existing under the laws of Japan, with its principal place of business located at 6 Takeda Tabadono-Cho, Fushimi-Ku Kyoto 612-8501, Japan.

**RESPONSE:** The allegations in Paragraph 7 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8.      Upon information and belief, Defendant LG Electronics USA, Inc. ("LG") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**RESPONSE:** The allegations in Paragraph 8 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9.      Upon information and belief, Defendant LG Electronics, Inc. ("LG Electronics") the parent of LG, is a corporation organized and existing under the laws of Korea with its principal place of business located at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul, 150-721, Korea.

**RESPONSE:** The allegations in Paragraph 9 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10.      Upon information and belief, Defendant Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of

business located at 1303 E. Algonquin Road, Schaumburg, Illinois 60196.

**RESPONSE:** Motorola admits the allegations of Paragraph 10.

11.    Upon information and belief, Defendant Nokia, Inc. ("Nokia") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6000 Connection Drive, Mail Drop 1-8-931, Irving, Texas 75039.

**RESPONSE:** The allegations in Paragraph 11 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 11 and therefore denies them.

12.    Upon information and belief, Defendant Nokia Mobile Corp. ("Nokia Mobile") is a corporation organized and existing under the laws of Finland, with its principal place of business located at Keilalahdentie 2-4, P.O. Box 226, FIN-00045 Nokia Group Finland.

**RESPONSE:** The allegations in Paragraph 12 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 12 and therefore denies them.

13.    Upon information and belief, Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 950 West Maude Avenue, Sunnyvale, California 94085.

**RESPONSE:** The allegations in Paragraph 13 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 13 and therefore denies them.

14.    Upon information and belief, Defendant Research in Motion Corp. ("RIM Corp.") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 122 West John Carpenter Parkway, Irving, Texas 75039.

**RESPONSE:** The allegations in Paragraph 14 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 14 and therefore denies them.

DB02:6783174.1                                                                                                    900002.0003

15.     Upon information and belief, Defendant Research in Motion Ltd. ("RIM Ltd.") is a corporation organized and existing under the laws of Canada, with its principal place of business located at 295 Phillips Street, Waterloo, Ontario, Canada N2L 3W8.

**RESPONSE:** The allegations in Paragraph 15 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

16.     Upon information and belief, Defendant Sprint Spectrum L.P., d/b/a Sprint PCS, ("Sprint") is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business located at 6500 Sprint Parkway, HL-5ASTX, Overland Park, Kansas 66251.

**RESPONSE:** The allegations in Paragraph 16 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

17.     Upon information and belief, Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 12920 SE 38th Street, Bellevue, Washington 98006.

**RESPONSE:** The allegations in Paragraph 17 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Upon information and belief, Defendant Cellco Partnership, d/b/a Verizon Wireless ("Verizon") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920.

**RESPONSE:** The allegations in Paragraph 18 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

DB02:6783174.1

900002.0003

## JURISDICTION AND VENUE

19.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:** Motorola admits that this action purports to arise under the United States Patent Laws, 35 U.S.C. § 1 *et seq.* and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.    Upon information and belief, Defendants have transacted business and committed acts of infringement within the State of Delaware, and the District of Delaware, and are subject to the personal jurisdiction of this Court.

**RESPONSE:** Motorola admits that it has transacted business in the State and District of Delaware and is subject to the personal jurisdiction of this Court.  Motorola denies that it has committed acts of infringement in the State of Delaware, the District of Delaware, or elsewhere. To the extent this allegation seeks information related to other Defendants, Motorola lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 20 and therefore denies them.

21.    Upon information and belief, Defendants have offered for sale, imported, or sold electronic products capable of being used, *inter alia*, to capture, process and view digital images in this District.

**RESPONSE:** Motorola denies that it has imported or sold electronic products capable of being used to capture, process, and view digital images in the District of Delaware.  Motorola admits that it has offered for sale electronic products capable of being used to capture, process, and view digital images in the District of Delaware.  To the extent this allegation seeks information related to other Defendants, Motorola lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 21 and therefore denies them.

22.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

DB02:6783174.1                                                            900002.0003

**RESPONSE:** Motorola admits that venue is proper in this District.

23.     Defendants reside in this District for the purposes of venue, insofar as they are subject to the personal jurisdiction in this District, have committed acts of infringement in this District, solicit business in this District, provide services in this District, encourage others to practice infringing methods in this District, and conduct other business in this District.

**RESPONSE:** Motorola admits that it resides in this District for purposes of venue as it is subject to personal jurisdiction in this District. Motorola admits that it conducts business, solicits business, and provides services in this District. Motorola denies the remaining allegations of Paragraph 23 directed to it. To the extent this allegation seeks information related to other Defendants, Motorola lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 23 and therefore denies them.

## COUNT I-PATENT INFRINGEMENT

24.     On September 12, 2000, the United States Patent and Trademark Office duly and legally issued the '480 patent to FlashPoint, as assignee of the inventors Eric C. Anderson, Steve Saylor, and Amanda R. Mander. The '480 patent is in full force and effect. FlashPoint is the legal owner of the '480 patent and possesses all rights of recovery under the '480 patent.

**RESPONSE:** Motorola admits that the '480 patent states on its face that it was issued on September 12, 2000. Motorola admits that Eric C. Anderson, Steve Saylor, and Amanda R. Mander are the listed inventors of the '480 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '480 patent. Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 and therefore denies them.

25.     On January 23, 2001, the United States Patent and Trademark Office duly and legally issued the '956 patent to FlashPoint, as assignee of the inventors Eric C. Anderson and Mike M. Masukawa. The '956 patent is in full force and effect. FlashPoint is the legal owner of the '956 patent and possesses all rights of recovery under the '956 patent.

**RESPONSE:** Motorola admits that the '956 patent states on its face that it was issued on January 23, 2001. Motorola admits that Eric C. Anderson and Mike M. Masukawa are the listed

8

inventors of the '956 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '956 patent. Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore denies them.

26.     On April 24, 2001, the United States Patent and Trademark Office duly and legally issued the '538 patent to FlashPoint, as assignee of the inventor Eric C. Anderson. The '538 patent is in full force and effect. FlashPoint is the legal owner of the '538 patent and possesses all rights of recovery under the '538 patent.

**RESPONSE:** Motorola admits that the '538 patent states on its face that it was issued on April 24, 2001. Motorola admits that that Eric C. Anderson is the listed inventor of the '538 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '538 patent. Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27.     On April 24, 2001, the United States Patent and Trademark Office duly and legally issued the '190 patent to FlashPoint, as assignee of the inventors Tim Takao Aihara and Rodney Somerstein. The '190 patent is in full force and effect. FlashPoint is the legal owner of the '190 patent and possesses all rights of recovery under the '190 patent.

**RESPONSE:** Motorola admits that the '190 patent states on its face that it was issued on April 24, 2001. Motorola admits that Tim Takao Aihara and Rodney Somerstein are the listed inventors of the '190 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '190 patent. Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and therefore denies them.

28.     On June 19, 2001, the United States Patent and Trademark Office duly and legally issued the '316 patent to FlashPoint, as assignee of the inventor Eric C. Anderson. The '316 patent is in full force and effect. FlashPoint is the legal owner of the '316 patent and possesses all rights of recovery under the '316 patent.

**RESPONSE:** Motorola admits that the '316 patent states on its face that it was issued on June 19, 2001. Motorola admits that Eric C. Anderson is the listed inventor of the '316 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '316 patent. Motorola lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 and therefore denies them.

29.    On November 26, 2002, the United States Patent and Trademark Office duly and legally issued the '914 patent to FlashPoint, as assignee of the inventor Eric C. Anderson.  The '914 patent is in full force and effect.  FlashPoint is the legal owner of the '914 patent and possesses all rights of recovery under the '914 patent.

**RESPONSE:** Motorola admits that the '914 patent states on its face that it was issued on November 26, 2002.  Motorola admits that Eric C. Anderson is the listed inventor of the '914 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '914 patent.  Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30.    On January 7, 2003, the United States Patent and Trademark Office duly and legally issued the '575 patent to FlashPoint, as assignee of the inventors Michael A. Ramirez and Eric C. Anderson.  The '575 patent is in full force and effect.  FlashPoint is the legal owner of the '575 patent and possesses all rights of recovery under the '575 patent.

**RESPONSE:** Motorola admits that the '575 patent states on its face that it was issued on January 7, 2003.  Motorola admits that Michael A. Ramirez and Eric C. Anderson are the listed inventors of the '575 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '575 patent.  Motorola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.    In 1996, FlashPoint was founded as a spin-off of the Imaging Division of Apple Computer, Inc. ("Apple").  FlashPoint continued the research and development of the core technologies started at Apple, and perfected such technologies.

**RESPONSE:** Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32.    Those technologies, protected by the patents-in-suit, enable users to, among other things, capture, process and view digital images.

**RESPONSE:** Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33.     The marketplace has long recognized the value of FlashPoint's inventions, including the patents-in-suit.  Licensees include Canon Inc., Casio Computer Co., Ltd., Concord Camera Corp., Seiko Epson Corp., Fuji Photo Film Co., Ltd., Hewlett-Packard Co., Eastman Kodak Co., Konica Corp., Matsushita Electric Industrial Co., Minolta Co., Ltd., Pentax Corp., Ricoh Corp., Samsung Techwin Co., Ltd., Sanyo Electric Co., Ltd., Sharp Corp., Toshiba Corp., and Vivitar Corp.

**RESPONSE:** Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

34.     Digital image devices have been integrated into cellular telephones for several years. Today, digital image devices are commonplace in a wide variety of Defendants' cellular telephones.

**RESPONSE:** The allegations of Paragraph 34 are ambiguous, including as to the meaning of the phrase "digital image devices."  As a result, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them.

35.     Upon information and belief, each Defendant practices inventions covered by one or more of the patents-in-suit.

**RESPONSE:** Motorola denies that it practices inventions covered by one or more of the patents-in-suit.  Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 as they pertain to other Defendants and therefore denies them.

36.     Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products and/or services, in this District and elsewhere in the United States.  Upon information and belief, AT&T has also contributed to the infringement of one or more claims of the patents-in-suit, and/or actively induced others to infringe one or more claims of the patents-in-suit, in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 36 are directed to another Defendant.  To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 36 and therefore denies them.

37.    Upon information and belief, HTC America has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, HTC America has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 37 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 37 and therefore denies them.

38.    Upon information and belief, HTC Corp. has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, HTC Corp. has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 38 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 38 and therefore denies them.

39.    Upon information and belief, Kyocera Wireless has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Kyocera Wireless has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 39 are directed to another Defendant. To the extent

that a response is required, Motorola lacks knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 39 and therefore denies them.

DB02:6783174.1                                                          900002.0003

40.     Upon information and belief, Kyocera Corp. has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Kyocera Corp. has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 40 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41.     Upon information and belief, LG has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), infringing products in this District and elsewhere in the United States. Upon information and belief, LG has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 41 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies them.

42.     Upon information and belief, LG Electronics has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, LG Electronics has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 42 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies them.

43.     Upon information and belief, Motorola has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States. Upon information and belief, Motorola has also

DB02:6783174.1

900002.0003

contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** Motorola denies the allegations of Paragraph 43.

44.    Upon information and belief, Nokia has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Nokia has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 44 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and therefore denies them.

45.    Upon information and belief, Nokia Mobile has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Nokia Mobile has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 45 are directed to o another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore denies them.

46.    Upon information and belief, Palm has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, Palm has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 46 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief

DB02:6783174.1    900002.0003

about the truth of the allegations in Paragraph 46 and therefore denies them.

47.    Upon information and belief, RIM Corp. has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, RIM Corp. has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:**  The allegations in Paragraph 47 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore denies them.

48.    Upon information and belief, RIM Ltd. has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products, in this District and elsewhere in the United States.  Upon information and belief, RIM Ltd. has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:**  The allegations in Paragraph 48 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies them.

49.    Upon information and belief, Sprint has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products and/or services, in this District and elsewhere in the United States.  Upon information and belief, Sprint has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:**  The allegations in Paragraph 49 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and therefore denies them.

50.    Upon information and belief, T-Mobile has infringed and continues to infringe one or

15

more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products and/or services, in this District and elsewhere in the United States.  Upon information and belief, T-Mobile has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 50 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them.

51.     Upon information and belief, Verizon has infringed and continues to infringe one or more claims of the patents-in-suit by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries) infringing products and/or services, in this District and elsewhere in the United States.  Upon information and belief, Verizon has also contributed to the infringement of one or more claims of the patents-in-suit and/or actively induced others to infringe one or more claims of the patents-in-suit in this District and elsewhere in the United States.

**RESPONSE:** The allegations in Paragraph 51 are directed to another Defendant.  To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies them.

52.     Each Defendant's aforesaid activities have been without authority and/or license from FlashPoint.

**RESPONSE:** Motorola denies that any of its activities have required authority and/or license from FlashPoint.  Motorola believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that, to the extent it requires license and/or authority from Flashpoint for any of its activities, that those activities are licensed and/or with authorization.  To the extent this allegation seeks information related to other Defendants, Motorola lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 52 and therefore denies them.

53.     FlashPoint is entitled to recover from the Defendants the damages sustained by FlashPoint as a result of the Defendants' wrongful acts in an amount subject to proof at

trial.

**RESPONSE:** Motorola denies that it has committed any wrongful acts and denies that FlashPoint is entitled to recover damages from Motorola. To the extent this allegation seeks information related to other Defendants, Motorola lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 53 and therefore denies them.

54.    Upon information and belief, the infringement of one or more claims of the patents-in-suit by Kyocera Wireless and Kyocera Corp. is willful and deliberate. Upon information and belief, the inducement and contributory infringement of one or more claims of the patents-in-suit by Kyocera Wireless and Kyocera Corp. is willful and deliberate. As a result, Flashpoint is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to these defendants.

**RESPONSE:** The allegations in Paragraph 54 are directed to another Defendant. To the extent that a response is required, Motorola lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore denies them.

55.    Defendants' infringement of Flashpoint's exclusive rights under the one or more of the patents-in-suit will continue to damage Flashpoint, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**RESPONSE:** Motorola denies that it has infringed FlashPoint's alleged rights under one or more of the patents-in-suit. Motorola further denies that it has caused damage or irreparable harm to FlashPoint for which there is no adequate remedy at law. Motorola denies that it should be enjoined by this Court. To the extent this allegation seeks information related to other Defendants, Motorola lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 55 and therefore denies them.

## JURY DEMAND

56.    Plaintiff demands a trial by jury on all issues.

**RESPONSE:** Motorola demands a trial by jury on all issues so triable.

DB02:6783174.1                                                                                                                                    900002.0003

* * *

Motorola denies all other allegations not otherwise specifically addressed in its Answer.

## RESPONSE TO PRAYER FOR RELIEF

Motorola denies that Flashpoint is entitled to any of the relief requested in the Complaint, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Motorola alleges and asserts the following defenses in response to the allegations of Flashpoint's Claims, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

Motorola has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '480, '956, '538, '190, '316, '914, or '575 patents.

### Second Affirmative Defense

Motorola believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the claims of the '480, '956, '538, '190, '316, '914, and '575 patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense

Flashpoint is estopped from asserting the '480, '956, '538, '190, '316, '914, and '575 patents against Motorola to the extent Flashpoint unreasonably delayed in filing suit against Motorola.

### Fourth Affirmative Defense

Motorola believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that, by reason of the proceedings in and the admissions made to the United States Patent and Trademark Office during the prosecution of each of the applications which resulted in the issuance of the '480, '956, '538, '190, '316, '914, and '575 patents, Flashpoint is estopped from construing any claim of the patents at issue to cover and include any of the purported acts of infringement of which Flashpoint complains.

DB02:6783174.1                                                                              900002.0003

### Fifth Affirmative Defense

Motorola believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that, Flashpoint has licensing agreements with certain third party suppliers.  Pursuant to the terms of these licensing agreements, these suppliers provide components that are purchased by Motorola and incorporated into accused products. Therefore, Motorola is licensed to perform some or all of the acts alleged to infringe the '480, '956, '538, '190, '316, '914, and '575 patents.

### Sixth Affirmative Defense

Flashpoint's claim for alleged infringement is barred, at least in part, under 35 U.S.C. § 286 for all events occurring more than six years prior to the filing in this action.

### Seventh Affirmative Defense

Flashpoint's claim for damages for the alleged infringement is barred, at least in part, for failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. § 287.

### Eighth Affirmative Defense

Motorola believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that, pursuant to 35 U.S.C. § 288, Flashpoint is precluded from seeking recovery of its costs.

DB02:6783174.1

900002.0003

## MOTOROLA'S COUNTERCLAIMS

Motorola, for its Counterclaims, alleges as follows and hereby demands a jury trial on all issues so triable:

## THE PARTIES

1.    On information and belief, FlashPoint Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

2.    Motorola is a Delaware corporation with its principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois.

## JURISDICTION AND VENUE

3.    These claims arise under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 2201, and 2202.

4.    Venue is proper in the District pursuant to 28 U.S.C. §§ 1391 (b), (c) and 1400(b) because the claims involve federal questions of patent law and Flashpoint is subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

5.    This is an action for declaratory relief arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As described below, Motorola seeks a declaratory judgment that the claims of United States Patent Nos. 6,118,480 ("the '480 patent"); 6,177,956 ("the '956 patent"); 6,222,538 ("the '538 patent") 6,223,190 ("the '190 patent"); 6,249,316 ("the '316 patent"); 6,486,914 ("the '914 patent"); 6,504,575 ("the '575 patent") are invalid under one or more provisions of 35 U.S.C. §§

21

900002.0003

101, 102, 103, 112 and/or 116, and are not infringed by Motorola. An actual controversy over the validity of the patents at issue and their alleged infringement exists between Motorola and Flashpoint, as evidenced by the fact that Flashpoint filed the instant case against Motorola asserting infringement of these patents.

## COUNT I:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6, 118,480

6.    Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

7.    Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '480 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

8.    After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '480 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

9.    Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '480 patent, and that the claims of the '480 patent are invalid.

## COUNT II:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,177,956

10.    Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

11.    Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '956 patent, either directly or indirectly, contributorily or by inducement, literally or under

the doctrine of equivalents.

12.     After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '956 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

13.     Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '956 patent, and that the claims of the '956 patent are invalid.

## COUNT III:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,222,538

14.     Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

15.     Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '538 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

16.     After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '538 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

17.     Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '538 patent, and that the claims of the '538 patent are invalid.

DB02:6783174.1                                                                                          900002.0003

## COUNT IV:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,223,190

18.    Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

19.    Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '190 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

20.    After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '190 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

21.    Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '190 patent, and that the claims of the '190 patent are invalid.

## COUNT V:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,249,316

22.    Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

23.    Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '316 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

24.    After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '316 patent are invalid for failure to comply with the requirements of the Patent Laws of the United

DB02:6783174.1                                           900002.0003

States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

25.    Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '316 patent, and that the claims of the '316 patent are invalid.

## COUNT VI:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,486,914

26.    Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

27.    Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '914 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

28.    After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '914 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

29.    Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '914 patent, and that the claims of the '914 patent are invalid.

## COUNT VII:

### Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,504,575

30.    Motorola repeats and realleges Paragraphs 1-5 as if incorporated herein.

DB02:6783174.1                                                                                900002.0003

31.     Motorola has not infringed, and does not infringe, any valid or enforceable claim of the '575 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

32.     After a reasonable opportunity for further investigation and discovery, Motorola believes that it is likely to have evidentiary support for the conclusion that the claims of the '575 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112.

33.     Motorola is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of the '575 patent, and that the claims of the '575 patent are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Motorola demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Motorola prays that:

1.  Flashpoint take nothing by way of its Complaint and the same be dismissed with prejudice;

2.  Judgment be entered that Motorola does not, and has not, infringed any claim of the '480, '956, '538, '190, '316, '914, or '575 patents;

3.  Judgment be entered that each asserted claim of the '480, '956, '538, '190, '316, '914, and '575 patents is invalid;

4.  All damages, injunctive relief, costs, expenses, attorneys fees, or other relief sought by Flashpoint be denied;

DB02:6783174.1

900002.0003

5. This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorney fees be awarded to Motorola;

6. Costs and expenses be awarded to Motorola; and

7. All other such relief as the Court may deem just and appropriate.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (#3362)
jshaw@ycst.com
Karen E. Keller (#4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

OF COUNSEL:

Russell E. Levine, P.C.
Michael P. Bregenzer
Michelle Skinner
KIRKLAND & ELLIS LLP
200 E. Randolph Street
Suite 5400
Chicago, IL 60601
(312) 861-2000

John M. Desmarais, P.C.
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611        *Attorneys for Motorola, Inc.*
(212) 446-6466

DATED: April 30, 2008

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on April 30, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| David J. Margules, Esquire<br>Evan O. Williford, Esquire<br>Bouchard Margules & Friedlander P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, DE 19801 | Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 |
| Jeffrey L. Moyer, Esquire<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | David E. Moore, Esquire<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 |
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>Richards Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | Arthur G. Connolly, III Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 |
| Steven J. Balick, Esquire<br>John G. Day, Esquire<br>Lauren E. Maguire, Esquire<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19899 | Richard K. Herrmann, Esquire<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899-2306 |

I further certify that on April 30, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

Patrick J. Coughlin, Esquire [patc@csgrr.com]
Michael J. Dowd, Esquire [miked@csgrr.com]
Ray A. Mandlekar, Esquire
[rmandlekar@csgrr.com]
Coughlin Stoia Geller Rudman Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

John F. Ward, Esquire
[wardj@wardolivo.com]
John W. Olivo, Jr., Esquire
[olivoj@wardolivo.com]
David M. Hill, Esquire [hilld@wardolivo.com]
Ward & Olivo
380 Madison Avenue
New York, NY  10017

Peter J. Chassman, Esquire
[ChassmanP@howrey.com
Shane A. Nelson, Esquire
[NelsonS@howrey.com)
Joshua S. Wyde, Esquire
[Wyde@howrey.com]
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX  77002

Leslie J. Gogan, Esquire
[lgogan@crowell.com]
Mark Supko, Esquire
[msupko@crowell.com]
Brian M.. Koide, Esquire
[bkoide@crowell.com]
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004

James H. Wallace, Jr., Esquire
[jwallace@wileyrein.com]
Kevin P. Anderson, Esquire
[kanderson@wileyrein.com]
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC  10006

Ramsey M. Al-Salam, Esquire
[RAIsalam@perkinscoie.com]
Ryan J. McBrayer, Esquire
[rmcbrayer@perkinscoie.com]
Perkins Coie, LLP
1201 Third Avenue, 40th Floor
Seattle, WA  98101

David C. Doyle, Esquire
[ddoyle@mofo.com]
M. Andrew Woodmansee, Esquire
[mawoodmansee@mofo.com]
Gregory W. Reilly, Esquire
[greilly@mofo.com]
12531 High Bluff Drive, Suite 100
San Diego, CA 92130

Samuel E. Stubbs, Esquire
[sam.stubbs@pillsburylaw.com]
PILLSBURY WINTHROP SHAW PITTMAN LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, Texas  77010-1018

DB02:6783747.1

900002.0008

William P. Atkins, Esquire
[william.atkins@pillsburylaw.com]
Christopher K. Dorsey, Esquire
[christopher.dorsey@pillsburylaw.com]
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd.
McLean, Virginia  22102-4859

Stuart Lubitz, Esquire
[slubitz@hhlaw.com]
Hogan & Hartson LLP
1999 Avenue of the Staras
Suite 1400
Los Angeles, CA  90067

James P. Bradley, Esquire
[jbradley@sidley.com]
Sidley Auston LLP
717 N. Harwood, Suite 3400
Dallas, TX  75201

Peter H. Kang, Esquire
[pkang@sidley.com]
Theodore W. Chandler, Esquire
[tchandler@sidley.com]
Sidley Austin LLP
555 California Street
San Francisco, CA  94104

**BY U.S. MAIL**

Palm, Inc.
950 West Maude Avenue
Sunnyvale, CA  94085

YOUNG CONAWAY STARGATT
&  TAYLOR, LLP


*/s/ Karen E. Keller*
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600