IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> AT&T MOBILITY, LLC, D/B/A § <br> CINGULAR WIRELESS, HTC AMERICA, § <br> INC., HTC CORP., KYOCERA WIRLESS § <br> CORP., KYOCERA CORP., LG § <br> ELECTRONICS USA, INC., LG § <br> ELECTRONICS, INC., MOTOROLA, § <br> INC., NOKIA INC., NOKIA CORP., § <br> PALM, INC., RESEARCH IN MOTION § <br> CORP., RESEARCH IN MOTION LTD., § <br> SPRINT SPECTRUM L.P., D/B/A SPRINT § <br> PCS, T-MOBILE USA, INC., and CELLCO § <br> PARTNERSHIP, D/B/A VERIZON § <br> WIRELESS, § <br> § <br> § <br> Defendants. § | C.A. No. 08-140-GMS <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT NOKIA INC.'S ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Nokia Inc. responds as follows to the Original Complaint For Patent Infringement ("Complaint") of Plaintiff FlashPoint Technology, Inc. ("Flashpoint") and asserts the following affirmative defenses.

**NATURE OF THE ACTION**

1.  Nokia Inc. admits that U.S. Patent 6,118,480 ("the '480 patent") entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" on its face identifies FlashPoint as the assignee of the '480 patent. Nokia Inc. further admits that what purports to be a copy of the '480 patent was attached to the Complaint as Exhibit 1. Nokia Inc. admits that U.S. Patent 6,177,956 ("the '956 patent") entitled "System and

Method for Correlating Processing Data and Image Data Within a Digital Camera Device" on its face identifies FlashPoint as the assignee of the '956 patent. Nokia Inc. further admits that what purports to be a copy of the '956 patent was attached to the Complaint as Exhibit 2. Nokia Inc. admits that U.S. Patent 6,222,538 ("the '538 patent") entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" on its face identifies FlashPoint as the assignee of the '538 patent. Nokia Inc. further admits that what purports to be a copy of the '538 patent was attached to the Complaint as Exhibit 3. Nokia Inc. admits that U.S. Patent 6,223,190 ("the '190 patent") entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" on its face identifies FlashPoint as the assignee of the '190 patent. Nokia Inc. further admits that what purports to be a copy of the '190 patent was attached to the Complaint as Exhibit 4. Nokia Inc. admits that U.S. Patent 6,249,316 ("the '316 patent") entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" on its face identifies FlashPoint as the assignee of the '316 patent. Nokia Inc. further admits that what purports to be a copy of the '316 patent was attached to the Complaint as Exhibit 5. Nokia Inc. admits that U.S. Patent 6,486,914 ("the '914 patent") entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" on its face identifies FlashPoint as the assignee of the '914 patent. Nokia Inc. further admits that what purports to be a copy of the '914 patent was attached to the Complaint as Exhibit 6. Nokia Inc. admits that U.S. Patent 6,504,575 ("the '575 patent") entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" on its face identifies FlashPoint as the assignee of the '575 patent. Nokia Inc. further admits that what purports to be a copy of the '575 patent was attached to the Complaint as Exhibit 7. Nokia Inc. also admits that the Complaint purports to seek injunctive relief and monetary damages. Nokia Inc. does not have sufficient

information to admit or deny the remaining allegations in paragraph 1 of the Complaint and, therefore, denies these allegations.

## PARTIES

2. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 2 of the Complaint and, therefore, denies these allegations.

3. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 3 of the Complaint and, therefore, denies these allegations.

4. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and, therefore, denies these allegations.

5. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and, therefore, denies these allegations.

6. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 6 of the Complaint and, therefore, denies these allegations.

7. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 7 of the Complaint and, therefore, denies these allegations.

8. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and, therefore, denies these allegations.

9. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 9 of the Complaint and, therefore, denies these allegations.

10. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and, therefore, denies these allegations.

11.     Nokia Inc. admits that it is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 6000 Connection Drive, Irving, Texas 75039.

12.     Nokia Inc. denies that "Nokia Mobile Corp." is a valid Nokia entity, however, Nokia Inc. admits that Nokia Corp. is a corporation organized under the laws of Finland, and that Nokia Corp. has a principal place of business at Keilalahdentie 2-4, P.O. Box 226, FIN-02150 Espoo, Finland.

13.     Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and, therefore, denies these allegations.

14.     Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 14 of the Complaint and, therefore, denies these allegations.

15.     Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and, therefore, denies these allegations.

16.     Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and, therefore, denies these allegations.

17.     Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 17 of the Complaint and, therefore, denies these allegations.

18.     Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 18 of the Complaint and, therefore, denies these allegations.

## JURISDICTION AND VENUE

19.     Nokia Inc. admits that the Complaint purports to state a claim for patent infringement and that, as to the allegations asserted against it, this Court has subject matter jurisdiction over the patent claims. As to the remaining Defendants, Nokia Inc. does not have

sufficient information to admit or deny the allegations in paragraph 19 of the Complaint and, therefore, denies these allegations.

20. Nokia Inc. admits that it has transacted and does transact business within the State of Delaware and the District of Delaware, and that, as to the allegations asserted against it, this Court has personal jurisdiction over Nokia Inc. for purposes of this action. Nokia Inc. denies that it has committed any acts of infringement within the State of Delaware. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 20 of the Complaint and, therefore, denies these allegations.

21. Nokia Inc. admits that it is in the business of marketing and selling cellular mobile phones and related products in this District, including devices that are camera-capable. Nokia Inc. denies the remaining allegations in paragraph 21 of the Complaint as they relate to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 21 of the Complaint and, therefore, denies these allegations.

22. Nokia Inc. admits that venue is proper as to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 22 of the Complaint and, therefore, denies these allegations.

23. Nokia Inc. admits that venue is proper as to Nokia Inc. Nokia Inc. denies the remaining allegations in paragraph 23 of the Complaint as they relate to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 23 of the Complaint and, therefore, denies these allegations.

## COUNT I – PATENT INFRINGEMENT

24.  Nokia Inc. admits that, on its face, the '480 patent bears an issue date of September 12, 2000. Nokia Inc. also admits that, on its face, the '480 patent identifies FlashPoint as the assignee and Eric C. Anderson, Steve Saylor, and Amanda R. Mander as the named inventors. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 24 of the Complaint and, therefore, denies these allegations.

25.  Nokia Inc. admits that, on its face, the '956 patent bears an issue date of January 23, 2001. Nokia Inc. also admits that, on its face, the '956 patent identifies FlashPoint as the assignee and Eric C. Anderson and Mike M. Masukawa as the named inventors. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 25 of the Complaint and, therefore, denies these allegations.

26.  Nokia Inc. admits that, on its face, the '538 patent bears an issue date of April 24, 2001. Nokia Inc. also admits that, on its face, the '538 patent identifies FlashPoint as the assignee and Eric C. Anderson as the named inventor. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 26 of the Complaint and, therefore, denies these allegations.

27.  Nokia Inc. admits that, on its face, the '190 patent bears an issue date of April 24, 2001. Nokia Inc. also admits that, on its face, the '190 patent identifies FlashPoint as the assignee and Tim Takao Aihara and Rodney Somerstein as the named inventors. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 27 of the Complaint and, therefore, denies these allegations.

28.  Nokia Inc. admits that, on its face, the '316 patent bears an issue date of June 19, 2001. Nokia Inc. also admits that, on its face, the '316 patent identifies FlashPoint as the

assignee and Eric C. Anderson as the named inventor. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 28 of the Complaint and, therefore, denies these allegations.

29. Nokia Inc. admits that, on its face, the '914 patent bears an issue date of November 26, 2002. Nokia Inc. also admits that, on its face, the '914 patent identifies FlashPoint as the assignee and Eric C. Anderson as the named inventor. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 29 of the Complaint and, therefore, denies these allegations.

30. Nokia Inc. admits that, on its face, the '575 patent bears an issue date of January 7, 2003. Nokia Inc. also admits that, on its face, the '575 patent identifies FlashPoint as the assignee and Michael A. Ramirez and Eric C. Anderson as the named inventors. Nokia Inc. does not have sufficient information to admit or deny the remaining allegations in paragraph 30 of the Complaint and, therefore, denies these allegations.

31. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 31 of the Complaint and, therefore, denies these allegations.

32. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 32 of the Complaint and, therefore, denies these allegations.

33. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 33 of the Complaint and, therefore, denies these allegations.

34. Nokia Inc. admits that one or more Nokia cellular mobile phones contain a digital camera. Nokia Inc. denies the remaining allegations in paragraph 34 of the Complaint as they relate to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient

information to admit or deny the allegations in paragraph 34 of the Complaint and, therefore, denies these allegations.

35. Nokia Inc. denies that it practices inventions covered by one or more of the '480 patent, the '956 patent, the '538 patent, the '190 patent, the '316 patent, the '914 patent, and the '575 patent (collectively "the patents-in-suit"). As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 35 of the Complaint and, therefore, denies these allegations.

36. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 36 of the Complaint and, therefore, denies these allegations.

37. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 37 of the Complaint and, therefore, denies these allegations.

38. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 38 of the Complaint and, therefore, denies these allegations.

39. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 39 of the Complaint and, therefore, denies these allegations.

40. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 40 of the Complaint and, therefore, denies these allegations.

41. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 41 of the Complaint and, therefore, denies these allegations.

42. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 42 of the Complaint and, therefore, denies these allegations.

43. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 43 of the Complaint and, therefore, denies these allegations.

44. Nokia Inc. denies the allegations in paragraph 44 of the Complaint.

45. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 45 of the Complaint and, therefore, denies these allegations.

46. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 46 of the Complaint and, therefore, denies these allegations.

47. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 47 of the Complaint and, therefore, denies these allegations.

48. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 48 of the Complaint and, therefore, denies these allegations.

49. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 49 of the Complaint and, therefore, denies these allegations.

50. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 50 of the Complaint and, therefore, denies these allegations.

51. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 51 of the Complaint and, therefore, denies these allegations.

52. Nokia Inc. denies the allegations in paragraph 52 of the Complaint as they relate to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 52 of the Complaint and, therefore, denies these allegations.

53. Nokia Inc. denies the allegations in paragraph 53 of the Complaint as they relate to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 53 of the Complaint and, therefore, denies these allegations.

RLF1-3278576-1

54. Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 54 of the Complaint and, therefore, denies these allegations.

55. Nokia Inc. denies the allegations in paragraph 55 of the Complaint as they relate to Nokia Inc. As to the remaining Defendants, Nokia Inc. does not have sufficient information to admit or deny the allegations in paragraph 55 of the Complaint and, therefore, denies these allegations.

## RESPONSE TO DEMAND FOR JURY

56. To the extent that any allegations are included in FlashPoint's demand for a jury trial, Nokia Inc. denies these allegations.

## RESPONSE TO PRAYER FOR RELIEF

Nokia Inc. denies that it infringes or has infringed, either directly or indirectly, any valid claim of the patents-in-suit. Nokia Inc. also denies that FlashPoint is entitled to any of the relief requested against Nokia Inc., including actual damages, prejudgment interest, injunctive relief, or any other relief of any kind. To the extent that any allegations are included in FlashPoint's demand for relief, Nokia Inc. denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Nokia Inc. has not and does not infringe (either literally or under the Doctrine of Equivalents), actively induce infringement, or contribute to the infringement of any valid and enforceable claim of the patents-in-suit.

## SECOND DEFENSE

2. The patents-in-suit are invalid or void for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to §§ 102, 103, and/or 112.

## THIRD DEFENSE

3. FlashPoint's claim for damages, if any, against Nokia Inc. for alleged infringement of the patents-in-suit are limited by 35 U.S.C. §§ 286, 287, and 288.

## FOURTH DEFENSE

4. FlashPoint is not entitled to injunctive relief because, among other things, any injury to FlashPoint is not immediate or irreparable, and FlashPoint has an adequate remedy at law.

## FIFTH DEFENSE

5. FlashPoint's claims are barred by the doctrines of laches, equitable estoppel, unclean hands, and/or waiver.

## SIXTH DEFENSE

6. This case is exceptional under 35 U.S.C. § 285.

## SEVENTH DEFENSE

7. FlashPoint's claims are barred to the extent that they interpret the scope of the claims, and Nokia Inc.'s alleged infringement thereof, in a manner that is precluded by prosecution history estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Nokia Inc. prays for entry of judgment that:

1. This Court dismiss the Complaint against Nokia Inc. with prejudice;

2. This Court enter judgment that Nokia Inc. has not infringed, induced the infringement of, or contributed to the infringement of any claim of U.S. Patent Nos. 6,118,480, 6,177,956, 6,222,538, 6,223,190, 6,249,316, 6,486,914, and 6,504,575;

3. This Court enter judgment that U.S. Patent Nos. 6,118,480, 6,177,956, 6,222,538, 6,223,190, 6,249,316, 6,486,914, and 6,504,575 are invalid;

4. This Court declare that FlashPoint's claims are barred by the doctrines of laches, equitable estoppel, unclean hands and/or waiver;

5. This Court award Nokia Inc. its costs, including reasonable attorneys' fees and all of its expenses for defending this suit because this is an exceptional case under 35 U.S.C. § 285; and

6. This Court award Nokia Inc. such other relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Nokia Inc. demands a jury trial for all issues deemed to be triable by a jury.

/s/

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
Attorneys for Defendant Nokia Inc.

Dated: April 30, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, hereby certify that on April 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) and electronically delivered to the following:

David E. Margules, Esquire
Evan Olin Williford, Esquire
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

John F. Ward, Esquire
John W. Olivo, Jr., Esquire
David M. Hill, Esquire
Michael J. Zinna, Esquire
Ward & Olivo, Esquire
380 Madison Avenue
New York, NY  10017

David C. Doyle, Esquire
M. Andrew Woodmansee, Esquire
Greg Reilly, Esquire
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92140

Patrick J. Coughlin, Esquire
Michael J. Dowd, Esquire
Rajesh Arun Mandlekar, Esquire
Coughlin Stoia Geller Rudman Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

Arthur G. Connolly, III, Esquire
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
Wilmington, DE  19801

Ramsey M. Al-Salam, Esquire
Ryan J. McBrayer, Esquire
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101

Peter J. Chassman, Esquire
Shane A. Nelson, Esquire
Joshua S. Wyde, Esquire
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX  77002

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19801

Stuart Lubitz, Esquire
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067

| | |
|---|---|
| Steven J. Balick, Esquire<br>John G. Day, Esquire<br>Lauren E. Maguire, Esquire<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE  19899 | Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza - Sixth Floor<br>1313 North Market Street<br>P. O. Box 951<br>Wilmington, DE  19899-0951 |
| Richard K. Herrmann, Esquire<br>Morris James LLP, Esquire<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899-2306 | James H. Wallace, Jr., Esquire<br>Kevin P. Anderson, Esquire<br>Wiley Rein LLP<br>1776 K Street, NW<br>Washington, DE  20006 |

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Fineman@rlf.com