IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-140-GMS |
| | ) | |
| AT&T MOBILITY, LLC, D/B/A CINGULAR | ) | |
| WIRELESS, HTC AMERICA, INC., HTC CORP., | ) | **JURY TRIAL DEMANDED** |
| KYOCERA WIRELESS CORP., KYOCERA | ) | |
| CORP., LG ELECTRONICS USA, INC., LG | ) | |
| ELECTRONICS, INC., MOTOROLA, INC., | ) | |
| NOKIA, INC., NOKIA CORP., PALM, INC., | ) | |
| RESEARCH IN MOTION CORP., RESEARCH IN | ) | |
| MOTION LTD., SPRINT SPECTRUM L.P., D/B/A | ) | |
| SPRINT PCS, T-MOBILE USA, INC., and | ) | |
| CELLCO PARTNERSHIP, D/B/A VERIZON | ) | |
| WIRELESS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIMS OF AT&T MOBILITY LLC
## TO PLAINTIFF'S COMPLAINT

Defendant AT&T Mobility LLC (hereinafter "AT&T Mobility") hereby responds to the

numbered paragraphs of Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Original

Complaint for Patent Infringement ("Complaint"), filed on March 7, 2008, as follows:

Each and every allegation of the Complaint not specifically admitted herein is denied.

### I. NATURE OF THE ACTION

1.    AT&T Mobility admits that this action purports to be a patent infringement

action.  AT&T Mobility admits that FlashPoint requests injunctive relief and monetary damages

in its Prayer for Relief.  AT&T Mobility admits that U.S. Patent No. 6,118,480 ("the '480

patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface

Across Multiple Operating Modes" and that a copy of the '480 patent was attached to

FlashPoint's Complaint as Exhibit 1.  AT&T Mobility admits that U.S. Patent No. 6,177,956

("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image

Data within a Digital Camera Device" and that a copy of the '956 patent was attached to

FlashPoint's Complaint as Exhibit 2.  AT&T Mobility admits that U.S. Patent No. 6,222,538

("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device

Using Scripts" and that a copy of the '538 patent was attached to FlashPoint's Complaint as

Exhibit 3.  AT&T Mobility admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled

"Method and System for Producing an Internet Page Description File on a Digital Imaging

Device" and that a copy of the '190 patent was attached to FlashPoint's Complaint as Exhibit 4.

AT&T Mobility admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method

and System for Creating a Temporary Group of Images on a Digital Camera" and that a copy of

the '316 patent was attached to FlashPoint's Complaint as Exhibit 5.  AT&T Mobility admits

that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for

Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" and that

a copy of the '914 patent was attached to FlashPoint's Complaint as Exhibit 6.  AT&T Mobility

admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for

Displaying Overlay Bars on a Digital Imaging Device" and that a copy of the '575 patent was

attached to FlashPoint's Complaint as Exhibit 7.  The '480, '956, '538, '190, '316, '914, and

'575 patents are hereinafter referred to as "the patents-in-suit."  AT&T Mobility admits that this

purports to be a patent infringement action and that FlashPoint's Prayer for Relief requests

injunctive and monetary relief.  AT&T Mobility denies that it has infringed the patents-in-suit

and denies that FlashPoint is entitled to any injunctive relief or monetary damages.  AT&T

Mobility admits that FlashPoint is shown on the face of the patents-in-suit as the assignee, but is

without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 1 of FlashPoint's Complaint and, therefore, denies same.

## II. PARTIES

2.      On information and belief, AT&T Mobility admits that the Delaware Division of Corporations website lists FlashPoint Technology, Inc., as a corporation organized under the laws of Delaware.  AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 2 of FlashPoint's Complaint and, therefore, denies same.

3.      AT&T Mobility is a limited liability company organized and existing under the laws of Delaware, and therefore denies that it is a corporation organized and existing under the laws of Delaware.  AT&T Mobility admits that its principal place of business is located at 5565 Glenridge Connector, Atlanta, Georgia 30342. AT&T Mobility denies the remaining averments in paragraph 3 of FlashPoint's Complaint.

4.      The allegations in paragraph 4 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of FlashPoint's Complaint and, therefore, denies same.

5.      The allegations in paragraph 5 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of FlashPoint's Complaint and, therefore, denies same.

6.      The allegations in paragraph 6 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of FlashPoint's Complaint and, therefore, denies same.

7. The allegations in paragraph 7 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of FlashPoint's Complaint and, therefore, denies same.

8. The allegations in paragraph 8 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of FlashPoint's Complaint and, therefore, denies same.

9. The allegations in paragraph 9 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of FlashPoint's Complaint and, therefore, denies same.

10. The allegations in paragraph 10 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of FlashPoint's Complaint and, therefore, denies same.

11. The allegations in paragraph 11 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of FlashPoint's Complaint and, therefore, denies same.

12. The allegations in paragraph 12 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of FlashPoint's Complaint and, therefore, denies same.

13. The allegations in paragraph 13 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of FlashPoint's Complaint and, therefore, denies same.

14.    The allegations in paragraph 14 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of FlashPoint's Complaint and, therefore, denies same.

15.    The allegations in paragraph 15 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of FlashPoint's Complaint and, therefore, denies same.

16.    The allegations in paragraph 16 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of FlashPoint's Complaint and, therefore, denies same.

17.    The allegations in paragraph 17 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of FlashPoint's Complaint and, therefore, denies same.

18.    The allegations in paragraph 18 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of FlashPoint's Complaint and, therefore, denies same.

### III. JURISDICTION AND VENUE

19.    AT&T Mobility admits that this action purports to arise under the United States Patent Laws, 35 U.S.C. § 1 *et seq.* Paragraph 19 of FlashPoint's Complaint is also an allegation of subject matter jurisdiction for which no response is required. To the extent paragraph 19 contains other factual averments as to AT&T Mobility, they are denied. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 as to the other defendants and, therefore, denies same.

20.    Paragraph 20 of FlashPoint's Complaint is an allegation of personal jurisdiction for which no response is required. AT&T Mobility admits that it transacts business in Delaware

and denies that it has committed acts of infringement in Delaware or elsewhere. To the extent paragraph 20 contains other factual averments as to AT&T Mobility, they are denied. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 as to the other defendants and, therefore, denies same.

21.     The allegations contained in Paragraph 21, including the meaning of the phrase "capable of being used, *inter alia*, to capture, process and view digital images," are vague, inexplicit, and ambiguous. Therefore, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of FlashPoint's Complaint and, therefore, denies same. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 as to the other defendants and, therefore, denies same.

22.     Paragraph 22 of FlashPoint's Complaint is an allegation of venue for which no response is required. To the extent paragraph 22 contains other factual averments as to AT&T Mobility, they are denied. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 as to the other defendants and, therefore, denies same.

23.     AT&T Mobility admits that it resides in this District for the purposes of venue and is subject to personal jurisdiction in this District. AT&T Mobility admits that it solicits business, provides services, and conducts other business in this District. AT&T Mobility denies the remaining allegations in paragraph 23 and notes that AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 as to the other defendants and, therefore, denies same.

## IV. COUNT I – PATENT INFRINGEMENT

24.     AT&T Mobility admits that the United States Patent and Trademark Office ("USPTO") appears to have issued the '480 patent on September 12, 2000, that the face of the patent lists Eric C. Anderson, Steve Saylor, and Amanda R. Mander as inventors, and that the face of the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 24 of FlashPoint's Complaint and, therefore, denies same.

25.     AT&T Mobility admits that the USPTO appears to have issued the '956 patent on January 23, 2001, that the face of the patent lists Eric C. Anderson and Mike M. Masukawa as inventors, and that the face of the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 25 of FlashPoint's Complaint and, therefore, denies same.

26.     AT&T Mobility admits that the USPTO appears to have issued the '538 patent on April 24, 2001, that the face of the patent lists Eric C. Anderson as inventor, and that the face of the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 26 of FlashPoint's Complaint and, therefore, denies same.

27.     AT&T Mobility admits that the USPTO appears to have issued the '190 patent on April 24, 2001, that the face of the patent lists Tim Takao Aihara and Rodney Somerstein as inventors, and that the face of the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 27 of FlashPoint's Complaint and, therefore, denies same.

28.     AT&T Mobility admits that the USPTO appears to have issued the '316 patent on June 19, 2001, that the face of the patent lists Eric C. Anderson as inventor, and that the face of

the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 28 of FlashPoint's Complaint and, therefore, denies same.

29.    AT&T Mobility admits that the USPTO appears to have issued the '914 patent on November 26, 2002, that the face of the patent lists Eric C. Anderson as inventor, and that the face of the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 29 of FlashPoint's Complaint and, therefore, denies same.

30.    AT&T Mobility admits that the USPTO appears to have issued the '575 patent on January 7, 2003, that the face of the patent lists Michael A. Ramirez and Eric C. Anderson as inventors, and that the face of the patent lists FlashPoint as the assignee. AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 30 of FlashPoint's Complaint and, therefore, denies same.

31.    AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of FlashPoint's Complaint and, therefore, denies same.

32.    AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 of FlashPoint's Complaint and, therefore, denies same.

33.    AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of FlashPoint's Complaint and, therefore, denies same.

34.     The allegations contained in Paragraph 34, including the meaning of the phrase "digital image devices," are vague, inexplicit, and ambiguous.  As a result, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of FlashPoint's Complaint and, therefore, denies same.

35.     The allegations contained in Paragraph 35, including the meaning of the phrase "practices inventions," are vague, inexplicit, and ambiguous.  As a result, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of FlashPoint's Complaint and, therefore, denies same. To the extent it is alleged, AT&T Mobility denies that it has committed any infringement of the patents in-suit.  As to the practices of other Defendants, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of FlashPoint's Complaint and, therefore, denies same.

36.     The allegations contained in Paragraph 36, including the meaning of the phrase "infringing products and/or services" are vague, inexplicit, and ambiguous.  To the extent it is understood, AT&T Mobility denies the allegations in paragraph 36 of FlashPoint's Complaint, including specifically and without limitation, any allegations of infringement.

37.     The allegations in paragraph 37 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 of FlashPoint's Complaint and, therefore, denies same.

38.     The allegations in paragraph 38 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 38 of FlashPoint's Complaint and, therefore, denies same.

39.     The allegations in paragraph 39 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 39 of FlashPoint's Complaint and, therefore, denies same.

40.     The allegations in paragraph 40 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 40 of FlashPoint's Complaint and, therefore, denies same.

41.     The allegations in paragraph 41 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 41 of FlashPoint's Complaint and, therefore, denies same.

42.     The allegations in paragraph 42 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42 of FlashPoint's Complaint and, therefore, denies same.

43.     The allegations in paragraph 43 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of FlashPoint's Complaint and, therefore, denies same.

44.     The allegations in paragraph 44 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of FlashPoint's Complaint and, therefore, denies same.

45.     The allegations in paragraph 45 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of FlashPoint's Complaint and, therefore, denies same.

46.     The allegations in paragraph 46 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of FlashPoint's Complaint and, therefore, denies same.

47.     The allegations in paragraph 47 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 47 of FlashPoint's Complaint and, therefore, denies same.

48.     The allegations in paragraph 48 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 48 of FlashPoint's Complaint and, therefore, denies same.

49.     The allegations in paragraph 49 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 49 of FlashPoint's Complaint and, therefore, denies same.

50.     The allegations in paragraph 50 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 50 of FlashPoint's Complaint and, therefore, denies same.

51.     The allegations in paragraph 51 are directed to other Defendants and therefore AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 51 of FlashPoint's Complaint and, therefore, denies same.

52.     The allegations contained in paragraph 52 of FlashPoint's Complaint, including the meaning of "Each Defendant's aforesaid activities," are vague, inexplicit, and ambiguous. To the extent it is understood, AT&T Mobility denies that its accused devices require authority and/or license from FlashPoint. On information and belief, AT&T Mobility further denies that its accused devices have been without authority and/or license from FlashPoint. With respect to

the accused devices of other Defendants, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 52 of FlashPoint's Complaint and, therefore, denies same.

53.    AT&T Mobility denies that it has committed any wrongful act and further denies that FlashPoint is entitled to recover any damages for any acts committed by AT&T Mobility. With respect to the actions of other Defendants, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 53 of FlashPoint's Complaint and, therefore, denies same.

54.    AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 54 of FlashPoint's Complaint and, therefore, denies same.

55.    AT&T Mobility denies that it has infringed any of the patents-in-suit.  AT&T Mobility further denies that FlashPoint is entitled to an injunction in this action and denies that there no adequate remedy at law, to the extent FlashPoint is entitled to any remedy whatsoever. With respect to the actions of other Defendants, AT&T Mobility is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 55 of FlashPoint's Complaint and, therefore, denies same.

### V. JURY TRIAL

56.    AT&T Mobility demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

AT&T Mobility alleges and asserts the following affirmative defenses in response to the allegations of the  Complaint:

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

57.     FlashPoint's Complaint fails to state a claim against AT&T Mobility upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

58.     AT&T Mobility has not infringed and does not infringe either directly, contributorily, or by inducement any valid claim of any of the patents-in-suit either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

59.     One or more claims of the patents-in-suit are invalid for failing to comply with the requirements of 35 U.S.C. § 1 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE – WAIVER, ESTOPPEL, AND LACHES

60.     To the extent FlashPoint unreasonably delayed filing suit, FlashPoint's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE – TIME LIMITATION ON DAMAGES

61.     FlashPoint's claims for relief and prayer for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the complaint.

### SIXTH AFFIRMATIVE DEFENSE – COSTS UNAVAILABLE

62.     On information and belief, FlashPoint is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

### SEVENTH AFFIRMATIVE DEFENSE – MARKING

63.     On information and belief, FlashPoint's prayer for damages is barred, in whole or in part, by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE – LACK OF STANDING

64.     On information and belief, FlashPoint lacks standing to assert the allegations of the Complaint because, among other things and without limitations, it is not the owner of some or all of the patented inventions.

## NINTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

65.     By reason of the proceedings in the United States Patent and Trademark Office, including the prosecution of the applications which resulted in the patents-in-suit, FlashPoint is estopped from construing the claims of the patents-in-suit, to cover and include accused products used, sold, or offered for sale by AT&T Mobility.

## TENTH AFFIRMATIVE DEFENSE – PATENT MISUSE

66.     FlashPoint is not entitled to the relief it seeks against AT&T Mobility in the Complaint on the grounds that the patents-in-suit are unenforceable for misuse of the patents by FlashPoint, its subsidiaries, affiliate entities, and/or agents.

## ELEVENTH AFFIRMATIVE DEFENSE – PRE-SUIT INVESTIGATION

67.     On information and belief, FlashPoint is precluded from recovery and/or subject to sanctions under Fed. R. Civ. P. 11 for failure to comply with its obligations to conduct an adequate pre-suit investigation.

## TWELFTH AFFIRMATIVE DEFENSE – LICENSED PRODUCTS

68.     On information and belief, at least some of the accused devices are licensed by FlashPoint.

## THIRTEENTH AFFIRMATIVE DEFENSE – MISCELLANEOUS

69.    AT&T Mobility has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available.  Therefore, AT&T Mobility reserves the right to assert any other defenses that discovery may reveal.

## PRAYER FOR JUDGMENT AND RELIEF

**WHEREFORE**, AT&T Mobility respectfully requests judgment and relief as follows:

(a)    FlashPoint's Complaint be dismissed with prejudice;

(b)    This Court deny, in its entirety, the relief sought by FlashPoint's Complaint and Prayer for Relief including, but not limited to, alleged damages, costs, attorneys' fees and injunctive relief;

(c)    This Court adjudge one or more claims of the patents-in-suit invalid;

(d)    This Court adjudge that the patents-in-suit are not infringed, directly or indirectly, by AT&T Mobility;

(e)    This Court declare this case to be exceptional and award AT&T Mobility its reasonable attorney's fees, expenses, and costs in this action; and

(f)    This Court grant such other and further relief as to the Court may appear proper.

## COUNTERCLAIMS OF AT&T MOBILITY LLC

1.      AT&T Mobility LLC ("AT&T Mobility") hereby refers to and incorporates by reference as if fully set forth herein each answer and additional defense stated above.

2.      Jurisdiction of these counterclaims is based upon the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and 28 U.S.C § 1331, 1337(a), 1338, as well as Rule 13 of the Federal Rules of Civil Procedure.

3.      These counterclaims arise under the patent laws of the United States, 35 U.S.C § 1, *et seq.*, and 28 U.S.C. § 2201, *et seq.*

4.      Plaintiff, FlashPoint Technology, Inc. ("FlashPoint"), has submitted to the personal jurisdiction of this Court by filing an action for patent infringement.

5.      By FlashPoint's filing of its Complaint alleging patent infringement against AT&T Mobility, an actual controversy exists between FlashPoint and AT&T Mobility regarding the infringement and validity of the patents-in-suit, thereby vesting this Court with subject matter jurisdiction over these Counterclaims.

6.      Venue is proper in this district.

### COUNTERCLAIM COUNT I:
### DECLARATORY JUDGMENT OF INVALIDITY OF THE
### PATENTS-IN-SUIT

7.      AT&T Mobility incorporates by reference the allegations in Paragraphs 1-6 of the Counterclaim and all preceding allegations in the Answer as if fully set forth herein.

8.      One or more claims of each of the patents-in-suit are invalid for failing to comply with one or more requirements for patentability set forth in 35 U.S.C. § 1 *et seq.* including, without limitation, §§ 101, 102, 103, and/or 112.

## COUNTERCLAIM COUNT II:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE
## PATENTS-IN-SUIT

9.      AT&T Mobility incorporates by reference the allegations in Paragraphs 1-8 of the Counterclaim and all preceding allegations in the Answer as if fully set forth herein.

10.      AT&T Mobility has not in the past, and does not now make, use, sell, offer to sell, or import any products that infringe any valid claim of any of the patents-in-suit, either directly or indirectly.

### PRAYER FOR RELIEF FOR COUNTERCLAIMS

AT&T Mobility prays that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that:

(a)     Claims of the patents-in-suit are invalid;

(b)     AT&T Mobility has not infringed any valid claim of the patents-in-suit;

(c)     AT&T Mobility has not contributed to the infringement of any valid claim of the patents-in-suit;

(d)     AT&T Mobility has not induced infringement of any valid claim of the patents-in-suit;

(e)     The relief sought by FlashPoint's Complaint and Prayer for Relief be denied;

(f)     This case is exceptional and award AT&T Mobility its reasonable attorneys' fees, expenses, and costs in this action; and

(g)     This Court grant AT&T Mobility such other and further relief that this Court deems just and proper.

## JURY DEMAND

AT&T Mobility demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38, with respect to both its Answer and Counterclaims.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Karen E. Keller
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

OF COUNSEL:

Samuel E. Stubbs
PILLSBURY WINTHROP SHAW PITTMAN LLP
Two Houston Center
909 Fannin
Suite 2000
Houston, Texas 77010-1018
(713) 276-7645

William P. Atkins
Christopher K. Dorsey
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd.
McLean, Virginia 22102-4859
(703) 770-7900

*Attorneys for Defendant AT&T Mobility LLC*

DATED: April 30, 2008

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on April 30, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

David J. Margules, Esquire
Evan O. Williford, Esquire
Bouchard Margules & Friedlander P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Jeffrey L. Moyer, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Arthur G. Connolly, III Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick, Esquire
John G. Day, Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

I further certify that on April 30, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

Patrick J. Coughlin, Esquire [patc@csgrr.com]
Michael J. Dowd, Esquire [miked@csgrr.com]
Ray A. Mandlekar, Esquire
[rmandlekar@csgrr.com]
Coughlin Stoia Geller Rudman Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

John F. Ward, Esquire
[wardj@wardolivo.com]
John W. Olivo, Jr., Esquire
[olivoj@wardolivo.com]
David M. Hill, Esquire [hilld@wardolivo.com]
Ward & Olivo
380 Madison Avenue
New York, NY 10017

Peter J. Chassman, Esquire
[ChassmanP@howrey.com]
Shane A. Nelson, Esquire
[NelsonS@howrey.com)
Joshua S. Wyde, Esquire
[Wyde@howrey.com]
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX 77002

Leslie J. Gogan, Esquire
[lgogan@crowell.com]
Mark Supko, Esquire
[msupko@crowell.com]
Brian M.. Koide, Esquire
[bkoide@crowell.com]
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

James H. Wallace, Jr., Esquire
[jwallace@wileyrein.com]
Kevin P. Anderson, Esquire
[kanderson@wileyrein.com]
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 10006

Ramsey M. Al-Salam, Esquire
[RAIsalam@perkinscoie.com]
Ryan J. McBrayer, Esquire
[rmcbrayer@perkinscoie.com]
Perkins Coie, LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101

David C. Doyle, Esquire
[ddoyle@mofo.com]
M. Andrew Woodmansee, Esquire
[mawoodmansee@mofo.com]
Gregory W. Reilly, Esquire
[greilly@mofo.com]
12531 High Bluff Drive, Suite 100
San Diego, CA 92130

Russell E. Levine, P.C.
[rlevine@kirkland.com]
Michael P. Bregenzer, Esquire
[mbregenzer@kirkland.com]
Michelle Skinner, Esquire
[skinnerm@kirkland.com]
KIRKLAND & ELLIS LLP
200 E. Randolph Street
Suite 5400
Chicago, IL 60601

John M. Desmarais, P.C.
[jdesmarais@kirkland.com]
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Stuart Lubitz, Esquire
[slubitz@hhlaw.com]
Hogan & Hartson LLP
1999 Avenue of the Staras
Suite 1400
Los Angeles, CA 90067

2

James P. Bradley, Esquire
[jbradley@sidley.com]
Sidley Auston LLP
717 N. Harwood, Suite 3400
Dallas, TX 75201

Peter H. Kang, Esquire
[pkang@sidley.com]
Theodore W. Chandler, Esquire
[tchandler@sidley.com]
Sidley Austin LLP
555 California Street
San Francisco, CA 94104

**BY U.S. MAIL**

Palm, Inc.
950 West Maude Avenue
Sunnyvale, CA 94085

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

DB02:6783847.1                                                        900002.0008