## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 08-140-GMS |
| | § | |
| AT&T MOBILITY, LLC, D/B/A CINGULAR | § | **JURY TRIAL DEMANDED** |
| WIRELESS, HTC AMERICA, INC., HTC CORP., | § | |
| KYOCERA WIRELESS CORP., KYOCERA CORP., | § | |
| LG ELECTRONICS USA, INC., LG ELECTRONICS, | § | |
| INC., MOTOROLA, INC., NOKIA, INC., NOKIA | § | |
| CORP., PALM, INC., RESEARCH IN MOTION | § | |
| CORP., RESEARCH IN MOTION LTD., SPRINT | § | |
| SPECTRUM L.P., D/B/A SPRINT PCS, T-MOBILE | § | |
| USA, INC., and CELLCO PARTNERSHIP, D/B/A | § | |
| VERIZON WIRELESS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF FLASHPOINT TECHNOLOGY INC.'S OPPOSITION
## TO DEFENDANT SPRINT SPECTRUM L.P.'S MOTION TO DISMISS

Patrick J. Coughlin
Michael J. Dowd
Ray Arun Mandlekar
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
(212) 697-6262

David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff Flashpoint Technology, Inc.*

Dated: May 14, 2008

## TABLE OF CONTENTS

**Page**

I.    STATEMENT OF PROCEEDINGS.................................................................................1

II.   SUMMARY OF ARGUMENT....................................................................................2

III.  STATEMENT OF FACTS........................................................................................2

IV.   ARGUMENT.........................................................................................................3

  A.  FlashPoint Has Satisfied Rule 8...................................................................5

  B.  Sprint Attempts To Impose a Heightened
    Pleading Requirement On FlashPoint ..........................................................6

    1.  Claim-Specific Infringement Contentions Will Be
      Developed as the Case Proceeds..................................................6

    2.  FlashPoint Has Sufficiently Identified Sprint's Infringing
      Technology .......................................................... ...…..…….8

    3.  FlashPoint Properly Pleads Vicarious Infringement as an
      Appropriate Alternative Theory Against Sprint........................................9

V.    CONCLUSION…..................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                    **Page**

*Anthran v. PATCO*, 672 F.2d 706 (8th Cir. 1982).............................................................7

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).............................................3, 4, 9

*CFMT, Inc. v. Yieldup Int'l Corp.*, 1996 U.S. Dist. LEXIS 22795 (D. Del. April 5, 1996).........8

*Concha v. London*, 62 F.3d 1493 (9th Cir. 1995).........................................................10

*Conley v. Gibson*, 355 U.S. 41 (1957)..........................................................................3

*Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987)...................................................10

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007)................................................................3

*Homsey v. Vigilant Ins. Co.*, 2007 U.S. Dist. LEXIS 55399 (D. Del. July 31, 2007)...............5

*Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252 (D. Del. 2006)..........................8

*Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F. Supp. 276 (E.D. Pa. 1994)...................9

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007)................................................................5

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
    507 U.S. 163 (1993)....................................................................................4

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir., 2007)........................4, 7, 8

*Mescall v. Tully*, 91 Ind. 96 (Ind. 1883)......................................................................7

*Nord v. McElroy*, 296 F.2d 12 (9th Cir. 1961)...............................................................8

*Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853 (D. Del. June 10, 2002)...............9

*Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)..........................3

*Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790 (Fed. Cir. 2000)................5, 6

*Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)..........................................................4, 5

*U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142 (C.D. Cal. 2005)............................8

*Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987)......................................................3

**Rules**                                                                      **Page**

Fed. R. Civ. P. 8(a)(2)………………………………………………………………………..3, 6

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………….3

Fed. R. Civ. P. 12(e)………………………………………………………………………………8

Fed. R. Civ. P. 84…………………………………………………………………………..5, 6, 9

Fed. R. Civ. P. App. Form 16………………………………………………………………..5, 6


**Other Authorities**                                                          **Page**

5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219
          (3d ed. 2007)…..…………………………………………………………………….7

## I.    STATEMENT OF PROCEEDINGS

In its complaint, Plaintiff FlashPoint Technology Inc. ("FlashPoint") alleges a separate

claim for relief against each defendant or defendant group in this action with regard to their

infringing products that enable users to, among other things, capture, process and view digital

images. (Plaintiff's March 7, 2008 Complaint for Patent Infringement (D.I. 1.)("Compl."),¶¶ 31-

51.)[1]  In response, several of the defendants have answered the Complaint.  (D.I. 25, 45, 47, 52,

54, 56, 58, 60 and 62.)  Only Sprint Spectrum L.P., d/b/a Sprint PCS ("Sprint") has moved to

dismiss or to require a more definite statement, arguing that they cannot answer or otherwise

respond to the Complaint as drafted. (Sprint's April 30, 2008 Brief (D.I. 76)("Sprint Brief"),

p.1.)

FlashPoint's Complaint identifies the patents infringed by the defendants, the specific

entities infringing those patents and the defendants' technology that infringes the patents.  The

other defendants found these allegations sufficient to answer the Complaint and assert

counterclaims against FlashPoint. (D.I. 25, 45, 47, 52, 54, 56, 58, 60 and 62.)  In short, Sprint too

---

[1] The Complaint alleges infringement of FlashPoint's United States Patent No. 6,118,480 entitled "Method and Apparatus for Integrating a **Digital Camera** User Interface Across Multiple Operating Modes", United States Patent No. 6,177,956 entitled "System and Method for Correlating Processing Data and Image Data within a **Digital Camera** Device", United States Patent No. 6,222,538 entitled "Directing Image Capture Sequences in a **Digital Imaging Device** Using Scripts", United States Patent No. 6,223,190 entitled "Method and System for Producing an Internet Page Description File on a **Digital Imaging Device**", United States Patent No. 6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a **Digital Camera**", United States Patent No. 6,486,914 entitled "Method and System for Controlling User Interaction in a **Digital Imaging Device** Using Dynamic Overlay Bars", and United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a **Digital Imaging Device**".

has been provided with sufficient notice of the claims against it and its motion to dismiss should be denied.

## II.    SUMMARY OF ARGUMENT

Sprint's argument that FlashPoint has not adequately pleaded its claims under Federal Rule of Civil Procedure 8 is unavailing.  In its Complaint, FlashPoint identifies the patents-in-suit and the technology covered by them.  FlashPoint then separately identifies the allegations against each defendant.  (E.g., Compl., ¶¶31-51.)  FlashPoint need not detail, at the pleading stage, the specific claims of the patents-in-suit that are infringed by each of Sprint's products. FlashPoint's allegations are more than sufficient to satisfy Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

## III.    STATEMENT OF FACTS

In 1996, FlashPoint was founded as a spin-off of the Imaging Division of Apple Computer, Inc. ("Apple").  FlashPoint continued the research and development of the core technologies started at Apple, and perfected those technologies.  Those technologies, protected by the patents-in-suit, relate to digital imaging devices or digital cameras that enable users to, among other things, capture, process and view digital images.  Digital image devices have been integrated into cellular telephones for several years, and are now commonplace in a variety of cellular telephones, including those sold by Sprint.  Indeed, the marketplace has widely recognized the value of FlashPoint's inventions, including the patents-in-suit, and, to date, FlashPoint has licensed its patents to numerous companies, including Canon Inc., Casio Computer Co., Ltd., Concord Camera Corp., Seiko Epson Corp., Fuji Photo Film Co., Ltd., Hewlett-Packard Co., Eastman Kodak Co., Konica Corp., Matsushita Electric Industrial Co.,

Minolta Co., Ltd., Pentax Corp., Ricoh Corp., Samsung Techwin Co., Ltd., Sanyo Electric Co.,

Ltd., Sharp Corp., Toshiba Corp., and Vivitar Corp. (Compl., ¶¶31-34.)

Sprint sells and offers to sell, among other things, cellular telephones with integrated

digital image devices.  Sprint portrays FlashPoint's allegations as lacking specificity as to the

basis for FlashPoint's claims against Sprint.  To the contrary, FlashPoint's complaint specifically

alleges a separate cause of action for each defendant, identifies the patents being infringed by

name and number, and identifies the technologies protected by those patents.

## IV.   ARGUMENT

Sprint's motion to dismiss does not meet the high standard that applies, and should be

denied. On a motion to dismiss under Rule 12(b)(6), this Court must "accept all allegations of

fact as true and draw all reasonable inferences in [FlashPoint's] favor" to assess whether

FlashPoint has any grounds for relief.  *Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d

1380, 1391 (3d Cir. 1994)(reversing grant of motion to dismiss by drawing inferences in

plaintiff's favor); *Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987)(same).  Sprint disregards

Rule 8's authorization of a "short and plain" statement, which FlashPoint clearly provides when

stating a separate claim against each defendant, identifying the patents-in-suit and identifying the

technology of the patents-in-suit that is infringed by the defendants. (*Infra* at Part IV.B.)  Sprint's

motion to dismiss should therefore be denied.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  Nothing more is required because the purpose of a

complaint under the federal rules is merely "to give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), with approval).  Accordingly,

3

allegations containing "[s]pecific facts are not necessary." *Erickson v. Pardus*, 127 S. Ct. 2197,

2200 (2007). As the Supreme Court recently affirmed, "[w]e do not require heightened fact

pleading of specifics but only enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 127 S. Ct. at 1974. Using this "simplified" standard, federal courts rely on discovery

and summary judgment motions "to define disputed facts and issues and to dispose of

unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (reversing grant of

motion to dismiss); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,

507 U.S. 163, 168-69 (1993) (same).

Turning to FlashPoint's patent infringement complaint, FlashPoint has specifically

identified and stated a separate claim against each defendant, revealed what patents are being

infringed, and described the technology of the patents-in-suit that are infringed by the

defendants. These allegations give notice of the nature of the claims against Sprint that are

plausible on the face of the Complaint.[2] (*Infra* at Part IV.B.1.) Sprint's arguments to the

---

[2] The Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) has
recently given increased attention to the long-standing requirement that a claim for relief be
"plausible." It did so when applying the concept to a specialized area of antitrust law. The
plaintiffs alleged an unlawful agreement among the defendant competitors to divide markets.
The plaintiffs based their allegations of "agreement" on "parallel" conduct by the competitors –
i.e., allegations that each refrained from competing in the others' primary geographic area of
operation. Courts have long recognized that competitors can achieve that result lawfully, by
unilaterally refraining from competition as long as their competitors do the same – through
"conscious parallelism." Accordingly, the Court held that bare allegations of conspiracy and
parallel conduct are not enough to establish a plausible claim. Here, plausibility is not an issue.
It is entirely plausible that (a) Flashpoint owns patents for technology that enables users to
capture, process, and view digital images, and (b) Sprint's products infringe those patents. Any
reliance on *Twombly* here would be an effort to transform it into a general requirement of fact
pleading, which it is not. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir.
2007) (reversing grant of motion to dismiss in patent infringement case because *Twombly* did not

*Footnote continued on next page*

contrary either misconstrue the complaint or attempt to impose a heightened pleading requirement on FlashPoint. (*Infra* at Part IV.B.2.)

### A. FlashPoint Has Satisfied Rule 8.

Under Rule 8's notice pleading requirement, a plaintiff in a patent infringement action need not plead facts with specificity. *See Swierkiewicz*, 534 U.S. at 513 (holding that Rule 8 applies to "all civil actions, with limited exceptions" such as fraud). Instead, the complaint merely needs to contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (reversing grant of motion to dismiss); Fed. R. Civ. P. 84 & Appendix Form 16.

In *Phonometrics* the Federal Circuit relied on Rule 8 to reverse the grant of a motion to dismiss a patent infringement complaint. It held that a plaintiff need not "include each element of the claims of the asserted patent. . . ." This is because "[t]o impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." 203 F.3d at 794. Instead, it was enough that the plaintiff "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points

---

change Rule 8's pleading standard); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[T]he Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."); *Homsey v. Vigilant Ins. Co.*, 2007 U.S. Dist. LEXIS 55399, *6 (D. Del. July 31, 2007) (stating that even under *Twombly* "heightened fact pleading is not required . . .") (Farnan, J.).

to the specific sections of the patent law invoked." *Id.* That is enough to ensure that a defendant has sufficient notice to enable it to answer the complaint and defend itself. *Id.*

Similarly, Form 16 of the Federal Rules of Civil Procedure provides an example of direct patent infringement allegations that are sufficient under Rule 8(a)(2) to state a claim for relief. It reads: "Defendant has for a long time past been and still is infringing [the patent-in-suit] by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined in this court." As a matter of law, those allegations "are sufficient under the rules;" indeed, they "are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

FlashPoint's allegations of patent infringement against Sprint are as specific as the allegations in *Phonometrics* and Form 16. FlashPoint alleges ownership of 7 specific patents-in-suit which contain claims covering technologies that "enable users to, among other things, capture, process and view digital images." (Compl., ¶¶ 32.) FlashPoint then alleges separate claims for relief against each defendant. (Compl., ¶¶ 36-51.)

## B. Sprint Attempts to Impose a Heightened Pleading Requirement on FlashPoint.

Sprint supports its motion to dismiss with incomplete statements about the level of specificity in the complaint. Sprint uses these statements to create the impression that FlashPoint's complaint leaves Sprint in the dark about what it has done to infringe the FlashPoint patent portfolio. Putting these incomplete statements aside, it becomes clear that Sprint's argument for greater specificity boils down to an argument that, to state a patent infringement claim, FlashPoint must allege: (a) the specific claims in the patents-in-suit that have allegedly been infringed, (b) the names of products that infringe FlashPoint's patents, and (c) the separate theories of liability that support a claim for relief against a single defendant – the theory of direct

infringement and the various theories of vicarious infringement – as separate claims for relief. Each of these arguments impermissibly attempts to impose a heightened pleading requirement on FlashPoint.

### 1. Claim-Specific Infringement Contentions Will Be Developed as the Case Proceeds.

Under Rule 8, a patent holder can state a claim for relief without specifying which claims of a patent the defendant has infringed. *McZeal*, 501 F.3d at 1357 (Fed. Cir. 2007) (reversing the grant of a motion to dismiss by reasoning that "a plaintiff in a patent infringement suit is not require to specifically include each element of the claims of the asserted patents"); *Phonometrics*, 203 F.3d at 794 (same). Sprint claims that to "reasonably frame a responsive pleading", Sprint would be forced to read the 7 asserted patents and compare each to its products. (Sprint Brief, p.2-3.)

Sprint's position is flawed for a number of reasons. Sprint cannot articulate a reason why FlashPoint should be required, before discovery, to provide the specificity it is demanding, which would require FlashPoint to finalize its claims here at the pleading stage. Imposing this type of requirement on a patent holder would unnecessarily complicate the already complex process of patent litigation and contradict the spirit of the federal rules.

In fact, Sprint's position is reminiscent of the old theory of the pleadings doctrine, under which "a complaint must proceed upon some definite theory, and on that theory the plaintiff must succeed, or not succeed at all." 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219 (3d ed. 2007) (quoting *Mescall v. Tully*, 91 Ind. 96, 99 (Ind. 1883)). Rule 8, of course, abolished that requirement. *Id.*; *see also Anthran v. PATCO*, 672 F.2d 706, 709 (8th Cir. 1982) ("The 'theory of the pleadings' doctrine, under which a plaintiff must succeed on those theories that are pleaded or not at all, has been effectively abolished under the federal rules");

7

*Nord v. McElroy*, 296 F.2d 12, 14 (9th Cir. 1961) ("The Federal Rules of Civil Procedure have done away with the narrow 'theory of the pleadings' doctrine."). Now, a defendant that is on notice of the nature of the claims against it can use discovery procedures and motions for summary judgment to further refine the scope of the claims against it.[3]

Moreover, only limited information is publicly available about Sprint's products. FlashPoint should be permitted to obtain discovery before it has to identify specific claims infringed by specific products made and sold by Sprint. *See McZeal*, 501 F.3d at 1357-58 (reversing grant of motion to dismiss because at pleading stage "all [Plaintiff] has access to is [Defendant's] public statements and advertisements" and "the specifics of how [Defendant's] purportedly infringing device works is something to be determined through discovery").

## 2. FlashPoint Has Sufficiently Identified Sprint's Infringing Technology.

Sprint argues that FlashPoint should be forced to re-plead because the complaint does not specifically name the products that infringe the patents-in-suit. (Sprint Brief, p.2-3.) Sprint argues that FlashPoint's only allegations of infringement reference nothing more than "labels and conclusions". (Sprint Brief, p.2.) Sprint claims that these references are so indefinite that it

---

[3] For this reason, Sprint's alternative motion under Rule 12(e) for a more definite statement should also be denied. Rule 12(e) allows a party to move for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. Proc. 12(e) (2007). Rule 12(e) motions "are viewed with disfavor, and are rarely granted." *U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (Klausner, J.); *see also Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006). They "attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Sequel Contractors, Inc.*, 402 F. Supp. 2d at 1147. If the detail sought by such a motion is obtainable through discovery, the motion should be denied. *See id.*; *CFMT, Inc. v. Yieldup Int'l Corp.*, 1996 U.S. Dist. LEXIS 22795, *3 (D. Del. April 5, 1996).

"cannot reasonably frame a responsive pleading." (Sprint Brief, p.2.)  In a nutshell, Sprint claims that it cannot determine what it could possibly have done to be named in the suit.

Indeed, FlashPoint's allegations in the Complaint are more than sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 127 S. Ct. at 1964 (2007).  In fact, FlashPoint identifies the technology at issue in as much detail as that provided in Form 16 of the Appendix to the Federal Rules of Civil Procedure (the example provided is "electric motors embodying the patented invention").  That example demonstrates "the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.  A party need not identify by name the specific products or internal systems that are alleged to infringe a patent.  *See e.g., Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) (holding that complaint accusing "all products" that incorporate a particular technology satisfies Rule 8).[4]

### 3.  FlashPoint Properly Pleads Vicarious Infringement as an Appropriate Alternative Theory Against Sprint.

Finally, Sprint argues that FlashPoint has failed to sufficiently plead its theory of vicarious infringement. (Sprint Brief, p.7.)  Sprint claims that "FlashPoint pleaded nothing but a legal conclusion" on this point. (Sprint Brief, p.7.)  In support of its argument, Sprint cites no authority for the proposition that FlashPoint may not accuse Sprint of both direct and vicarious

---

[4] The cases that Sprint cites in support of its argument are distinguishable.  Unlike Flashpoint here, the plaintiff in each of those cases did not describe the infringing conduct in detail; rather, the plaintiff alleged that at least one unspecified product of a wide range of the defendants' products infringed the patents-in-suit. *Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, *1 n.2 (D. Del. June 10, 2002).

liability. Instead, Sprint merely refers yet again to *Twombly* – which does not even relate to patent infringement.

Here, FlashPoint's complaint is specific in its allegations as to each defendant. (*See supra* p.4.) There are multiple patents and multiple claims in those patents. Depending upon the patent claim and the details about Sprint's products and how they are operated, Sprint may be a direct infringer or its liability may be vicarious based on the conduct of its customers. At the pleading stage, FlashPoint is entitled to plead alternative theories. Moreover, a plaintiff is not required to allege facts that, because no discovery has yet occurred, are in the exclusive possession of the defendants. *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (holding that Rule 9's fact pleading requirement does not apply to breach of fiduciary duty cases that do not involve fraud because "the circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage"); *Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987) (reversing grant of motion to dismiss fraud action where facts not alleged were within defendant's knowledge). FlashPoint has adequately pled its claims and it should be allowed to proceed with discovery to further flesh out its theories of liability.

## V.    CONCLUSION

For all the foregoing reasons, among others, FlashPoint respectfully requests that Sprint's motion to dismiss be denied in its entirety.

10

/s/ Evan O. Williford
David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
  *Attorneys for Plaintiff Flashpoint Technology, Inc.*

Patrick J. Coughlin
Michael J. Dowd
Ray Arun Mandlekar
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
(212) 697-6262

Dated: May 14, 2008

11

## CERTIFICATE OF SERVICE

I, Evan O. Williford, hereby certify that on May 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing document – **Plaintiff Flashpoint Technology Inc.'s Opposition to Defendant Sprint Spectrum L.P.'S Motion to Dismiss** – with the Clerk of Court using CM/ECF which will send notification of such filing to the following local counsel for defendants:

Jeffrey L. Moyer, Esquire
Steven J. Fineman, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801
*Attorneys for Defendants Nokia, Inc. and*
*Nokia Corp.*

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Karen E. Keller, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
*Attorneys for Defendant Kyocera Wireless Corp.,*
*AT&T Mobility LLC and Motorola, Inc.*

Arthur G. Connolly, III, Esquire
Connolly Bove Lodge & Hutz
1007 North Orange Street
Wilmington, DE 19899
*Attorneys for Defendant T-Mobile USA Inc.*

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Defendants HTC America, Inc.,*
*HTC Corp., Research in Motion Corp. and Research*
*in Motion Ltd.*

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801
  *Attorneys for Defendant Sprint Spectrum
  d/b/a Sprint PCS*

Steven J. Balick, Esquire
John G. Day, Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
  *Attorneys for Defendant Cellco Partnership
  d/b/a Verizon Wireless*

Richard K. Herrmann, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
  *Attorneys for Defendant LG Electronics USA, Inc.*

Rex A. Donnelly, IV, Esquire
Joanne Ceballos, Esquire
Ratner Prestia
1007 Orange Street, Suite 1100
Wilmington, DE 19801
  *Attorneys for Defendant Palm, Inc.*

/s/ Evan O. Williford
David J. Margules (I.D. No. 2254)
Evan O. Williford (I.D. No. 4162)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
dmargules@bmf-law.com
ewilliford@bmf-law.com
  *Attorneys for plaintiff Flashpoint Technology, Inc.*