## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FLASHPOINT TECHNOLOGY INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>AT&T MOBILITY, LLC, D/B/A<br>CINGULAR WIRELESS, et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)    C. A. No. 08-140-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT SPRINT SPECTRUM L.P.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

OF COUNSEL:

Mark M. Supko
Brian M. Koide
Jennifer H. Burdman
Leslie Gogan
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC   20004-2595
(212) 624-2500

Dated:  May 27, 2008

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendant Sprint Spectrum*
*L.P. d/b/a Sprint PCS*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

I.  ARGUMENT.......................................................................................................1

  A.  FlashPoint Failed to Meet the Federal Pleading Standard of Rule 8, as
      Interpreted in *Twombly*, Because it Failed to Plead Facts to Show the
      Grounds on which its Infringement Claims Rest..............................................1

    1.  FlashPoint Failes to State--Via Pleaded Facts--Its Grounds for Relief
        Under the *Twombly* "Plausible" Standard.................................................2

    2.  FlashPoint Should Not be Allowed to Remedy its Insufficiently-
        Pleaded Complaint By Using Discovery as a Fishing Expedition.......................3

    3.  FlashPoint Ignores Similar Objections by Sprint's Codefendants ................ .....5

  B.  FlashPoint Failed to Show Why it Should not be Required to Provide
      a More Definite Statement Under Rule 12(e).................................................6

II.  CONCLUSION ................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Agilent Techs., Inc. v. Micromuse, Inc.*,
Case No. 04, *Civ-3090 (RWS)*, 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) ...................6

*Bay Indus., Inc. v. Tru-Arx Mfg., LLC*,
Case No. 06-C-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) ...........................6, 7

*Bell Atlantic v. Twombly*,
___ U.S. ___, 127 S. Ct. 1955 (2007)...........................................................*passim*

*Conley v. Gibson*,
355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ..................................................2

*Iqbal v. Hasty*,
490 F.3d 143 (2d Cir. 2007)...........................................................2, 3, 4, 5

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008)...........................................................2, 3, 4

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
203 F.3d 790 (Fed. Cir. 2000)...........................................................2

*Static Control Components, Inc. v. Future Graphics, LLC*,
Case No. 07-CV-00007, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008) ................................6

The issue before the Court is whether a boilerplate patent infringement allegation directed against unnamed "infringing products and/or services" satisfies the pleading requirements of Federal Rule of Civil Procedure 8 as interpreted by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007). Not surprisingly, Plaintiff FlashPoint Technology Inc. ("FlashPoint") answers that question in the affirmative. However, while portraying its scant allegations against Defendant Sprint Spectrum L.P. ("Sprint") as "describ[ing] the infringing conduct *in detail*," *see* D.E. No. 70 at 9, n.4, FlashPoint tellingly avoids quoting its allegations against Sprint, and instead attempts to focus the Court's attention on its characterization of the patents-in-suit.[1] Just like the Complaint, the Opposition fails to cite even one *fact* identifying any Sprint product or service. The infringement claims as pleaded against Sprint simply fail to meet the post-*Twombly* pleading standard and should be dismissed. Alternatively, FlashPoint at a minimum should be required to provide a more-definite statement identifying the accused products with reasonable specificity.

## I.    ARGUMENT

### A. FlashPoint Failed to Meet the Federal Pleading Standard of Rule 8, as Interpreted in *Twombly*, Because it Failed to Plead Facts to Show the Grounds on which its Infringement Claims Rest

There are three critical flaws in FlashPoint's analysis, each of which is addressed below.

---

[1] As FlashPoint concedes, its Complaint at most generally described the "technologies at issue." *See* D.E. No. 70 at 2, 4. FlashPoint even admits it described the technologies at issue as "relat[ing] to digital imaging devices or digital cameras that enable users to, among other things, capture, process and view digital images." *Id.* at 2. But this is not enough to provide Sprint with fair notice of which of its products stand accused. Indeed, FlashPoint's description can be applied to every camera phone ever made.

## 1. FlashPoint Fails to State—Via Pleaded Facts—Its Grounds for Relief Under the *Twombly* "Plausible" Standard

After conceding the "plausible" claim standard required by *Twombly* and its progeny, FlashPoint wholly ignores that a plausible claim must show, via pleaded facts, the grounds that support relief. *Twombly*, ___ U.S. at ___, 127 S. Ct. at 1965, 1974. For all of FlashPoint's charges that Sprint has attempted to impose a heightened pleading standard in the case, the argument rings hollow because FlashPoint itself concedes that *Twombly* and its progeny require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegation in those contexts where such amplification is needed to render the claim plausible." *See* D.E. No. 70 at p. 4-5 fn 2, quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).[2] But to hear FlashPoint oppose dismissal, all it was required to do under this standard was plead a separate claim of entitlement, sans facts, against each defendant. FlashPoint, however, conflates *conceivable* claims with ***plausible*** claims.

To date, FlashPoint has failed to plead any allegation that "nudged [its] . . . claims across the line from conceivable to plausible" such that they should survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1974. As the Third Circuit explained in *Phillips v. County of Allegheny*, the "plausibility standard" requires the plaintiff to plead "a 'showing,' rather than a blanket

---

[2] To the extent FlashPoint relies on *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000), to defeat Sprint's motion, that decision is inapposite. First, in deciding whether dismissal was appropriate the Federal Circuit looked to and applied the case law of the regional circuit court, the Eleventh Circuit, which interpreted the dismissal standard under *Conley v. Gibson*, 355 U.S. 41, 47-48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) and its progeny as extraordinary. *Id.* at 793. Second, the case relied on the now-abrogated language from *Conley v. Gibson*, that a motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff is "entitled to no relief under any state of facts which could be proved." *Id.* at 794. Third, the district court dismissed the claim *sua suponte* after it had construed the patent claims and its elements. *Id.* at 792. The Federal Circuit reversed narrowly holding that the plaintiff need not amend the complaint to include the claim elements of the asserted patent after the court construed them. *Id.* at 794. *Phonometrics* is thus inapplicable here.

assertion, of entitlement to relief." *See* 515 F.3d 224, 231-33 (3d Cir. 2008) (explaining *Twombly*'s impact on Rule 8); *see also Iqbal*, 490 F.3d at 156 (quoting *Twombly*'s various formulations of the plausibility standard). And here this showing requires FlashPoint to plead facts that support the grounds for relief that "'possess enough heft ... [enough] [f]actual allegations... 'to raise a right to relief above the speculative level.'" *Phillips*, 515 F.3d at 231-32 ("'plaintiff's [Rule 8] obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements ... will not do'"). As the *Twombly* decision aptly stated, "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *See Twombly*, 127 S. Ct. at 1965, n 3.

## 2. FlashPoint Should Not be Allowed to Remedy its Insufficiently-Pleaded Complaint By Using Discovery as a Fishing Expedition

FlashPoint's suggestion that the Court should allow its factual allegations to be fleshed out in discovery contradicts *Twombly*'s underlying rational that pleading deficiencies should be exposed "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 127 S. Ct. at 1966-67 (collecting cases and quoting 5 Wright & Miller § 1216 at 233-34). In *Twombly*, the Supreme Court reasoned that to allow the complaint to proceed as pleaded would impose substantial discovery costs on the defendants when the claim failed to state a plausible basis, *i e.*, plausible grounds, that actionable conduct had occurred. 127 S. Ct. at 1968; *accord Iqbal*, 490 F.3d at 158-59 (to survive dismissal under the *Twombly* plausibility standard, "a conclusory allegation concerning some elements of a plaintiff's claims might need to be

fleshed out by a plaintiff's response to a defendant's motion for a more definite statement" under Rule 12(e)).[3]

Hence, FlashPoint's argument that its Complaint should stand and the parties should simply use discovery to figure-out the facts actually contradicts the rational underlying *Twombly* and its progeny, *i.e.*, that courts should weed out "a largely groundless claim … at the point of minimum expenditure of time and money by the parties and the court" because neither discovery nor careful case management will do so effectively. *Twombly*, 127 S. Ct. at 1966-67 (case citations omitted); *see Iqbal*, 490 F.3d at 156 (recognizing that *Twombly* discounted a court's case management ability to "'to weed[] out early in the discovery process' 'a claim just shy of a plausible entitlement'"). At bottom, therefore, Rule 8, as interpreted by *Twombly* and its progeny, requires enough facts (taken as true) to justify moving the case beyond the pleadings to discovery. *Phillips*, 515 F.3d at 234-35. FlashPoint has failed to meet this pleading requirement in every respect as to Sprint, having provided only "bare averment[s] that [it] wants relief and is entitled to it." *See generally* D.E. No. 1.

Presumably, FlashPoint conducted a pre-filing investigation as required by Rule 11 and knows at least some of the Sprint products and/or services that it believes infringe the patents-in-suit. By contrast, Sprint is left to guess. FlashPoint's Opposition wholly ignores the burden that the number of patents-in-suit (each with many claims) and the number of potentially implicated products places on Sprint in order to complete its own Rule 11 investigation before answering

---

[3] Indeed, FlashPoint's indirect infringement claim is wholly conclusory, failing to plead any facts from which the Court could infer indirect infringement. FlashPoint pleaded nothing but "a naked assertion" that it wants and is entitled to relief, which "stops short of … plausibility." *See Twombly*, 127 S. Ct. at 1966. And to the extent FlashPoint argues in its Opposition that it can plead both direct and indirect infringement—it can. Sprint only argues that to do so adequately, it must allege facts that show its grounds supporting the indirect infringement claim as *Twombly* mandated.

the Complaint. This context, requires FlashPoint to name the accused products or services (either in a new complaint or a more definite statement) rather than merely "describe the technology of the patents-in-suit that are infringed by the defendants" as FlashPoint suggests. *See* D.E. No. 70 at p. 2, 4. This context, *i.e.*, a broad allegation in a multi-defendant, multi-patent case that would lead to protracted discovery about the same, at least requires a Rule 12(e) more definite statement. *See Iqbal*, 490 F.3d at 158-59.

### 3. FlashPoint Ignores Similar Objections by Sprint's Codefendants

FlashPoint suggests that its claims are "plausible" because Sprint's codefendants answered the Complaint. FlashPoint assiduously advocates running full-tilt into discovery, presumably, because the other defendants decided to answer the Complaint. It suggests a majority rule approach where a complaint is sufficiently pleaded if most of the defendants answer. But such an approach ignores the protracted, and costly, discovery abyss, spending thousands—if not hundreds of thousands—of dollars to determine what facts FlashPoint could have (and should have) provided at the outset of the case (either in its Complaint or a more definite statement). This can hardly be the outcome the *Twombly* Court envisioned.

FlashPoint fails to acknowledge, for example, that Sprint's codefendant AT&T Mobility, and others, objected to the Complaint as being vague, inexplicit and ambiguous. *See e.g.*, Ans. and Counterclaim of AT&T Mobility LLC, D.E. No. 62 at ¶¶ 21, 34-35 (denying allegations for being "vague, inexplicit, and ambiguous," answering that the "meaning of the phrase 'practices inventions,' [is] vague, inexplicit, and ambiguous"); Def. Palm, Inc.'s Ans., Defenses, Counterclaims and Jury Demand, D.E. No. 60 at ¶¶ 21, 32 (that FlashPoint failed to identify Palm's allegedly accused products makes its allegation about "'electronic products capable of being used, ...to capture, process and view digital images'" vague and ambiguous); Def.

Motorola, Inc.'s Ans. to Pl.'s Orig. Compl., D.E. No. 56 at ¶ 34 (denying as ambiguous the allegations of Paragraph 34 including "the meaning of the phrase 'digital image devices'").

### B. FlashPoint Failed to Show Why it Should not be Required to Provide a More Definite Statement Under Rule 12(e)

Moving to Sprint's alternative request for a more definite statement under Rule 12(e), FlashPoint failed to proffer any response as to the merits of Sprint's motion other than to state, almost as an afterthought, that discovery can and should sort out the facts. *See* D.E. No. 70 at p. 8 fn 3.[4] FlashPoint even ignores the precedent that Sprint cited wherein courts granted motions for a more definite statement in patent infringement cases. *See generally* D.E. No. 70. FlashPoint undoubtedly did so because its allegations regarding the accused products and services and purported inducement are no more specific than the allegations described in the cited cases where the motions were granted. *See Static Control Components, Inc. v. Future Graphics, LLC*, Case No. 07-CV-00007, 2008 WL 160827, at *1 (M.D.N.C. Jan. 15, 2008) (granting a Rule 12(e) motion where the plaintiff failed to identify any allegedly infringing products); *Agilent Techs., Inc. v. Micromuse, Inc.*, Case No. 04 Civ-3090 (RWS), 2004 WL 2346152, *5-6 (S.D.N.Y. Oct. 19, 2004) (granting the Rule 12(e) motion where the complaint only alleged that "defendant makes, sells, or offers products for sale . . . that infringe Agilent's patents"); *see also Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, Case No. 06-C-1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006) (same).

Directing FlashPoint to identify both the accused products (beyond the current general description of the claimed technology) and the conduct or events on which its indirect infringement claim rests, will not only ensure that FlashPoint had proper grounds to file the suit

---

[4] Indeed, the opposition title says it all, *Plaintiff FlashPoint Technology Inc.'s Opposition to Defendant Sprint Spectrum L.P.'s Motion to Dismiss.*

in the first place, but also will streamline discovery as contemplated under *Twombly* 127 S. Ct.

at 1967; *accord Bay*, 2006 WL 3469599, at *2. FlashPoint has failed to show why a more

definite statement is not appropriate here.

## II.    CONCLUSION

For the forgoing reasons, and those contained in Sprint's opening brief, this Court should

grant Sprint's motion to dismiss or alternatively, grant its motion for a more definite statement.


OF COUNSEL:

Mark M. Supko
Brian M. Koide
Jennifer H. Burdman
Leslie Gogan
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
(212) 624-2500

Dated:  May 27, 2008

_Anne Shea Gaza_
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendant Sprint Spectrum
L.P. d/b/a Sprint PCS*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I caused to be served by electronic mail the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

David E. Margules
Evan Olin Williford
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
Coughlin Stoia Geller Rudman Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
jshaw@ycst.com
kkeller@ycst.com
*Attorneys for Defendant Kyocera Wireless Corp.*

David C. Doyle
M. Andrew Woodmansee
Greg Reilly
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92140
ddoyle@mofo.com
mawoodmansee@mofo.com
greilly@mofo.com
*Attorneys for Defendant Kyocera Wireless Corp.*

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
Wilmington, DE 19801
aconnollyIII@cblh.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Peter J. Chassman
Shane A. Nelson
Joshua S. Wyde
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
ChassmanP@howrey.com
NelsonS@howrey.com
Wyde@howrey.com
*Counsel for Defendants Research in Motion
Corp. and Research Motion Ltd.*

Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801
moyer@rlf.com
fineman@rlf.com
*Attorneys for Defendant Nokia, Inc. and Nokia
Corp.*

Ramsey M. Al-Salam
Ryan J. McBrayer
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
RAlSalam@perkinscoie.com
RMcBrayer@perkinscoie.com
*Attorneys for Defendant T-Mobile USA, Inc.*

Stuart Lubitz
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com
*Counsel for Defendants HTC America, Inc.
and HTC Corp.*

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza - Sixth Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants Research In Motion
Corp. and Research in Motion Ltd.*

_____
Anne Shea Gaza (#4093)
gaza@rlf.com