## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AT&T MOBILITY, LLC, D/B/A CINGULAR | ) |
| WIRELESS, HTC AMERICA, INC., HTC CORP., | ) |
| KYOCERA WIRELESS CORP., KYOCERA | ) |
| CORP., LG ELECTRONICS USA, INC., | ) C.A. No. 08-140-GMS |
| LG ELECTRONICS, INC., MOTOROLA, INC., | ) |
| NOKIA, INC., NOKIA CORP., PALM, INC., | ) **JURY TRIAL DEMANDED** |
| RESEARCH IN MOTION CORP., | ) |
| RESEARCH IN MOTION LTD., | ) |
| SPRINT SPECTRUM L.P., D/B/A SPRINT PCS, | ) |
| T-MOBILE USA, INC., and | ) |
| CELLCO PARTNERSHIP, D/B/A VERIZON | ) |
| WIRELESS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT HTC AMERICA, INC.'S ANSWER, DEFENSES, AND
## COUNTERCLAIMS TO FLASHPOINT'S COMPLAINT

Defendant HTC America, Inc. ("HTC") responds to the Complaint for Patent

Infringement filed by plaintiff FlashPoint Technology, Inc. ("FlashPoint") on March 7, 2008,

with the following Answer, Defenses, and Counterclaims:

## GENERAL DENIAL

Unless specifically admitted below, HTC denies each and every allegation set forth in the

Complaint.

## RESPONSE TO NATURE OF THE ACTION

1.    HTC admits the following allegations in paragraph 1 of the Complaint and denies

the remaining allegations because HTC lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 1 of the Complaint:

          a.      United States Patent No. 6,118,480 is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes" (the "'480 patent");

          b.      United States Patent No. 6,177,956 is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device" (the "'956 patent");

          c.      United States Patent No. 6,222,538 is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts" (the "'538 patent");

          d.      United States Patent No. 6,223,190 is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device" (the "'190 patent");

          e.      United States Patent No. 6,249,316 is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera" (the "'316 patent");

          f.      United States Patent No. 6,486,914 is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" (the "'914 patent"); and

          g.      United States Patent No. 6,504,575 entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device" (the "'575 patent").

## RESPONSE TO PARTIES

2.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies these allegations.

3.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

4.    HTC admits it is a corporation organized and existing under the laws of the State of Texas, and has its principal place of business at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005.

5.    HTC admits that HTC Corp. is a corporation organized and existing under the laws of Taiwan, and has its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, R.O.C.  HTC denies the remaining allegations in paragraph 5 of the Complaint.

6.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

7.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

8.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

9.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

10.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

11.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

12.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

13.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

14.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

15.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

16.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

17.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

18.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

## RESPONSE TO JURISDICTION AND VENUE

19.     HTC admits that this action purports to arise under the United States Patent Laws, 35 U.S.C. §1 et seq. and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). HTC denies the remaining allegations.

20.     Upon information and belief, HTC denies that it committed acts of infringement and denies any such acts were committed within the State of Delaware, and the District of Delaware. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to HTC in paragraph 20 of the Complaint, and on that basis denies these allegations. As to the allegations in paragraph 20 of the Complaint, which are directed to other Defendants, HTC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies these allegations.

21.     The allegations in paragraph 21 that "Defendants have offered for sale, imported, or sold electronic products capable of being used, *inter alia*, to capture, process, and view digital images in this District," are vague, inexplicit, and ambiguous. Therefore, HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to HTC in paragraph 21 of the Complaint, and on that basis denies these allegations. As to the allegations in paragraph 21 of the Complaint, which are directed to other Defendants, HTC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies these allegations.

22.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies these allegations.

23.    Upon information and belief, HTC denies that it has committed acts of infringement and denies any such acts were committed in this District.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to HTC in paragraph 23 and on that basis denies these allegations.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

## RESPONSE TO COUNT I – PATENT INFRINGEMENT

24.    HTC admits that the '480 patent lists September 12, 2000 as an issue date, FlashPoint as an assignee, and Eric C. Anderson, Steve Saylor, and Amanda R. Mander as named inventors.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and on that basis denies these allegations.

25.    HTC admits that the '956 patent lists January 23, 2001 as an issue date, FlashPoint as an assignee, and Eric C. Anderson and Mike M. Masukawa as named inventors.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and on that basis denies these allegations.

26.    HTC admits that the '538 patent lists April 24, 2001 as an issue date, FlashPoint as an assignee, and Eric C. Anderson as a named inventor.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and on that basis denies these allegations.

27.     HTC admits that the '190 patent lists April 24, 2001 as an issue date, FlashPoint as an assignee, and Tim Takao Aihara and Rodney Somerstein as named inventors. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint, and on that basis denies these allegations.

28.     HTC admits that the '316 patent lists June 19, 2001 as an issue date, FlashPoint as an assignee, and Eric C. Anderson as a named inventor. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint, and on that basis denies these allegations.

29.     HTC admits that the '914 patent lists November 26, 2002 as an issue date, FlashPoint as an assignee, and Eric C. Anderson as a named inventor. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint, and on that basis denies these allegations.

30.     HTC admits that the '575 patent lists January 7, 2003 as an issue date, FlashPoint as an assignee, and Michael A. Ramirez and Eric C. Anderson as named inventors. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint, and on that basis denies these allegations.

31.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies these allegations.

32.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies these allegations.

33.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies these allegations.

34.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies these allegations.

35      Upon information and belief, HTC denies that it practices purported inventions covered by one or more of the patents-in-suit.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

36.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

37.     Upon information and belief, HTC denies the allegations in paragraph 37 of the Complaint.

38.     Upon information and belief, HTC denies the allegations in paragraph 38 of the Complaint.

39.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

40.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

41.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

42.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

43.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

44.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

45.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

46.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

47.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

48.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

49.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

50.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

51.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

52.     HTC denies that its activities require authority and/or license from FlashPoint. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

53.     HTC denies that it has committed any wrongful acts and denies that FlashPoint is entitled to recover damages from HTC.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

54.     HTC denies that it has infringed FlashPoint's alleged rights under one or more of the patents-in-suit.  HTC denies that it has caused damages or irreparable harm to FlashPoint for which there is no adequate remedy at law.  HTC further denies that it should be enjoined by this Court. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

## RESPONSE TO JURY DEMAND

HTC admits that FlashPoint has demanded a jury trial. HTC also demands a trial by jury on all issues so triable.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

HTC denies that FlashPoint is entitled to any relief whatsoever against HTC in this action, either as requested in its Complaint or otherwise. HTC lacks knowledge or information sufficient to form a belief as to whether FlashPoint is entitled to any relief against other Defendants in this action.

## HTC'S DEFENSES

Further answering FlashPoint's Complaint, HTC alleges the following defenses:

1.    FlashPoint fails to state a claim upon which relief can be granted and/or fails to plead the required allegations with sufficient particularity.

2.    HTC does not infringe and has not infringed any valid claim of the '480, '956, '538, '190, '316, '914, and/or '575 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3.    One or more claims of the patents-in-suit are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.    FlashPoint is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by HTC because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the

issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

5.    The relief sought by FlashPoint is barred in whole or in part by the equitable doctrine of laches, estoppel, and/or waiver.

6.    FlashPoint's claims for relief and prayer for damages are statutorily limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the Complaint.

7.    FlashPoint's claims for relief and prayer for damages are statutorily barred, in whole or in part, by 35 U.S.C. § 287.

8.    FlashPoint is precluded from seeking recovery of its cost under 35 U.S.C. § 288.

9.    Flashpoint is precluded from recovery and/or subject to sanctions under Section 11 of Federal Rules of Civil Procedure for failure to comply with its obligations to conduct an adequate pre-suit investigation.

10.    HTC reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## HTC'S COUNTERCLAIMS AND JURY DEMAND

Defendant HTC America, Inc. ("HTC") brings these counterclaims against FlashPoint Technology, Inc. ("FlashPoint") for a declaration that HTC's products do not infringe seven patents purportedly owned by FlashPoint and that those seven patents are invalid.

## PARTIES

1.    Defendant HTC is a corporation organized and existing under the laws of the State of Texas, and has its principal place of business at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005.

2.    HTC repairs cell phones.

3.    Upon information and belief, FlashPoint is a Delaware company with its principal

place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

4.    Upon information and belief, FlashPoint does not manufacture or sell any

consumer products.  Its sole business is to obtain and attempt to license or enforce intellectual

property rights.

## PATENTS-IN-SUIT

5.    FlashPoint has held itself out to be the owner of United States Patent No.

6,118,480 entitled "Method and Apparatus for Integrating a Digital Camera User Interface

Across Multiple Operating Modes" ("the '480 patent"), United States Patent No. 6,177,956

entitled "System and Method for Correlating Processing Data and Image Data within a Digital

Camera Device" ("the '956 patent"), United States Patent No. 6,222,538 entitled "Directing

Image Capture Sequences in a Digital Imaging Device Using Scripts" ("the '538 patent"), United

States Patent No. 6,223,190 entitled "Method and System for Producing an Internet Page

Description File on a Digital Imaging Device" ("the '190 patent"), United States Patent No.

6,249,316 entitled "Method and System for Creating a Temporary Group of Images on a Digital

Camera" ("the '316 patent"), United States Patent No. 6,486,914 entitled "Method and System

for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars" ("the

'914 patent"), and United States Patent No. 6,504,575 entitled "Method and System for

Displaying Overlay Bars in a Digital Imaging Device" ("the '575 patent") (collectively referred

to hereinafter as the "patents-in-suit").

## JURISDICTION AND VENUE

6.      These counterclaims arise under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      This Court has personal jurisdiction over FlashPoint by virtue of FlashPoint's filing of the Complaint in this matter.

9.      Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

10.     An actual and justiciable controversy exists between HTC and FlashPoint, concerning FlashPoint's claims of infringement of the patents-in-suit and concerning whether those patents are valid by virtue of the allegations made by FlashPoint that HTC and/or its customers are or have been infringing the patents-in-suit.

## GENERAL ALLEGATIONS

11.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling HTC to an award of its attorneys' fees.

12.     HTC expressly reserves the right to amend these Counterclaims to add declaratory judgment counts based on the future discovery in this lawsuit.

## COUNTERCLAIM COUNT I
### (Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,118,480)

13.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

14.     HTC has not infringed, and does not infringe, any valid or enforceable claim of the '480 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

15.     Claims of the '480 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '480 patent, and that the claims of the '480 patent are invalid.

### COUNTERCLAIM COUNT II
**(Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,177,956)**

17.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

18.     HTC has not infringed, and does not infringe, any valid or enforceable claim of the '956 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

19.     Claims of the '956 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

20.     HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '956 patent, and that the claims of the '956 patent are invalid.

### COUNTERCLAIM COUNT III
**(Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,222,538)**

21.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

22.    HTC has not infringed, and does not infringe, any valid or enforceable claim of the '538 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

23.    Claims of the '538 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

24.    HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '538 patent, and that the claims of the '538 patent are invalid.

## COUNTERCLAIM COUNT IV
### (Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,223,190)

25.    HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

26.    HTC has not infringed, and does not infringe, any valid or enforceable claim of the '190 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

27.    Claims of the '190 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

28.    HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '190 patent, and that the claims of the '190 patent are invalid.

## COUNTERCLAIM COUNT V
**(Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,249,316)**

29.      HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

30.      HTC has not infringed, and does not infringe, any valid or enforceable claim of the '316 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

31.      Claims of the '316 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

32.      HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '316 patent, and that the claims of the '316 patent are invalid.

## COUNTERCLAIM COUNT VI
**(Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,486,914)**

33.      HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

34.      HTC has not infringed, and does not infringe, any valid or enforceable claim of the '914 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

35.      Claims of the '914 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

36.    HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '914 patent, and that the claims of the '914 patent are invalid.

## COUNTERCLAIM COUNT VII
### (Declaratory Judgment of Non-infringement and Invalidity of U.S. Patent No. 6,504,575)

37.    HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 12 above as if fully set forth herein.

38.    HTC has not infringed, and does not infringe, any valid or enforceable claim of the '575 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

39.    Claims of the '575 patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

40.    HTC is entitled to a declaratory judgment that HTC has not infringed and is not infringing any valid and enforceable claim of the '575 patent, and that the claims of the '575 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, HTC prays this Court for the following relief:

1.    FlashPoint's Complaint against HTC be dismissed in its entirely with prejudice;

2.    All damages, injunctive relief, costs, expenses, attorneys' fees, or other relief sought by FlashPoint be denied;

3.    A declaration that HTC has not infringed, and is not infringing any claim of the '480, '956, '538, '190, '316, '914, or '575 patents;

4.      A declaration that each claim of the '480, '956, '538, '190, '316, '914, and '575 patents is invalid;

5.      An injunction prohibiting FlashPoint from alleging infringement of the patents-in-suit by HTC and its customers;

6.      An award of damages that HTC has sustained;

7.      A declaration that this case is exceptional under 35 U.S.C. § 285, and HTC should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

8.      All other such relief as the Court deems just and proper.

### JURY DEMAND

Defendants HTC demands a jury trial on all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard de Bodo
David H. Ben-Meir
Huan-Yi Lin
HOGAN & HARTSON LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600

Dated: June 2, 2008
867312 / 32891

By:  /s/ Richard L. Horwitz
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE 19899
      Tel: (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendant HTC America, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Horwitz, hereby certify that on June 2, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on June 2, 2008, the attached document was Electronically Mailed to

the following person(s):

David E. Margules
Evan Olin Williford
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
dmargules@bmf-law.com
ewilliford@bmf-law.com
*Attorneys for Plaintiff FlashPoint*
*Technology, Inc.*

Patrick J. Coughlin
Michael J. Dowd
Rajesh Arun Mandlekar
James R. Hail
Nathan R. Lindell
COUGHLIN STOIA GELLER RUDMAN
ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
patc@csgrr.com
miked@csgrr.com
rmandlekar@csgrr.com
jimh@csgrr.com
nlindell@csgrr.com
*Attorneys for Plaintiff FlashPoint*
*Technology, Inc.*

John F. Ward
John W. Olivo, Jr.
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, NY 10017
wardj@wardolivo.com
olivoj@wardolivo.com
hilld@wardolivo.com
zinnam@wardolivo.com
*Attorneys for Plaintiff FlashPoint Technology, Inc.*

John W. Shaw
Karen E. Keller
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com
*Attorneys for Defendant AT&T Mobility, LLC, d/b/a Cingular Wireless*

Samuel E. Stubbs
PILLSBURY WINTHROP SHAW PITTMAN LLC
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
sam.stubbs@pillsburylaw.com
*Attorneys for Defendant AT&T Mobility, LLC, d/b/a Cingular Wireless*

William P. Atkins
Christopher K. Dorsey
PILLSBURY WINTHROP SHAW PITTMAN LLC
1650 Tysons Blvd.
McLean, VA 22102-4859
william.atkins@pillsburylaw.com
christopher.dorsey@pillsburylaw.com
*Attorneys for Defendant AT&T Mobility, LLC, d/b/a Cingular Wireless*

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
jingersoll@ycst.com
jshaw@ycst.com
kkeller@ycst.com
*Attorneys for Defendant Kyocera Wireless Corp.*

David C. Doyle
M. Andrew Woodmansee
Gregory W. Reilly
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Ste 100
San Diego, CA 92140
ddoyle@mofo.com
mawoodmansee@mofo.com
greilly@mofo.com
*Attorneys for Defendant Kyocera Wireless Corp.*

John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
jshaw@ycst.com
*Attorneys for Defendant Motorola Inc.*

John M. Desmarais
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
KirklandFlashpoint@kirkland.com
*Attorneys for Defendant Motorola Inc.*

Frederick L. Cottrell, III
Anne Shea Gaza
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19899
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendant Sprint Spectrum
L.P., d/b/a Sprint PCS*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, DE 19899
aconnollyIII@cblh.com
*Attorneys for Defendant
T-Mobile USA, Inc.*

Russell E. Levine
Michael P. Bregenzer
Margaret M. Dolan
Michelle Skinner
KIRKLAND & ELLIS LLP
200 E. Randolph Street, Suite 5400
Chicago, IL 60601
KirklandFlashpoint@kirkland.com
*Attorneys for Defendant Motorola Inc.*

Jeffrey L. Moyer
Steven J. Fineman
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19899
moyer@rlf.com
fineman@rlf.com
*Attorneys for Defendant Nokia, Inc. and
Nokia Corp.*

Mark M. Supko
Brian M. Koide
Jennifer Burdman
Leslie J. Gogan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 2004-2595
msupko@crowell.com
bkoide@crowell.com
jburdman@crowell.com
lgogan@crowell.com
*Attorneys for Defendant Sprint Spectrum L.P.,
d/b/a Sprint PCS*

Ramsey M. Al-Salam
Ryan J. McBrayer
PERKINS COIE LLP
1201 Third Avenue, Ste 4800
Seattle, WA 98101
RAlSalam@perkinscoie.com
RMcBrayer@perkinscoie.com
*Attorneys for Defendant
T-Mobile USA, Inc.*

3

Richard K. Hermann
MORRIS JAMES LLP
500 Delaware Ave., Ste 1500
Wilmington, DE 19801-1494
rherrmann@morrisjames.com
*Attorneys for Defendants*
*LG Electronics USA, Inc. and*
*LG Electronics USA, Inc.*

James P. Bradley
Li Chen
Tung T. Nguyen
SIDLEY AUSTIN LLP
717 N. Hardwood, Suite 3400
Dallas, TX 75201
jbradley@sidley.com
lchen@sidley.com
tnguyen@sidley.com
*Attorneys for Defendants*
*LG Electronics USA, Inc. and*
*LG Electronics USA, Inc.*

Peter H. Kang
Theodore W. Chandler
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
pkang@sidley.com
tchandler@sidley.com
*Attorneys for Defendants*
*LG Electronics USA, Inc. and*
*LG Electronics USA, Inc.*

Rex A. Donnelly, IV
Joanne Ceballos
RATNER & PRESTIA
1007 Orange Street, Suite 1100
Wilmington, DE 19801-1231
radonnelly@ratnerprestia.com
jceballos@ratnerprestia.com
*Attorneys for Defendant Palm, Inc.*

Michael M. Markman
Daniel N. Kassabian
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94194-2878
Michael.Markman@hellerehrman.com
Daniel.kassabian@hellerehrman.com
*Attorneys for Defendant Palm, Inc.*

Steven J. Balick
John G. Day
Lauren E. Maguire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
*Attorneys for Defendant Cellco Partnership,*
*d/b/a Verizon Wireless*

4

James H. Wallace, Jr.
Kevin P. Anderson
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
jwallace@wileyrein.com
kanderson@wileyrein.com
*Attorneys for Defendant Cellco Partnership,*
*d/b/a Verizon Wireless*

Peter J. Chassman
Shane A. Nelson
Joshua S. Wyde
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
ChassmanP@howrey.com
NelsonS@howrey.com
Wyde@howrey.com
*Attorneys for Defendants Research in*
*Motion Corp. and Research in Motion Ltd.*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com
*Attorneys for Defendants*
*HTC America, Inc. and HTC Corp.*

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

858296 / 32891/32946

5