IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC, dba CINGULAR WIRELESS, HTC AMERICA INC., HTC CORP., KYOCERA WIRELESS CORP., KYOCERA CORP., LG ELECTRONICS USA INC., LG ELECTRONICS INC., MOTOROLA INC., NOKIA INC., NOKIA CORP., PALM INC., RESEARCH IN MOTION CORP., RESEARCH IN MOTION LTD., SPRINT SPECTRUM LP, dba SPRINT PCS, T-MOBILE USA INC., CELLECO PARTNERSHIP, dba VERIZON WIRELESS,<br><br>Defendants. | C.A. No. 08-cv-0140 (GMS) |

**DEFENDANT T-MOBILE USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant T-Mobile USA, Inc. ("T-Mobile") responds to the allegations of the Complaint as follows:

1.   Regarding paragraph 1, T-Mobile admits the Complaint purports to state a claim for patent infringement, and that the exhibits appear on their face to be the patents referenced. T-Mobile further admits that the Complaint seeks injunctive relief and monetary damages. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

2.   Regarding paragraph 2, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

31419-0140/LEGAL14227681.1

3. Regarding paragraph 3, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

4. Regarding paragraph 4, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

5. Regarding paragraph 5, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

6. Regarding paragraph 6, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

7. Regarding paragraph 7, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

8. Regarding paragraph 8, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

9. Regarding paragraph 9, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

10. Regarding paragraph 10, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

11. Regarding paragraph 11, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

12. Regarding paragraph 12, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

13. Regarding paragraph 13, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

14. Regarding paragraph 14, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

15. Regarding paragraph 15, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

16. Regarding paragraph 16, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

17. Regarding paragraph 17, the allegations are admitted.

18. Regarding paragraph 18, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

19. Regarding paragraph 19, T-Mobile admits the Court has subject matter jurisdiction over the claim.

20. Regarding paragraph 20, T-Mobile admits that it has transacted business within the District of Delaware and the State of Delaware, and is subject to the personal jurisdiction of the Court on the claims asserted. T-Mobile denies it has committed any acts of infringement within the State of Delaware. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

21. Regarding paragraph 21, T-Mobile admits that it has sold in the District telephones with cameras that are able to take digital pictures. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

22. Regarding paragraph 22, T-Mobile admits that venue is proper for the claims asserted by plaintiff against it in this District. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

23. Regarding paragraph 23, T-Mobile admits that venue is proper in this District for the claims asserted by plaintiff against it, that it is subject to personal jurisdiction in the District, and that it has solicited business in the District and provided services in the District. T-Mobile denies that it has committed acts of infringement in the District, or practiced infringing methods in the District. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

24. Regarding paragraph 24, T-Mobile admits that the '480 patent indicates that it was issued on September 12, 2000, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

25. Regarding paragraph 25, T-Mobile admits that the '956 patent indicates that it was issued on January 23, 2001, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

26. Regarding paragraph 26, T-Mobile admits that the '538 patent indicates that it was issued on April 24, 2001, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

27. Regarding paragraph 27, T-Mobile admits that the '190 patent indicates that it was issued on April 24, 2001, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

28. Regarding paragraph 28, T-Mobile admits that the '316 patent indicates that it was issued on June 19, 2001, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

29. Regarding paragraph 29, T-Mobile admits that the '914 patent indicates that it was issued on November 26, 2002, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

30. Regarding paragraph 30, T-Mobile admits that the '575 patent indicates that it was issued on January 7, 2003, and that plaintiff is the assignee. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

31. Regarding paragraph 31, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

32. Regarding paragraph 32, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

33. Regarding paragraph 33, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

34. Regarding paragraph 34, T-Mobile admits that many cellular telephones incorporate digital cameras. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

35.     Regarding paragraph 35, T-Mobile denies that it has infringed the patents-in-suit. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

36.     Regarding paragraph 36, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

37.     Regarding paragraph 37, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

38.     Regarding paragraph 38, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

39.     Regarding paragraph 39, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

40.     Regarding paragraph 40, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

41.     Regarding paragraph 41, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

42.     Regarding paragraph 42, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

43.     Regarding paragraph 43, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

44.     Regarding paragraph 44, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

45.     Regarding paragraph 45, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

46. Regarding paragraph 46, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

47. Regarding paragraph 47, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

48. Regarding paragraph 48, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

49. Regarding paragraph 49, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

50. Regarding paragraph 50, the allegations are denied.

51. Regarding paragraph 51, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

52. Regarding paragraph 52, T-Mobile admits that it has no license agreement or similar agreement with plaintiff, but denies that its activities require any such authority and/or license agreement. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

53. Regarding paragraph 53, T-Mobile denies that plaintiff is entitled to recover damages because of T-Mobile's acts. T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

54. Regarding paragraph 54, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

55. Regarding paragraph 55, T-Mobile denies that it has infringed any of plaintiff's patents, or has caused irreparable harm to plaintiff. T-Mobile is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

56. Regarding paragraph 56, T-Mobile admits that plaintiff is seeking a jury trial.

57. To the extent any allegations of the Complaint are not addressed above, they are denied.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, or as affirmative defenses, T-Mobile alleges as follows:

1. T-Mobile has not infringed, and is not infringing the following asserted patents ("the patents-in-suit").

2. The patents in-suit are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

3. Plaintiff is not entitled to injunctive relief, because it has an adequate remedy at law.

4. Plaintiff's claims for injunctive relief are limited by 35 U.S.C.§ 287 or by the doctrine of laches.

5. Plaintiff's claims of infringement are barred by prosecution history estoppel.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

In further response to the Complaint, and as counterclaims, T-Mobile alleges as follows:

1. T-Mobile incorporates herein the admissions, allegations, and denials above.

2. T-Mobile is a Delaware corporation, with its principal place of business in Bellevue, Washington.

3. Upon information of belief, Plaintiff is a California corporation, with its principal place of business in New Hampshire.

4. The Court has subject matter jurisdiction over T-Mobile's counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1331, and 1338.

5. A valid and justiciable controversy has arisen and exists between T-Mobile and plaintiff as to whether T-Mobile is infringing any of plaintiff's patent rights, including any of the patents-in-suit.

6. T-Mobile has not infringed, and is not infringing any of plaintiff's patent rights, including any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

7. T-Mobile is entitled to a declaratory judgment that it has not infringed, and is not infringing, plaintiff's patent rights, including any of the patents-in-suit.

8. A valid and justiciable controversy has arisen and exists between T-Mobile and plaintiff as to whether the patents-in-suit are valid.

9. The patents-in-suit are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

10. T-Mobile is entitled to a declaratory judgment that the patents-in-suit are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, T-Mobile respectfully requests that this Court enter judgment and grant relief as follows:

A. That the Court dismiss all claims against T-Mobile with prejudice such that plaintiff take nothing by way of the Complaint;

B. That the Court issue a declaratory judgment that T-Mobile does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any patent rights owned by plaintiff, including any of the patents-in-suit;

C. That the Court issue a declaratory judgment that the patents-in-suit are invalid;

D.  That the Court enjoin plaintiff, including its officers, directors, attorneys, agents and anyone acting in concert with such persons from asserting that T-Mobile or any of T-Mobile's customers, distributors, or agents have infringed the patents-in-suit or any of plaintiff's patent rights;

E.  That the Court find that this case is exceptional, and require plaintiff to pay T-Mobile's attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F.  That the court award T-Mobile such other and further relief as the Court may deem appropriate and just under the circumstances.

Dated: June 4, 2008

By: /s/ Arthur G. Connolly III
Arthur G. Connolly III (#2667)
AConnollyIII@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302)-658-91412/Fax: (302) 658-5614

Ramsey M. Al-Salam (admitted *pro hac vice*)
RAlsalam@perkinscoie.com
Ryan J. McBrayer (admitted *pro hac vice*)
RMcBrayer@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel: (206) 359-8000/Fax: (206) 359-9000

Attorneys for Defendant
T-MOBILE USA, INC.