### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., | |
| Plaintiff, | |
| v. | |
| AT&T MOBILITY, LLC, D/B/A CINGULAR WIRELESS, HTC AMERICA, INC., HTC CORP., KYOCERA WIRELESS CORP., KYOCERA CORP., LG ELECTRONICS USA, INC., LG ELECTRONICS, INC., MOTOROLA, INC., NOKIA, INC., NOKIA CORP., PALM, INC., RESEARCH IN MOTION CORP., RESEARCH IN MOTION LTD., SPRINT SPECTRUM L.P., D/B/A SPRINT PCS, T-MOBILE USA, INC., AND CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, | CIVIL ACTION NO. 08-140-GMS<br><br>JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANT LG ELECTRONICS, INC.'S ANSWER
### TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS

LG Electronics, Inc. ("LGE") responds to Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Original Complaint for Patent Infringement ("Complaint") in accordance with the numbered paragraphs thereof, as follows. All allegations of fact and conclusions of law contained in Plaintiffs' Complaint are denied, except those specifically admitted herein:

## NATURE OF THE ACTION

1.    LGE denies that this is a patent infringement action to stop each Defendant's alleged infringement of all seven (7) of the FlashPoint patents listed in paragraph 1, in as much as FlashPoint has admitted since filing this Complaint that some Defendants are only alleged to infringe some subset(s) of the seven patents-in-suit.  LGE admits that this purports to be a patent infringement action and that FlashPoint is seeking injunctive relief and monetary damages.  LGE admits that U.S. Patent No. 6,118,480 ("the '480 patent) is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes."  LGE admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data within a Digital Camera Device."  LGE admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled Directing Image Capture Sequences in a Digital Imaging Device Using Scripts."  LGE admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device."  LGE admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera." LGE admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars." LGE admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device."  On information and belief, LGE denies that it infringes or has infringed the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit").  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies these allegations.

**THE PARTIES**

2.      LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies these allegations.

3.      LGE states that paragraph 3 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies these allegations.

4.      LGE states that paragraph 4 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies these allegations.

5.      LGE states that paragraph 5 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies these allegations.

6.      LGE states that paragraph 6 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies these allegations.

7.      LGE states that paragraph 7 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies these allegations.

8.      LGE states that LG Electronics USA, Inc. ("LGU") is an incorrectly named party, and counsel for LGU has so advised counsel for FlashPoint.  LGU is not involved in making, selling, offering to sell, using or importing cellular telephones.  LGE admits that LGU is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

9.      LGE admits that it is the parent of LGU.  LGE is a corporation organized and existing under the laws of Korea with its principal place of business located at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu Seoul, Korea 150-721.

10.     LGE states that paragraph 10 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies these allegations.

11.     LGE states that paragraph 11 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies these allegations.

12.     LGE states that paragraph 12 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies these allegations.

13.     LGE states that paragraph 13 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies these allegations.

14.     LGE states that paragraph 14 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies these allegations.

15.     LGE states that paragraph 15 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies these allegations.

16.     LGE states that paragraph 16 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies these allegations.

17.     LGE states that paragraph 17 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies these allegations.

18.     LGE states that paragraph 18 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies these allegations.

**JURISDICTION AND VENUE**

19.     LGE admits that this action purports to arise under the Patent Laws of the Untied States, 35 U.S.C. § 1, *et seq*.  LGE does not contest this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.     LGE admits that it transacts business in the State and District of Delaware and is subject to the personal jurisdiction of this Court.  On information and belief, LGE denies that it has committed acts of infringement within the State of Delaware, the District of Delaware or elsewhere.  To the extent that paragraph 20 relates to other defendants, LGE states that no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies these allegations.

21.     The allegations of paragraph 21 are ambiguous, including as to the meaning of the phrase "to capture, process and view digital images."  As a result, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies these allegations.  To the extent that the allegations of paragraph 21 relate to cellular telephones, LGE denies that it has offered for sale, imported, or sold cellular telephones in the District of Delaware.  To the extent that paragraph 21 relates to other defendants, LGE states that no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and, therefore, denies these allegations.

22.    LGE admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  To the extent that paragraph 22 relates to other defendants, LGE states that no response is required of LGE.   To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and, therefore, denies these allegations.

23.    LGE admits that it resides in this District for purposes of venue as it is subject to personal jurisdiction in this district.  LGE admits that it solicits business, provides services and conducts business in this District.  On information and belief, LGE denies that it has committed acts of infringement in this District and denies that it has encouraged others to practice infringing methods in this District.  To the extent that paragraph 23 relates to other defendants, LGE states that no response is required of LGE.   To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies these allegations.

### COUNT I—PATENT INFRINGEMENT

24.    LGE admits that the United States Patent and Trademark Office issued the '480 patent on September 12, 2000, that Eric C. Anderson, Steve Saylor, and Amanda R. Mander are identified as inventors on the cover of the '480 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '480 patent.  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, denies these allegations.

25.    LGE admits that the United States Patent and Trademark Office issued the '956 patent on January 23, 2001, that Eric C. Anderson and Mike M. Masukawa are identified as inventors on the cover of the '956 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '956 patent.  LGE is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and, therefore, denies these allegations.

26.     LGE admits that the United States Patent and Trademark Office issued the '538 patent on April 24, 2001, that Eric C. Anderson is identified as the inventor on the cover of the '538 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '538 patent.  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies these allegations.

27.     LGE admits that the United States Patent and Trademark Office issued the '190 patent on April 24, 2001, that Tim Takao Aihara and Rodney Somerstein are identified as inventors on the cover of the '190 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '190 patent.  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint and, therefore, denies these allegations.

28.     LGE admits that the United States Patent and Trademark Office issued the '316 patent on June 19, 2001, that Eric C. Anderson is identified as the inventor on the cover of the '316 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '316 patent.  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint and, therefore, denies these allegations.

29.     LGE admits that the United States Patent and Trademark Office issued the '914 patent on November 26, 2002, that Eric C. Anderson is identified as the inventor on the cover of the '914 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of

the '914 patent.  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and, therefore, denies these allegations.

30.     LGE admits that the United States Patent and Trademark Office issued the '575 patent on January 7, 2003, that Michael A. Ramirez and Eric C. Anderson are identified as inventors on the cover of the '575 patent, and that FlashPoint Technology, Inc. is identified as the assignee on the cover of the '575 patent.  LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and, therefore, denies these allegations.

31.     LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies these allegations.

32.     LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies these allegations.

33.     LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies these allegations.

34.     The allegations of paragraph 34 are ambiguous, including as to the meaning of the phrase "digital image devices."  As a result, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies these allegations.  To the extent that paragraph 34 relates to other defendants, LGE states that no response is required of LGE.  To the extent a response is required, LGE is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and, therefore, denies these allegations.

35.     The allegations of paragraph 35 as to "one or more of the patents-in-suit" are vague and indefinite.  It does not allege that each Defendant practices inventions covered by each of the seven (7) patents-in-suit, and each Defendant is unable to determine from this allegation which of the "patents-in-suit" it is alleged to have infringed.  Upon information and belief, LGE denies that it practices or has practiced inventions covered by any of the patents-in-suit.  To the extent that paragraph 35 relates to other defendants, LGE states that no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint and, therefore, denies these allegations.

36.     LGE states that paragraph 36 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies these allegations.

37.     LGE states that paragraph 37 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies these allegations.

38.     LGE states that paragraph 38 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies these allegations.

39.     LGE states that paragraph 39 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies these allegations.

40.     LGE states that paragraph 40 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies these allegations.

41.     LGE states that Defendant LG Electronics USA ("LGU") is incorrectly named as a party, and counsel for LGU has so advised counsel for FlashPoint.  LGU is not involved in making, selling, offering to sell, using or importing cellular telephones.  The allegations of paragraph 41 are ambiguous in alleging infringement of "one or more claims of the patents-in-suit" and in alleging that the act of "providing" is an infringing act.  On information and belief, LGE denies that LGU has infringed or continues to infringe any claims of the patents-in-suit by making, using, importing, providing, offering to sell (directly or through intermediaries), infringing products in this District or elsewhere in the United States.  On information and belief, LGE denies that LGU has contributed to the infringement of any claims of the patents-in-suit, and denies that LGU has actively induced others to infringe any claims of the patents-in-suit in this District or elsewhere in the United States.

42.     The allegations of paragraph 42 are ambiguous in alleging infringement of "one or more claims of the patents-in-suit" and in alleging that the act of "providing" is an infringing act.  On information and belief, LGE denies the allegations of paragraph 42.

43.     LGE states that paragraph 43 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies these allegations.

44.     LGE states that paragraph 44 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies these allegations.

45.     LGE states that paragraph 45 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies these allegations.

46.     LGE states that paragraph 46 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies these allegations.

47.     LGE states that paragraph 47 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies these allegations.

48.     LGE states that paragraph 48 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies these allegations.

49.     LGE states that paragraph 49 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies these allegations.

50.     LGE states that paragraph 50 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies these allegations.

51.     LGE states that paragraph 51 is directed to a defendant other than LGE, and thus no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies these allegations.

52.     On information and belief, LGE denies that any of its activities have required authority and/or license from FlashPoint and further deny that its activities have been without authority and/or license from FlashPoint.  To the extent that paragraph 52 relates to other defendants, LGE states that no response is required of LGE.  To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint and, therefore, denies these allegations.

53.     On information and belief, LGE denies that it has committed any wrongful acts and denies that FlashPoint is entitled to recover damages from LGE.  To the extent that

paragraph 53 relates to other defendants, LGE states that no response is required of LGE. To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint and, therefore, denies these allegations.

54.     LGE states that paragraph 54 is directed to a defendant other than LGE, and thus no response is required of LGE. To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies these allegations.

55.     On information and belief, LGE denies that it infringes or has infringed FlashPoint's exclusive rights under any of the patents-in-suit. LGE further denies that it is causing or has caused damage or irreparable harm to FlashPoint for which there is no adequate remedy at law. LGE denies that it should be enjoined by this Court. To the extent that paragraph 55 relates to other defendants, LGE states that no response is required of LGE. To the extent a response is required, LGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and, therefore, denies these allegations.

## JURY DEMAND

56.     LGE admits that the Complaint sets forth a demand for trial by jury.

## PRAYER FOR RELIEF

LGE denies that FlashPoint is entitled to any relief and denies all of the allegations contained in paragraphs A – F of FlashPoint's Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

57.     Because FlashPoint "does not presently assert that LG [LG Electronics, Inc.] infringes any claim of the '956, '914, or '538 patents," there is no claim for relief in FlashPoint's pleading as to the '956, '914 or '538 patents which requires a responsive pleading.  FlashPoint's position is confirmed in a letter dated June 4, 2008 from FlashPoint's counsel to LGE's counsel (attached as Exhibit A).

58.     LGE reserves the right to later request the addition of, or assert claims against, third parties.  LGE also asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

59.     The Complaint fails to state a claim upon which relief can be granted because LGE has not performed any act and is not proposing to perform any act in violation of any right validly belonging to FlashPoint.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

60.     Upon information and belief, LGE does not infringe and has not infringed, directly or indirectly, any valid claim of the '480 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

61.     Upon information and belief, LGE does not infringe and has not infringed, directly or indirectly, any valid claim of the '190 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

62.     Upon information and belief, LGE does not infringe and has not infringed, directly or indirectly, any valid claim of the '316 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

63.     Upon information and belief, LGE does not infringe and has not infringed, directly or indirectly, any valid claim of the '575 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

64.     Upon information and belief, the claims of the '480, '316, '190 and '575 patents are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

65.     FlashPoint is estopped by representations or actions taken during the prosecution of the '480 patent under the doctrine of prosecution history estoppel.

66.     FlashPoint is estopped by representations or actions taken during the prosecution of the '190 patent under the doctrine of prosecution history estoppel.

67.     FlashPoint is estopped by representations or actions taken during the prosecution of the '316 patent under the doctrine of prosecution history estoppel.

68.     FlashPoint is estopped by representations or actions taken during the prosecution of the '575 patent under the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(35 U.S.C. § 287)

69.    LGE lacks knowledge of any facts indicating that FlashPoint, its predecessors-in-interest or its licensees (if any) complied with the requirements of 35 U.S.C. § 287.  FlashPoint is thus barred in whole or in part from recovering damages.

70.    Plaintiff alleged in its Complaint that "each Defendant practices inventions covered by one or more of the patents-in-suit" (paragraph 35) and that "LG Electronics has infringed and continues to infringe one or more claims of the patents-in-suit" (paragraph 42).  However, Plaintiff has not asserted all of the patents-in-suit against each Defendant.  For example, Plaintiff has only asserted three of the seven patents-in-suit (the '190, '316 and '575 patents) against Motorola, Inc.  Thus, because Plaintiff did not specify the patent or patents that LGE is alleged to infringe, Plaintiff's Complaint fails to provide LGE with notice of infringement under 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE
(35 U.S.C. § 286)

71.    On information and belief, Plaintiffs' claims for patent infringement are limited by the provisions of 35 U.S.C. § 286.

### SEVENTH AFFIRMATIVE DEFENSE
(35 U.S.C. § 288)

72.    On information and belief, FlashPoint is not entitled to seek recovery of its costs pursuant to 35 U.S.C. § 288.

### EIGHTH AFFIRMATIVE DEFENSE
(Laches and other Equitable Defenses)

73.    FlashPoint's claims are barred by the doctrines of laches, equitable estoppel, unclean hands, waiver and/or other applicable equitable doctrines.

### NINTH AFFIRMATIVE DEFENSE
(No Irreparable Harm)

74.     FlashPoint is not entitled to injunctive relief against LGE because any alleged injury to FlashPoint as a result of LGE's alleged activities is not immediate or irreparable, and FlashPoint has an adequate remedy at law.

### COUNTERCLAIMS OF DEFENDANT LG ELECTRONICS, INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant LG Electronics, Inc. ("LGE"), for its Counterclaims against Plaintiff FlashPoint Technology, Inc. ("FlashPoint"), allege as follows:

### PARTIES

1.     LGE is a corporation organized and existing under the laws of Korea with its principal place of business located at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu Seoul, Korea 150-721.

2.     FlashPoint alleges that it is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.     Venue is proper in this judicial district for these Counterclaims pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,118,480)

5.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 4 of these counterclaims as if fully set forth herein.

6.      LGE has not infringed, and does not infringe, any valid or enforceable claim of the '480 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

7.      LGE had no knowledge of the '480 patent prior to the time that the Complaint was filed in this action.

8.      At the time it filed its Complaint, FlashPoint had no information that LGE had knowledge of the '480 patent.

9.      LGE did not actively and knowingly aid and abet another's direct infringement of the '480 patent at any time, including prior to the time that the Complaint was filed in this action.

10.     FlashPoint had no information that LGE actively and knowingly aided and abetted another's direct infringement of the '480 patent at any time, including prior to the time that the Complaint was filed in this action.

11.     LGE had no knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '480 patent.

12.     FlashPoint had no information that LGE had knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '480 patent prior to the time the Complaint was filed in this action.

13.     LGE's products accused of infringement have a substantial non-infringing use apart from that claimed in the '480 patent.

14.     FlashPoint had no information that LGE products accused of infringement have no substantial non-infringing use apart from that claimed in the '480 patent.

15.     FlashPoint had no information that LGE made, used, sold, offered for sale or imported any of the accused infringing products in the United States prior to the time the Complaint was filed in this action.

**SECOND COUNTERCLAIM**
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,223,190)

16.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 15 of these counterclaims as if fully set forth herein.

17.     LGE has not infringed, and does not infringe, any valid or enforceable claim of the '190 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

18.     LGE had no knowledge of the '190 patent prior to the time that the Complaint was filed in this action.

19.     At the time it filed its Complaint, FlashPoint had no information that LGE had knowledge of the '190 patent.

20.     LGE did not actively and knowingly aid and abet another's direct infringement of the '190 patent at any time, including prior to the time that the Complaint was filed in this action.

21.     FlashPoint had no information that LGE actively and knowingly aided and abetted another's direct infringement of the '190 patent at any time, including prior to the time that the Complaint was filed in this action.

22.     LGE had no knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '190 patent.

23.     FlashPoint had no information that LGE had knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '190 patent prior to the time the Complaint was filed in this action.

24.     LGE's products accused of infringement have a substantial non-infringing use apart from that claimed in the '190 patent.

25.     FlashPoint had no information that LGE products accused of infringement have no substantial non-infringing use apart from that claimed in the '190 patent.

26.     FlashPoint had no information that LGE made, used, sold, offered for sale or imported any of the accused infringing products in the United States prior to the time the Complaint was filed in this action.

### THIRD COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,249,316)

27.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 26 of these counterclaims as if fully set forth herein.

28.     LGE has not infringed, and does not infringe, any valid or enforceable claim of the '316 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

29.     LGE had no knowledge of the '316 patent prior to the time that the Complaint was filed in this action.

30.     At the time it filed its Complaint, FlashPoint had no information that LGE had knowledge of the '316 patent.

31.     LGE did not actively and knowingly aid and abet another's direct infringement of the '316 patent at any time, including prior to the time that the Complaint was filed in this action.

32.     FlashPoint had no information that LGE actively and knowingly aided and abetted another's direct infringement of the '316 patent at any time, including prior to the time that the Complaint was filed in this action.

33.    LGE had no knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '316 patent.

34.    FlashPoint had no information that LGE had knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '316 patent prior to the time the Complaint was filed in this action.

35.    LGE's products accused of infringement have a substantial non-infringing use apart from that claimed in the '316 patent.

36.    FlashPoint had no information that LGE products accused of infringement have no substantial non-infringing use apart from that claimed in the '316 patent.

37.    FlashPoint had no information that LGE made, used, sold, offered for sale or imported any of the accused infringing products in the United States prior to the time the Complaint was filed in this action.

### FOURTH COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,504,575)

38.    LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 37 of these counterclaims as if fully set forth herein.

39.    LGE has not infringed, and does not infringe, any valid or enforceable claim of the '575 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

40.    LGE had no knowledge of the '575 patent prior to the time that the Complaint was filed in this action.

41.    At the time it filed its Complaint, FlashPoint had no information that LGE had knowledge of the '575 patent.

42.     LGE did not actively and knowingly aid and abet another's direct infringement of the '575 patent at any time, including prior to the time that the Complaint was filed in this action.

43.     FlashPoint had no information that LGE actively and knowingly aided and abetted another's direct infringement of the '575 patent at any time, including prior to the time that the Complaint was filed in this action.

44.     LGE had no knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '575 patent.

45.     FlashPoint had no information that LGE had knowledge that its products accused of infringement were especially made or especially adapted for use in an infringement of the '575 patent prior to the time the Complaint was filed in this action.

46.     LGE's products accused of infringement have a substantial non-infringing use apart from that claimed in the '575 patent.

47.     FlashPoint has no information that LGE products accused of infringement have no substantial non-infringing use apart from that claimed in the '575 patent.

48.     FlashPoint had no information that LGE made, used, sold, offered for sale or imported any of the accused infringing products in the United States prior to the time the Complaint was filed in this action.

## FIFTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 6,118,480)

49.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 48 of these counterclaims as if fully set forth herein.

50.     The claims of the '480 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SIXTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 6,223,190)

51.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 50 of these counterclaims as if fully set forth herein.

52.     The claims of the '190 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SEVENTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 6,249,316)

53.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 52 of these counterclaims as if fully set forth herein.

54.     The claims of the '316 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EIGHTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 6,504,575)

55.     LGE incorporates the allegations in paragraphs 1 through 74 of the Answer and defenses herein and paragraphs 1 through 54 of these counterclaims as if fully set forth herein.

56.     The claims of the '575 patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EXCEPTIONAL CASE

57.     This is an exceptional case entitling LGE to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND

58.     LGE demands trial by a jury.

## PRAYER FOR RELIEF

LGE prays for a Judgment as follows:

(a)     dismissal with prejudice of Plaintiffs' Complaint against LGE;

(b)     a declaration that LGE has not infringed, and does not infringe, any valid or enforceable claim of the '480 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents;

(c)     a declaration that LGE has not infringed, and does not infringe, any valid or enforceable claim of the '190 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents;

(d)     a declaration that LGE has not infringed, and does not infringe, any valid or enforceable claim of the '316 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents;

(e)     a declaration that LGE has not infringed, and does not infringe, any valid or enforceable claim of the '575 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents;

(f)     a declaration that the '480 patent is invalid;

(g)     a declaration that the '190 patent is invalid;

(h)     a declaration that the '316 patent is invalid;

(i)     a declaration that the '575 patent is invalid;

(j)     a declaration that Plaintiffs' claims are limited by the provisions of 35 U.S.C. § 286;

(k)    a declaration that Plaintiffs' claims are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287;

(l)    a declaration that Plaintiffs' claims are limited by the provisions of 35 U.S.C. § 288;

(m)    a denial of Plaintiffs' request for damages and injunctive relief;

(n)    a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 and the awarding of costs and reasonable attorneys' fees to LGE to the extent permitted by law; and

(o)    the grant to LGE of any further equitable or legal relief as the Court deems just and proper.

Dated:   June 11, 2008

*/s/ Richard K. Herrmann*

Richard K. Herrmann (ID No. 405)
**MORRIS JAMES LLP**
500 Delaware Ave, Ste 1500
Wilmington, DE 19801-1494
(302) 888-6816
Email: rherrmann@morrisjames.com

OF COUNSEL:

James P. Bradley
Email:  jbradley@sidley.com
Li Chen
Email: lchen@sidley.com
Tung T. Nguyen
Email: tnguyen@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3300
Fax: (214) 981-3400

Peter H. Kang
Email:  pkang@sidley.com
Theodore W. Chandler
Email:  tchandler@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

**ATTORNEYS FOR DEFENDANT
LG ELECTRONICS, INC.**

EXHIBIT A

**WARD & OLIVO**

ATTORNEYS AT LAW
380 MADISON AVENUE
NEW YORK, NEW YORK 10017
(212) 697-6262
FAX (212) 972-5866

—————

382 SPRINGFIELD AVENUE
SUMMIT, NEW JERSEY 07901
(908) 277-3333
FAX (908) 277-6373

—————

E-MAIL: mail@wardolivo.com

June 4, 2008

VIA EMAIL AND FIRST CLASS MAIL

James P. Bradley, Esq.
Sidley Austin, LLP
717 North Harwood
Suite 3400
Dallas, Texas 75201

**Re: FlashPoint Technology, Inc. v. AT&T Mobility, LLC, et al. (1:08-cv-140-GMS)**

Dear James:

This responds to your June 2, 2008 letter to Jack Olivo and Patrick Colsher to clarify a couple of points.

First, regarding your request that FlashPoint Technology, Inc. ("FlashPoint") amend its Complaint, we note that FlashPoint is under no obligation to do so.

Second, as indicated by Patrick during your telephone call with him, FlashPoint presently asserts that LG Electronics, Inc. and LG Electronics USA, Inc. (collectively "LG") infringe one or more claims of each of the '480, '316, '190, and '575 patents (the "asserted patents"). Although FlashPoint is still investigating the matter, it does not presently assert that LG infringes any claim of the '956, '914, or '538 patents.

Third, to be clear, FlashPoint contends that representative LG products that infringe one or more claims of each of the asserted patents include at least the following cell phone models: enV, Venus, and Voyager.

# WARD & OLIVO

James P. Bradley, Esq.
June 4, 2008
Page 2

Please let me know if you wish to discuss this further.

Sincerely,

David M. Hill

c: John W. Olivo, Jr.
   Patrick R. Colsher