IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLASHPOINT TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-140-GMS |
| ) | |
| AT&T MOBILITY, LLC, D/B/A CINGULAR ) | **JURY TRIAL DEMANDED** |
| WIRELESS, ET AL., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT RESEARCH IN MOTION LIMITED'S
### AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant Research In Motion Limited ("RIM Ltd.") files this answer, defenses, and counterclaims in response to Plaintiff FlashPoint Technology, Inc.'s ("FlashPoint's") Original Complaint for Patent Infringement.

### Answer To FlashPoint's Allegations

RIM Ltd. answers the allegations in the separately numbered paragraphs of FlashPoint's Original Complaint as follows:

1.  RIM Ltd. admits that this action purports to be a patent infringement action and that FlashPoint's prayer for relief requests injunctive and monetary relief. RIM Ltd. admits that U.S. Patent No. 6,118,480 ("the '480 patent") is entitled "Method and Apparatus for Integrating a Digital Camera User Interface Across Multiple Operating Modes," and that a copy of the '480 patent was attached to the Complaint as Exhibit 1. RIM Ltd. admits that U.S. Patent No. 6,177,956 ("the '956 patent") is entitled "System and Method for Correlating Processing Data and Image Data Within a Digital Camera Device," and that a copy of the '956 patent was attached to the Complaint as Exhibit 2. RIM Ltd. admits that U.S. Patent No. 6,222,538 ("the '538 patent") is entitled "Directing Image Capture Sequences in a Digital Imaging Device Using Scripts," and that

a copy of the '538 patent was attached to the Complaint as Exhibit 3. RIM Ltd. admits that U.S. Patent No. 6,223,190 ("the '190 patent") is entitled "Method and System for Producing an Internet Page Description File on a Digital Imaging Device," and that a copy of the '190 patent was attached to the Complaint as Exhibit 4. RIM Ltd. admits that U.S. Patent No. 6,249,316 ("the '316 patent") is entitled "Method and System for Creating a Temporary Group of Images on a Digital Camera," and that a copy of the '316 patent was attached to the Complaint as Exhibit 5. RIM Ltd. admits that U.S. Patent No. 6,486,914 ("the '914 patent") is entitled "Method and System for Controlling User Interaction in a Digital Imaging Device Using Dynamic Overlay Bars," and that a copy of the '914 patent was attached to the Complaint as Exhibit 6. RIM Ltd. admits that U.S. Patent No. 6,504,575 ("the '575 patent") is entitled "Method and System for Displaying Overlay Bars in a Digital Imaging Device," and that a copy of the '575 patent was attached to the Complaint as Exhibit 7. RIM Ltd. denies that RIM Ltd. and Research In Motion Corporation ("RIM Corp.") have infringed the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit"). RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and therefore denies same.

2.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies same.

3.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies same.

4.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies same.

5.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

6.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore denies same.

7.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies same.

8.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies same.

9.  RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies same.

10. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies same.

11. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same.

12. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies same.

13. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies same.

14. RIM Ltd. admits that RIM Corporation is a Delaware corporation, and that it has a place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.

15. RIM Ltd. admits that RIM Ltd. is a corporation organized and existing under the laws of Canada, and that it has a place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

16. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore denies same.

17. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore denies same.

18. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies same.

19. RIM Ltd. admits that the present action purports to arise under the Patent Laws of the United States and that this Court has subject matter jurisdiction under the United States Code. RIM Ltd. denies that RIM Ltd. or RIM Corp. has infringed any of the patents in suit. To the extent not expressly admitted, RIM Ltd. denies all other allegations of this paragraph.

20. With regard to the allegations of Paragraph 20 made against RIM Corp. and RIM Ltd., RIM Ltd. admits that RIM Corp. and RIM Ltd. have transacted business in this district and are subject to the personal jurisdiction of this Court. RIM Ltd. denies that RIM Corp. and RIM Ltd. have committed acts of infringement in the State of Delaware and/or the District of Delaware. With regard to the allegations of Paragraph 20 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. To the extent not expressly admitted, RIM Ltd. denies all other allegations of this paragraph.

21. With regard to the allegations of Paragraph 21 made against RIM Corp. and RIM Ltd., for at least the reason that FlashPoint's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. With regard to the allegations of Paragraph 21 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. To the extent not expressly admitted, RIM Ltd. denies all other allegations of this paragraph.

22. With regard to the allegations of Paragraph 22 made against RIM Corp. and RIM Ltd., RIM Ltd. admits that venue is proper in this district under 28 U.S.C. §§ 1931 and 1400(b). With regard to the allegations of Paragraph 22 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same. To the extent not expressly admitted, RIM Ltd. denies all other allegations of this paragraph.

23. With regard to the allegations of Paragraph 23 made against RIM Corp. and RIM Ltd., RIM Ltd. admits that venue is proper in this district as RIM Corp. and RIM Ltd. are subject to personal jurisdiction in this District. RIM Ltd. admits that RIM Corp. and RIM Ltd. solicit business, provide services, and conduct business in this District. RIM Ltd. denies the remaining allegations of Paragraph 23 with regard to RIM Corp. and RIM Ltd. With regard to the allegations of Paragraph 23 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

24. RIM Ltd. admits that the '480 patent issued on September 12, 2000, that Eric C. Anderson, Steve Saylor, and Amanda R. Mander are the listed inventors of the '480 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '480 patent. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 and therefore denies same.

25. RIM Ltd. admits that the '956 patent issued on January 23, 2001, that Eric C. Anderson and Mike M. Masukawa are the listed inventors of the '956 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '956 patent. RIM Ltd. is without sufficient

information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 and therefore denies same.

26.  RIM Ltd. admits that the '538 patent issued on April 24, 2001, that Eric C. Anderson is the listed inventor of the '538 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '538 patent. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore denies same.

27.  RIM Ltd. admits that the '190 patent issued on April 24, 2001, that Tim Takao Aihara and Rodney Somerstein are the listed inventors, and that FlashPoint Technology, Inc. is the listed assignee of the '190 patent. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore denies same.

28.  RIM Ltd. admits that the '316 patent issued on June 19, 2001, that Eric C. Anderson is the listed inventor of the '316 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '316 patent. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and therefore denies same.

29.  RIM Ltd. admits that the '914 patent issued on November 26, 2002, that Eric C. Anderson is the listed inventor of the '914 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '914 patent. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore denies same.

30.  RIM Ltd. admits that the '575 patent issued on January 7, 2003, that Michael A. Ramirez and Eric C. Anderson are the listed inventors of the '575 patent, and that FlashPoint Technology, Inc. is the listed assignee of the '575 patent. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 and therefore denies same.

31. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies same.

32. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore denies same.

33. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore denies same.

34. For at least the reason that FlashPoint's allegations lack specificity, RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore denies same.

35. With regard to the allegations of Paragraph 35 made against RIM Corp. and RIM Ltd., RIM Ltd. denies those allegations. With regard to the allegations of Paragraph 35 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

36. To the extent that the allegations of paragraph 36 are in any way based upon AT&T's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Ltd. denies such allegations. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 and therefore denies same.

37. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore denies same.

38. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore denies same.

39. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore denies same.

40. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore denies same.

41. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore denies same.

42. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore denies same.

43. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore denies same.

44. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore denies same.

45. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 45 and therefore denies same.

46. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore denies same.

47. RIM Ltd. denies the allegations in Paragraph 47.

48. RIM Ltd. denies the allegations in Paragraph 48.

49. To the extent that the allegations of paragraph 49 are in any way based upon Sprint's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Ltd. denies such allegations. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and therefore denies same.

50. To the extent that the allegations of paragraph 50 are in any way based upon T-Mobile's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Ltd. denies such allegations. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50 and therefore denies same.

51. To the extent that the allegations of paragraph 51 are in any way based upon Verizon's alleged use, importation, offer for sale, sale or any other acts concerning products allegedly supplied by RIM Ltd. and/or RIM Corp., RIM Ltd. denies such allegations. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51 and therefore denies same.

52. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies same.

53. With regard to the allegations of Paragraph 53 made against RIM Corp. and RIM Ltd., RIM Ltd. denies such allegations. With regard to the allegations of Paragraph 53 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

54. RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore denies same.

55. With regard to the allegations of Paragraph 55 made against RIM Corp. and RIM Ltd., RIM Ltd. denies those allegations. With regard to the allegations of Paragraph 55 relating to defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without sufficient information to form a belief as to the truth or falsity of those allegations and therefore denies same.

56.     No response to FlashPoint's jury demand is necessary. However, RIM Ltd. demands a trial by jury on all issues so triable.

### Response To FlashPoint's Prayer For Relief

The allegations in the paragraph requesting relief are in the nature of prayer. Although no answer is required, RIM Ltd. responds to the individual requests for relief as follows:

A.      With respect to FlashPoint's prayer for judgment against RIM Corp. and RIM Ltd. and for any judgment against any other defendant on the basis of acts alleged to have been committed involving products supplied by RIM Corp. and/or RIM Ltd. and/or any other acts of RIM Corp. and/or RIM Ltd., RIM Ltd. denies that FlashPoint is entitled to the requested judgment, and denies any and all liability for FlashPoint's claims. With respect to FlashPoint's remaining requested judgment against defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment.

B.      With respect to FlashPoint's prayer for judgment against and relief from RIM Corp. and RIM Ltd. and for any judgment against any other defendant on the basis of acts alleged to have been committed involving products supplied by RIM Corp. and/or RIM Ltd. and/or on the basis of any acts of RIM Corp. and/or RIM Ltd., RIM Ltd. denies that FlashPoint is entitled to the requested damages and prejudgment interest, and denies any and all liability for FlashPoint's claims. With respect to FlashPoint's remaining requested judgment against and relief from defendants other than RIM Ltd. and RIM Ltd., RIM Ltd. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

C.      Paragraph C of FlashPoint's prayer is unclear. To the extent that this paragraph prays for enhanced damages from RIM Ltd., RIM Corp. or from any other party on the basis of

products supplied by RIM Corp. and/or RIM Ltd. and/or any acts of RIM Corp. and/or RIM Ltd., RIM Ltd. denies that FlashPoint is entitled to such relief and denies any and all liability for FlashPoint's claims. With respect to any other relief requested by FlashPoint from defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

D.    Paragraph D of FlashPoint's prayer is unclear. To the extent that this paragraph prays for costs and/or attorneys' fees from RIM Ltd., RIM Corp. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any alleged acts of RIM Corp. and/or RIM Ltd., RIM Ltd. denies that FlashPoint is entitled to such relief. With respect to any other relief requested by FlashPoint from defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

E.    With respect to FlashPoint's prayer for judgment against and relief from RIM Corp. and RIM Ltd. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any alleged acts of RIM Corp. and/or RIM Ltd., RIM Ltd. denies that FlashPoint is entitled to the requested permanent injunction and denies any and all liability for FlashPoint's claims. With respect to any other relief requested by FlashPoint against defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested judgment and relief.

F.    With respect to FlashPoint's prayer for relief from RIM Corp. and RIM Ltd. or from any other party on the basis of products supplied by RIM Corp. and/or RIM Ltd. and/or any alleged acts of RIM Corp. and/or RIM Ltd., RIM Ltd. denies that FlashPoint is entitled to such relief and denies any and all liability for FlashPoint's claims. With respect to any other relief

requested by FlashPoint against defendants other than RIM Corp. and RIM Ltd., RIM Ltd. is without information sufficient to form a response and therefore denies that FlashPoint is entitled to the requested relief.

### Defenses

### Non-Infringement

1.  Upon information and belief, RIM Ltd. has not infringed and does not infringe the claims of the '480, '956, '538, '190, '316, '914, or '575 patents ("patents-in-suit") literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

### Patent Invalidity

2.  Upon information and belief, each of the claims of the patents-in-suit is invalid for failing to comply with one ore more of the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, 112, and/or 185, and the rules, regulations, and laws pertaining thereto.

### Prosecution History Estoppel

3.  Upon information and belief, because of proceedings in the PTO during the prosecution of the applications which resulted in the patents-in-suit, as shown by the respective prosecution histories thereof, FlashPoint is estopped from asserting a construction of any of the patents-in-suit that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by RIM Ltd., either literally or under the doctrine of equivalents.

### Bad Faith

4.  Upon information and belief, FlashPoint has brought this suit in bad faith making it an exceptional case, thereby entitling RIM Ltd. to its costs and attorneys fees pursuant to 35 U.S.C. § 285.

### No Irreparable Harm

5.  FlashPoint is not entitled to injunctive relief against RIM Ltd. because any alleged injury to FlashPoint as a result of RIM Ltd.'s alleged activities is not immediate or irreparable, and FlashPoint has an adequate remedy at law.

WHEREFORE RIM Ltd. prays that this Court dismiss FlashPoint's action against RIM Ltd. and enter judgment that FlashPoint take nothing on its claims against RIM Ltd. and award RIM Ltd. its attorneys' fees and costs of defending this action and such other and further relief as it may be entitled.

## COUNTERCLAIMS

### Parties

1.  Research In Motion Ltd. ("RIM Ltd.") is a corporation organized and existing under the laws of Canada, and that it has a place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

2.  Upon information and belief, FlashPoint Technology, Inc. ("FlashPoint") is a California corporation with its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458. As FlashPoint is the plaintiff in the above-captioned action, it may be served with a copy of this Counterclaim by serving this document in accordance with Rule 5 of the Federal Rules of Civil Procedure.

### Jurisdiction And Venue

3.    This Court has subject matter jurisdiction over RIM Ltd.'s counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1338 and 1331. FlashPoint is presently asserting that RIM Ltd. infringes one or more claims of U.S. Patent No. 6,223,190 ("the '190 patent") and is not presently asserting any other patents against RIM Ltd. (see FlashPoint's Amended Reply to RIM Ltd.'s Counterclaims, ¶ 9). A real, immediate, and justiciable controversy exists between RIM Ltd. and FlashPoint as to the invalidity and non-infringement of the '190 patent.

4.    As the plaintiff in the above-captioned lawsuit, FlashPoint has consented to jurisdiction and venue in this Court.

### Count 1: Declaratory Judgment of Patent Invalidity

5.    RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

6.    Upon information and belief, each of the claims in the '190 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

7.    Accordingly, RIM Ltd. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '190 patent is invalid.

### Count 2: Declaratory Judgment of Non-Infringement

8.    RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

9. Upon information and belief, RIM Ltd. has not infringed and does not infringe any of the claims of the '190 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

10. Accordingly, RIM Ltd. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any claim of the '190 patent.

### Count 3: Attorneys Fees and Costs

11. RIM Ltd. incorporates by reference each preceding allegation as though expressly stated herein.

12. RIM Ltd. is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling RIM Ltd. to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

### JURY DEMAND

13. RIM Ltd. demands trial by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff RIM Ltd. prays for the following relief:

(a) a declaration and judgment that the '190 patent is invalid;

(b) a declaration and judgment that the '190 patent is not infringed by RIM Ltd.;

(c) a declaration and judgment that this case is exceptional within the meaning of 35 U.S.C. § 285;

(d) an award of reasonable attorneys' fees and costs incurred by RIM Ltd. in this action; and

(e) such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter J. Chassman<br>Shane A. Nelson<br>Joshua S. Wyde<br>HOWREY LLP<br>1111 Louisiana, 25th floor<br>Houston, Texas 77002<br>Tel: (713) 787-1623<br><br>Dated: June 25, 2008<br>871328 / 32891 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendants Research In Motion Corporation and Research In Motion Limited* |

16